IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODOLFO GARZA, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:16-cv-00364 |
| | § | |
| UNIVERSAL HEALTHCARE SERVICES, | § | |
| INC. D/B/A UHS and SUBSIDIARIES, INC., | § | |

UNIVERSAL HEALTH SERVICES, INC.'S
MOTION TO TRANSFER VENUE

The defendant, Universal Health Services, Inc.[1] moves to transfer this case to the Southern District of Texas, McAllen Division, because McAllen is a more convenient forum and the plaintiff is simply forum shopping.

UHS has hospitals, records, employees, and potential key witnesses in McAllen, but none in Corpus Christi. The potential class members (i.e. patients) are in or near McAllen, not Corpus Christi. Counsel for both parties are located in McAllen. And, the plaintiff initiated and prosecuted a lawsuit regarding this case or controversy in Hidalgo County, Texas just last year.

## I.    ARGUMENTS & AUTHORITIES

A.    The McAllen Division is a proper venue.

The factors governing transfers in between districts also govern transfers in between divisions of the same district.[2] The court may transfer this case to McAllen Division "for the convenience of parties and witnesses" (the private interests) and "in the interest of justice" (the public interests).[3] This case can be transferred to any other division where it might have been brought.[4] The Southern District of Texas, McAllen Division, serves Hidalgo County. Hidalgo

---

[1] Hereinafter "UHS." The caption incorrectly names the defendant and the assumed name.
[2] In re Radmax, Ltd., 720 F.3d 285, 288 (5th Cir. 2013).
[3] 28 U.S.C.A. § 1404(a).
[4] Id.

County is where UHS is subject to personal jurisdiction and therefore deemed to reside.[5] Hidalgo County is also where the plaintiff admits the allegedly offending hospital lien was filed.[6] Therefore, this case would properly have been brought in the Southern District of Texas, McAllen Division.

B.      The McAllen Division is more convenient for all parties.

When considering a motion to transfer venue, the private interest factors include

- The plaintiff's choice of forum;

- The convenience of the parties;

- The convenience of key witnesses;

- The cost and ability to compel attendance of witnesses;

- Accessibility of evidence; and

- Other practical issues.[7]

All of these factors weigh in favor of transfer to the McAllen Division.

1.  The plaintiff's choice of Corpus Christi is not given deference under these circumstances.

Though the plaintiff's choice of forum is usually given deference unless clearly outweighed by the other factors, this deference is reduced when the operative facts did not occur in the chosen forum.[8] And, "a plaintiff's choice of venue is generally accorded less deference when the plaintiff seeks to represent a class of individuals."[9]

---

[5] 28 U.S.C.A. § 1391(b)(1), (b)(3), & (c)(2).
[6] Pl.'s Compl. at 6, ¶ 20. 28 U.S.C.A. § 1391(b)(2).
[7] *See* Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 581 n.6 (2013).
[8] Rimkus Consulting Group, Inc. v. Balentine, 693 F. Supp. 2d 681, 690 (S.D. Tex. 2010).
[9] Kervin v. Supreme Service & Specialty Co., Inc. No. 2:15-CV-102, 2015 WL 1540157, *1 (S.D. Tex. Apr. 7, 2015) (Ramos, J., Corpus Christ Division).

The plaintiff claims to reside in Jim Wells County, Texas.[10] That is the only link to the Corpus Christi Division. As for McAllen and Hidalgo County, according to the plaintiff:

- "Plaintiff arrives at *McAllen* Medical Center Emergency Department by Ambulance," receives medical treatment and is discharged.[11]

- "Plaintiff received, via U.S. mail, a bill from *McAllen* Medical Center . . . ."[12]

- "UHS directed Ms. Indonesia Gibson, an ALEGIS employee, to draft and sign a notice of hospital lien against Plaintiff . . . ."[13]

- "On information and belief, ALEGIS physically maintains offices and employees on the hospitals' premises."[14]

- "ALEGIS mailed the lien notice to the *Hidalgo* County Clerk's office using the United States Postal Service, paid a statutory recording fee, and directed the *Hidalgo* County Clerk to record the lien in the deed records of *Hidalgo* County, Texas."[15]

- "[Plaintiff] visited the emergency room of UHS' [sic] *McAllen* Medical Center . . . ."[16]

- "The Moore Law Firm alone has more than 3,000 clients in *Hidalgo* County and other counties within the State of Texas."[17]

- "Based on a statistical analysis of The Moore Law Firm clients compared to the more than 11,000 filed by UHS hospitals in *Hidalgo County* since 2003 . . . ."[18]

- "Mr. Moore is also the appointed Liaison Counsel in the Fraudulent Hospital Lien Litigation currently pending in *Hidalgo* County, Texas, which is limited to seven hospitals managed by South Texas Health System, a subsidiary of UHS, for fraudulent hospital liens filed only in *Hidalgo* County, Texas."[19]

- "UHS directly and through its agents, made, presented, or used a hospital lien, filed said lien with the *Hidalgo* County Clerk . . . ."[20]

---

[10] Pl.'s Compl. at 3, ¶ 7.
[11] Pl.'s Compl. at 5, ¶ 17 (emphasis added).
[12] Pl.'s Compl. at 6, ¶ 18 (emphasis added).
[13] Pl.'s Compl. at 6, ¶ 20.
[14] Pl.'s Compl. at 6, n.6.
[15] Pl.'s Compl. at 6, ¶ 20 (emphasis added).
[16] Pl.'s Compl. at 13, ¶ 43 (emphasis added).
[17] Pl.'s Compl. at 14, ¶ 45 (emphasis added).
[18] Pl.'s Compl. at 14, ¶ 45 (emphasis added).
[19] Pl.'s Compl. at 19, ¶ 58 (emphasis added). Contrary to the plaintiff's quoted statement, Mr. Moore actually began adding cases from outside Hidalgo County into the MDL. *Laredo Tex. Hosp. Co. v. Sanchez*, No. 2016CVF651D1 (49th Dist. Ct. of Webb County, Tex.) (attached as Exhibit A).
[20] Pl.'s Compl. at 24, ¶ 72 (emphasis added).

In contrast, the plaintiff cannot allege that UHS has any hospital in Corpus Christi, any agents in Corpus Christi, or has filed any liens in Corpus Christi because none of those are true.[21] None of the acts alleged occurred in the Corpus Christ Division.

As further proof that the plaintiff's choice of forum should have no deference, the plaintiff actually availed himself of Hidalgo County District Court when he filed *Rodolfo Garza v. McAllen Hospitals, L.P. et al*, No. C-2660-15-G (370th District Court, June 23, 2015), pleading the same grievances arising out of the same lien forming the basis of this lawsuit.[22] The plaintiff even served discovery requests and expert reports in his Hidalgo County lawsuit. The plaintiff kept the Hidalgo County lawsuit open until he nonsuited it on May 24, 2016.[23] Hidalgo County was convenient for the plaintiff just a few months ago, and he should be estopped from arguing it is inconvenient now.

Judicial estoppel is an equitable doctrine aimed at "protect[ing] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."[24] A party can be estopped from asserting that one venue is inconvenient where it previously argued the opposite in a separate case.[25] Here, the plaintiff did much more than advocate for venue in McAllen in his prior case, he availed himself of that venue and its judicial resources to prosecute his litigation there.

Therefore, the Court should give the plaintiff's choice of forum no deference because Corpus Christi has no meaningful ties to this lawsuit, because the plaintiff purports to represent a class of

---

[21] Item 2, Universal Health Services, Inc.'s 10-K Form 10-K for year ending Dec. 31, 2016, available at https://www.sec.gov/Archives/edgar/data/352915/000156459016013375/uhs-10k_20151231.htm. FED. R. EVID. 902.

[22] Exhibit B.

[23] Exhibit C.

[24] New Hampshire v. Maine, 532 U.S. 742, 749–50 (2001).

[25] *See* Copley v. Wyeth, Inc., No. 09-722, 2009 WL 2160640, *2–3 (E.D. Penn. July 18, 2009) (stopping short of applying judicial estoppel when the party argued in the other case that Pennsylvania was a permissible venue and the question at bar was whether Pennsylvania was the only proper venue for all future litigation).

individuals defined so that none received medical treatment from UHS in this division, and because he has previously chosen McAllen as the forum for these same claims.

    2.  <u>The McAllen Division is more convenient for all the parties, potential key witnesses, and evidence.</u>

As shown by the plaintiff's purposeful availment of Hidalgo County District Court, the McAllen Division is at least equally convenient for the plaintiff as Corpus Christi. In the MDL pending in Hidalgo County featuring the same plaintiff, the same plaintiff's counsel, complaining of the same hospital lien, the other MDL plaintiffs were almost all Hidalgo County residents.[26] The Hidalgo-centric plaintiffs numbered over 240 and many will likely be putative class members. In contrast, the Corpus Christi putative class members would be zero because UHS has no facility here and thus provided no treatment here.

As for UHS, it has no hospitals, offices, employees, agents, records, or potential witnesses in Corpus Christi.[27]

The plaintiff's counsels are located in McAllen, Brownsville, and San Antonio, Texas.[28] Not only their offices significantly closer to the McAllen Division, but most of them have actually appeared in the MDL pending in Hidalgo County. They simply cannot assert that Corpus Christi is more convenient for them.

UHS's undersigned counsel is in McAllen. The following chart summarizes the balance of factors between the McAllen and Corpus Christi Divisions:

---

[26] *See* Ex. D at 1 and at App'x A (Movants-Plaintiffs' Motion to Transfer to Multidistrict Litigation Pretrial Court).
[27] *See supra* note 21.
[28] Sarmiento v. Producer's Gin of Waterproof, Inc., <u>439 F. Supp. 2d 725</u>, 732 (S.D. Tex. 2006) ("The relevant factors include . . . the location of counsel . . .").

| | McAllen Division | Corpus Christi Division |
|---|:---:|:---:|
| The plaintiff's convenience | ✓ | ✓ |
| The plaintiff's counsel convenience | ✓ | |
| UHS counsel's convenience | ✓ | |
| The allegedly fraudulent lien | ✓ | |
| The treating hospital | ✓ | |
| UHS's other hospitals | ✓ | |
| UHS's employees | ✓ | |
| UHS's records | ✓ | |
| UHS's other liens | ✓ | |
| Other potential class members | ✓ | |

C.      Transfer to the McAllen Division serves the public interest.

The public interest factors for a motion to transfer venue include, (1) administrative difficulties flowing from court congestion, (2) the local interest in having localized controversies decided at home, (3) the familiarity with of the forum with the governing law, and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law.[29]

The Corpus Christi Division has three judges, two of which are on senior status. Judge Tagle helps with the Corpus Christi case load in addition to her Brownsville duty station, and is also on senior status. By comparison, the McAllen Division also has three judges, but none has senior status. Thus the public interest factor of comparing each division's judicial resources and caseloads favors transfer.

As seen above, Corpus Christi has virtually no connection to the dispute because UHS's hospitals, the plaintiff's treatment, and the lien at issue point to McAllen and Hidalgo County, not Corpus Christi.

---

[29] Weber v. PACT XPP Techs., AG, 811 F.3d 758, 776 (5th Cir. 2016).

UHS does not argue that the Corpus Christi and McAllen Divisions have different familiarity with the governing law, or implicate conflicts or foreign law.

Respectfully submitted,

MCGLINCHEY STAFFORD PLLC

By:     /s/ *Joel W. Mohrman*
        Joel W. Mohrman
        Federal I.D. No. 5165
        jmohrman@mcglinchey.com
        McGlinchey Stafford PLLC
        1001 McKinney, Suite 1500
        Houston, Texas 77002
        Telephone:  713-520-1900
        Facsimile:   713-520-1025

*Attorneys for Defendant*
*Universal Health Services, Inc.*

OF COUNSEL:

Jeffrey R. Seewald
jseewald@mcglinchey.com
State Bar No. 17986640
Anderson L. Cao
acao@mcglinchey.com
Federal I.D. No. 30284
McGlinchey Stafford PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: 713-520-1900
Facsimile: 713-520-1025

Gerald E. Castillo
gcastillo@valleyfirm.com
Ezequiel Moya, Jr.
emoya@valleyfirm.com
Gonzalez Castillo, LLP
1317 E. Quebec Avenue
McAllen, Texas 78503
Telephone:  956-618-0115
Facsimile:   956-618-0445

7

## CERTIFICATE OF SERVICE

The foregoing has been served on all counsel of record electronically via the CM/ECF filing system.

/s/ *Joel W. Mohrman*
Joel W. Mohrman