IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODOLFO GARZA, RAQUEL ALVARADO, LAURA BOSON, EDUARDO CANTU, MARIA DEL CARMEN FERNANDEZ, RUBIE GONZALEZ, EUDELIA GUERRERO, DEAN GUSTIN, JESUS LEIJA, JOSE MORA, LUIS SALAZAR, AND ENCARNACION SALINAS JR., *Plaintiffs,* | § | C.A. NO. 2:16-CV-00364 **(JURY TRIAL REQUESTED)** |
| VS. | § | |
| UNIVERSAL HEALTH SERVICES, INC. D/B/A UHS, UHS OF DELAWARE, INC., AND SUBSIDIARIES, INC. *Defendants*. | § | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE TAGLE:**

**NOW COMES**, Plaintiffs Rodolfo Garza, Raquel Alvarado, Laura Boson, Eduardo Cantu, Maria Del Carmen Fernandez, Rubie Gonzalez, Eudelia Guerrero, Dean Gustin, Jesus Leija, Jose Mora, Luis Salazar, and Encarnacion Salinas Jr., and file this Second Amended Complaint complaining of Defendants herein, Universal Health Services, Inc. d/b/a UHS, UHS of Delaware, Inc., and Subsidiaries, Inc. and in support thereof would respectfully show unto the Court and Jury the following:

## I. INTRODUCTION

1. Rodolfo Garza, Raquel Alvarado, Laura Boson, Eduardo Cantu, Maria Del Carmen Fernandez, Rubie Gonzalez, Eudelia Guerrero, Dean Gustin, Jesus Leija, Jose Mora, Luis Salazar, and Encarnacion Salinas Jr., seek to certify a class action against Defendants

Universal Health Services, Inc., UHS of Delaware, Inc., and Subsidiaries, Inc. (collectively "UHS") for violations of the Racketerring Influenced Corrupt Organizations ("RICO") Act[1], Texas Hospital Lien Statute[2], Texas Fraudulent Lien Statute[3], and the Texas Fair Debt Collection Practices Act[4].

2.      This case involves the fraudulent practice of UHS's hospitals' placement and filing of unlawful and fraudulent liens against emergency room ("ER") patients who are represented by Corpus Christi attorneys, and who have not been admitted into the hospital, in violation of Texas law and Federal law.  On information and belief, UHS targets accident victims who may have potential personal injury claims against third parties, places illegal liens against them, and then hijacks the patients' personal injury claims through use of the liens in order to recover more than the reasonable and regular rate of its services.

3.      Specifically, Defendants UHS entered into an enterprise with Turek Devore P.C. ("TUREK"), whose owners individually owned, controlled, and managed Alegis Revenue Group LLC ("ALEGIS") in order to file and collect unlawful liens against accident victims who were treated at its hospitals but were never admitted into the hospitals, by filing and recording said liens with the absolute knowledge that the liens were fraudulent and unlawful. Defendant UHS also entered into an enterprise with Cardon Healthcare Network, Inc., ("CARDON") in order to file and collect unlawful liens against accident victims who were treated at its hospitals but were never admitted into the hospitals, by filing and recording said liens with the absolute

---

[1] 18 U.S.C. § 1962.
[2] TEX. PROP. CODE. ANN. § 55.
[3] TEX. CIV. PRAC. & REM. CODE § 12.002.
[4] TEX. FIN .CODE. ANN. § 392.

knowledge that the liens were fraudulent and unlawful.[5] UHS, through its agents TUREK, ALEGIS, and CARDON, sought to collect unlawful liens from Plaintiffs through their Corpus Christi-based personal injury attorneys.

4. Plaintiffs (and their rightful agents) justifiably relied on UHS and its associates' fraudulent representations and omissions made pursuant to this scheme in that, among other things, Plaintiffs paid the amounts demanded to release the lien, in order for their personal injury claims to settle.

5. Defendants and its associates commonly and repeatedly engage in this pattern of behavior, and there are thousands of victims similarly situated to Plaintiffs. Upon information and belief, UHS's hospitals knowingly create false liens against emergency room patients who have been in an accident attributable to third parties, and who have minor injuries. These patients **do not** have injuries that would lead a prudent layperson possessing an average knowledge of medicine and health to believe that the condition, illess, or injury is of such a nature that failure to obtain immediate medical care would in all reasonable proability seriously jeopardize the patient's health, seriously impair one or more bodily functions, seriously harm an organ or other part of the body and/or cause serious disfigurement or in the case of a pregnant woman, seriously jeopardize the health of the fetus—therefore, the injuries of these patients do not meet the requirements for placing a hospital lien. TEX. PROP. CODE ANN. § 55.004. Specifically, at the direction of UHS, ALEGIS (owned, controlled, and managed by TUREK during the events at issue), screens the emergency room patient for insurance, and, among other things, the patient's ability to recover damages from responsible parties, i.e. personal injury claims. UHS then bills the patient at an inflated rate. Defendants or its agents then files a lien against the patient for the

[5] Since the events at issue in this case took place, ALEGIS and CARDON were purchased by MedData, Inc.; ALEGIS in September 2015, and CARDON in June 2016.

amount of inflated bills, and transmits fraudulent documents and demands through the mail and/or by wire via interstate facsimile and e-mail communications.

6.      Defendants' actions constitute fraud (including mail and wire fraud), racketeering, extortion, and unfair debt collection.   Defendants' actions have caused Plaintiffs to suffer financial injury and/or mental anguish or emotional distress.

## II.      PARTIES

7.      Rodolfo Garza is a United States citizen who is a resident of Ben Bolt, Jim Wells County, Texas.

8.      Raquel Alvarado is a United States citizen who is a resident of Weslaco, Hidalgo County, Texas.

9.      Laura Boson is a United States citizen who is a resident of McAllen, Hidalgo County, Texas.

10.      Eduardo Cantu is a United States citizen who is a resident of Pharr, Hidalgo County, Texas.

11.      Maria Del Carmen Fernandez is a United States citizen who is a resident of Mission, Hidalgo County, Texas.

12.      Rubie Gonzalez is a United States citizen who is a resident of McAllen, Hidalgo County, Texas.

13.      Eudelia Guerrero is a United States citizen who is a resident of Edinburg, Hidalgo County, Texas.

14.      Dean Gustin is a United States citizen who is a resident of Alamo, Hidalgo County, Texas.

15.     Jesus Leija is a United States citizen who is a resident of Alton, Hidalgo County, Texas.

16.     Jose Mora is a United States citizen who is a resident of San Juan, Hidalgo County, Texas.

17.     Luis Salazar is a United States citizen who is a resident of McAllen, Hidalgo County, Texas.

18.     Encarnacion Salinas Jr. is a United States citizen who is a resident of Donna, Hidalgo County, Texas.

19.     Universal Health Services, Inc. d/b/a UHS Subsidiaries, Inc. is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, maintaining agents and agencies within the State of Texas and regularly transacting business within the State of Texas and this District. Its principal place of business is located at: 367 South Gulph Rd., King of Prussia, PA, 19406. Service of Process on said Defendant can be maintained by serving this Complaint on said Defendant's registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201-3136. UHS operates through numerous subsidiaries, including South Texas Health System, which oversees UHS's facilities in South Texas. McAllen Hospitals, L.P. d/b/a McAllen Medical Center is a UHS facility.

20.     UHS of Delaware, Inc., is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, maintaining agents and agencies within the State of Texas and regularly transacting business within the State of Texas and this District. Its principal place of business is located at 367 South Gulph Road, King of Prussia, PA, 19406. UHS of Delaware, Inc. operates as a subsidiary of Universal Health Services, Inc, and is responsible for the management of the company. Service of Process on said Defendant can be maintained by

serving this Complaint on said Defendant's registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201-3136.

21. Universal Health Services, Inc., UHS of Delaware, Inc., and all other subsidiaries are hereinafter collectively referred to as "UHS."

**III. NON-PARTIES**

22. Turek Devore, P.C. ("TUREK") is a domestic professional corporation, organized and existing under the laws of the State of Texas.

23. Alegis Revenue Group LLC ("ALEGIS") is a domestic limited liability company, owned by TUREK, organized and existing under the laws of the State of Texas, previously doing business as Meridan.

24. Cardon Healthcare Network, Inc. ("CARDON") is a domestic corporation, organized and existing under the laws of the State of Texas.

25. ALEGIS and CARDON were purchased by MedData, Inc.; ALEGIS in September 2015, and CARDON in June 2016. MedData, Inc. is a foreign for-profit corporation, oranganized and existing under the laws of the State of California, maintaining agents and agencies within the State of Texas and regularly transacting business with the State of Texas and this District.

**III. JURISDICTION AND VENUE**

26. This is a civil action arising under 18 U.S.C §§ 1962 and 1964(c) of the Racketeering Influenced and Corrupt Organizations Act. As such, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of all state claims asserted herein pursuant to 28 U.S.C. § 1367.

27.     This Court also has diversity jurisdiction over this case because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C.A. § 1332.

28.     This Court has jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conducting activities within this District and the State of Texas, and the exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

29.     Defendants UHS contracted by mail or otherwise with TUREK, ALEGIS, and CARDON, Texas residents, and TUREK, ALEGIS, and CARDON were to perform the contract in whole or in part in this state. Furthermore, Plaintiff would show that Defendants, while engaged in activities constituting business within this District and the State of Texas, committed a tort in whole or in part within the District and Texas.

30.     Venue is proper in this Court because Defendants transact their affairs in this District. 18 U.S.C. § 1965. Venue is likewise proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District. The acts of commission detailed herein and the activities and conduct of said Defendants giving rise to this lawsuit occurred in Corpus Christi, Nueces County, Texas, which is within the geographical confines of the Southern District of Texas. Moreover, many potential witnesses are located in Corpus Christi, Texas, and would be unable to be subpoenaed outside of their home district. Accordingly, venue is proper in the Southern District of Texas—Corpus Christi Division.

## IV. FACTUAL BASIS OF CLAIM

31. All twelve (12) named Plaintiffs were treated by UHS hospitals and had liens placed against them for bills from such treatment.

32. Notably, on or about January 5, 2012, Plaintiff, Rodolfo Garza ("Garza") was involved in a motor vehicle collision. Garza presented and was treated in UHS's McAllen Medical Center's emergency room.

33. The timeline of medical treatment Garza received at McAllen Medical Center is as follows:

| **Time** | **Description of Services** |
|---|---|
| 20:00 (8:00 PM)- | Plaintiff arrives at McAllen Medical Center Emergency Department by ambulance. The time of injury is noted as 19:30 (7:30PM). Activation of Trauma Team – 19:30 (7:30PM) Assigned Emergency Room No. 17 and ED Dr. Mahbubani – 19:30 (7:30 PM). Trauma protocol activated prior to triage. (Trauma Flow Sheet). |
| 20:10 (8:10 PM)- | Triaged by Nurse Mark Barnes at 8:10PM on 1/5/2012: Injury Rt. Ribs/Neck Pain – Patient reportedly refused SMR and was ambulatory (walking on his own) at the scene – Pain level noted at 6 of 10. (Nurses Notes). |
| 21:00 (9:10 PM)- | Taken by stretcher to CT (Nurses Notes). |
| 21:25 (1925 PM)- | Returned from CT to Rm. (Nurses Notes). |
| 22:00–20:50 (10:00 – 10:50 PM) - | Morphine IV (Trauma Flow Sheet). |
| 23:00 (11:00 PM) - | Ondaset IV (Trauma Flow Sheet) (No end time reported). |
| 23:07 (11:07 PM) - | Radiology provides Preliminary Report to hospital via fax – no injuries. |
| 23:35 (11:35 PM) - | Discharged – note from Nurse Barnes – patient states he feels much better – no acute distress. IV Removed. |

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 10 of 131

23:35 (11:35 PM) - Garza walks out of the Emergency Department on his own, not[6] admitted to the hospital within 72 hours of the accident.

34. In mid-January, Garza received, via U.S. mail, a bill from McAllen Medical Center in the amount of $31,129.00 for his three-hour visit.

35. Thereafter, on January 17, 2012, ALEGIS sent a letter to Garza notifying him that it was placing a lien in the amount of the hospital bill ($31,129.00) against him, even though the lien had not been drafted or filed at that time.

36. On or about January 18, 2012, UHS directed Ms. Idomeia Gibson, an ALEGIS employee[7], to draft and sign a notice of hospital lien against Garza for the amount of $31,129.00. (*See* Exhibit A, Hospital Liens). ALEGIS mailed the lien notice to the Hidalgo County Clerk's office using the United States Postal Service ("U.S. Postal Service"), paid a statutory recording fee, and directed the Hidalgo County Clerk to record the lien in the deed records of Hidalgo County, Texas. Clerk's File Recording No. 2275486.

37. On or about February 6, 2012, Garza hired the Law Offices of Thomas J. Henry, located in Corpus Christi, Texas, to file a personal injury claim against the party responsible for the motor vehicle accident. Using the U.S. Postal Service and interstate wires, Defendants and their associates began and continued to repeatedly contact Garza's personal injury counsel through various means of communication including U.S. mail, telephone calls, and e-mail transmissions, in an attempt to interefere in the settlement process and collect upon their fraudulent lien.

---

[6] The nurse's notes reflect only three entries: the initial assessment by Nurse Barnes of the patient, and two notes reflecting that Mr. Garza was taken to have a CT scan and returned to the ER. There were no notes reflecting treatment or examination by Dr. Mahbulani or any other medical treatment for any injuries. Additionally, according to the medical records of McAllen Medical Center, none of the X-rays taken were even read by Dr. Cook, the radiologist, or reviewed by another physician prior to Plaintiff walking out of the ER. The x-rays were not read or reported to the ER Department until the following day.

[7] On information and belief, ALEGIS physically maintains offices and employees on the hospitals' premises.

38. Similary situtated to Garza are the following named Plaintiffs[8]:

| Name | Hospital Lien | Personal Injury Attorney Hired |
|---|---|---|
| Raquel Alvarado | Filed by ALEGIS | Sico, Hoelscher, Harris & Braugh<br>Located in Corpus Christi, Texas |
| Laura Boson[9] | Filed by ALEGIS | Celso Rodriguez<br>Located in Corpus Christi, Texas |
| Eduardo Cantu | Filed by TUREK | Guajardo Law Firm<br>Located in Corpus Christi, Texas |
| Maria DelCarmen Fernandez | Filed by CARDON | Gabi Canales<br>Located in Corpus Christi, Texas |
| Rubie Gonzalez | Filed by ALEGIS | Bonilla & Chapa, P.C.<br>Located in Corpus Christi, Texas |
| Eudelia Guerrero | Filed by Meridian[10] | Herrman & Herrman, P.L.L.C.<br>Located in Corpus Christi, Texas |
| Dean Gustin | Filed by ALEGIS | Bonilla & Chapa, P.C.<br>Located in Corpus Christi, Texas |
| Jesus Leija | Filed by Meridian | Hastings Law Firm<br>Located in Corpus Christi, Texas |
| Jose Mora | Filed by ALEGIS | Webb Cason, P.C.<br>Located in Corpus Christi, Texas |
| Luis Salazar | Filed by ALEGIS | Bonilla & Chapa, P.C.<br>Located in Corpus Christi, Texas |
| Encarnacion Salinas Jr. | Filed by Meridian | Huerta Guerra & Beam Law Firm<br>Located in Corpus Christi, Texas |

39. Using the U.S. Postal Service and interstate wires, Defendants and their associates began and continued to repeatedly contact Plaintiffs' personal injury counselors through various means of communication including U.S. mail, telephone calls, and e-mail transmissions, in an

[8] *See* Exhibit A, Hospital Liens.
[9] Notably, Ms. Boson's visit lasted all of 58 minutes. *See* Exhibit C, Boson Trauma Flow Worksheet.
[10] ALEGIS previously did business as Meridian Revenue Solutions, LLC.

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 12 of 131

attempt to interefere in the settlement process and collect upon their fraudulent lien. *See* Exhibit B, Records of Contact.

40. According to its website, Defendants UHS is one of the largest health care management companies in the United States.[11] In Texas it operates, through its facilities, more than 33 acute care hospitals, behavioral health facilities and ambulatory centers.[12] All of its hospitals are under the same corporate umbrella, and they follow similar policies.[13] In fact, upon information and belief, all hospitals under UHS' parent corporation status use these same uniform business practices.[14]

***The Texas Hospital Lien Statute***

41. Texas Property Code Section 55.002 gives a hospital the ability to collect payment for certain services through a lien on an individual's cause of action or claim against a third party. TEX. PROP. CODE ANN. § 55.002 (West 2015). Once a lien is filed and recorded in the county clerk's office, statutory notice is given to the patient that any claim or cause of action against a third party for their injuries is subject to the lien and cannot be settled or resolved without first satisfying the lien. *Id.* §§ 55.005; 55.007.

42. A hospital lien is authorized, however, only when the individual is "admitted" to the hospital for inpatient treatment:

> A hospital has a lien on a cause of action or claim of an individual who receives hospital services for injuries caused by an accident that is attributed to the negligence of another person. For the lien to attach, the individual must be *admitted to a hospital not later than 72 hours after the accident.*

[11] Universal Health Services, Inc., http://www.uhsinc.com/about-us/ (last visited Aug. 9, 2016).
[12] *Id.*
[13] *See* Transcript of June 2016 Hearing, *In Re: Fraudulent Hospital Lien Mutlidistrict Litigation*, MDL No. 15-0360
[14] In June 2015, a study published in Health Affairs ranked the 50 most expensive hospitals in the country. UHS hospitals in South Texas ranked No. 48 for charging patients on average 9.2 times the cost of the procedure across its 816 beds. *See* Ge Bai & Gerard F. Anderson, *Extreme Markup: The Fifty U.S. Hospitals With the Highest Charge-To-Cost Ratios*, HEALTH AFFAIRS, June 2015 vol. 24 n.6, at 922.

TEX. PROP. CODE ANN. § 55.002(a) (West 2015) (emphasis added).

***UHS's Scheme to Defraud Uninsured Patients***

43. On information and belief, UHS entered into an agreement with TUREK, ALEGIS[15], and CARDON to file fraudulent hospital liens. The agreement is to collect overpriced hospital facility services provided by UHS-affiliated hospitals to accident victims, who are not seriously injured enough for admission into the hospital. UHS, through ALEGIS, TUREK, and CARDON uses the fraudulent hospital liens to defraud and extort money from accident victims, attorneys that represent accident victims, and third party automobile insurance companies, who are unable to settle or resolve personal injury actions until the liens are satisfied or released.

44. For example, upon information and belief, ALEGIS maintains an office and employees inside some UHS hospitals. These employees screen and identify: (1) whether patients qualify for federal programs such as Medicaid and Medicare; (2) whether they are insured under managed-care contracts the hospital has with third parties, such as Blue Cross; or (3) whether the person would potentially be a plaintiff in a personal injury case. Upon information and belief, if the patient has a potential personal injury claim, these employees do not bill Medicaid, Medicare, or a health insurance company, who pay fair market value for that same services. Instead, they file a hospital lien against the patient and attempt to collect the full amount, all the while knowing the patient was not admitted into the hospital for medical treatment as required by Chapter 55 of the Texas Property Code. TEX. PROP. CODE ANN. § 55 (West 2015).

[15] Defendants initially contracted with Meridian Revenue Solutions, LLC, which merged into Alegis Revenue Group, LLC in 2011.

***Plaintiffs are harmed by the scheme to defraud***

45. Upon information and belief, UHS's scheme to defraud uninsured patients involved in an accident is activated prior to a patient's arrival at the hospital. Paramedics responding to the scene of an accident notify the hospital emergency department personel that a patient is going to be transported to the emergency room, regardless of the medical condition of the patient. In this case, Garza was reported by paramedics to be ambulatory at the scene of the accident and refused spine immobilization via stretcher or c-collar. Additionally, there was no reported loss of consciousness. Yet, the nursing staff—not the emergency room physician—instituted a trauma protocol before Plaintiff ever entered the emergency room or received evaluation by a physician. *See* Exhibit D, Garza Trauma Flow Worksheet.

46. The charges for hospital services were not only unnecessary, but outrageously excessive and overpriced. For example, Garza received two IV pushes—one for Morphine and one for Ondaset—and the hospital charged $398 each time they injected the medication into an IV catheter previously placed in in Garza's vein. The hospital charged $616 for a syringe of dye to perform a CT Scan that was not medically necessary, and laboratory charges of $2,414 that were likewise unnecessary, the cost of all of which was excessive.

***Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343)***

47. From January 2012 to November 2013, UHS, through ALEGIS, TUREK, and CARDON, engaged in a scheme to unlawfully obtain Plaintiffs' money and property. UHS knowingly devised or knowingly participated in a scheme or artifice to defraud Plaintiffs or to obtain the money or property of Plaintiffs by means of false or fraudulent pretenses, representations, promises or omissions.

48. UHS could foresee that the U.S. Postal Service and interstate wires would be used "for the purpose of" advancing, furthering, executing, concealing, conducting, participating in or carrying out the scheme, within the meaning of 18 U.S.C. §§ 1341 and 1343.

49. In particular, UHS knew or could foresee that the U.S. Postal Service and interstate wires would be used to receive and/or deliver, *inter alia*, communications for the purpose of generating money due to over-treating and overbilling Plaintiffs and then for using the fraudulently recorded hospital lien to defraud and extort money from Plaintiffs' personal injury claim against the third party. Each call, fax, and e-mail constituted a demand for payment of the lien amount. The communications contained fraudulent misrepresentations and extortionate demands, on which Plaintiffs relied to their detriment by acquiescing in the unlawful collection activity and paying cash to obtain a release of the fraudulently recorded hospital lien.

50. UHS, acting alone and in concert, personally or through its agents, used the U.S. Postal Service and interstate wires or caused the U.S. Postal Service or interstate wires to be used "for the purpose of" advancing, furthering, executing, concealing, conducting, participating in, or carrying out a scheme to defraud Plaintiffs, within the meaning of 18 U.S.C. §§ 1341 and 1343.[16]

51. At least 49 other patients have been identified whose personal injury settlements were reduced and/or eliminated by Defendants' fraudulent and ongoing practices.[17] Upon information and belief, some of the wire communications described above occurred between

[16] It is not possible for the Plaintiff to plead with particularity all instances of mail and wire fraud that advanced, furthered, executed, and concealed the scheme because the particulars of many such communications or omissions are within the exclusive control and within the exclusive knowledge of UHS and other presently unknown individuals. Examples of how UHS specifically used the U.S. Postal Service or interstate wires or caused the U.S. Postal Service or interstate wires to deliver each and every telephone call, email, and letter described herein, for the purpose of advancing, furthering, executing, and concealing the scheme to defraud Plaintiffs are outlined in Appendix A.

[17] *See* Exhibit E, Moore Law Firm Price-Gouging Clients.

persons in the same state but crossed interstate borders by reason of the technology and other mechanisms used to transmit the communication.

52. Each and every use of the U.S. Postal Service or interstate wires described above was committed by UHS, through ALEGIS, TUREK, and CARDON, with the specific intent to defraud the Plaintiff or for obtaining the money or property of Plaintiffs by means of false or fraudulent pretenses, representations, or promises. UHS, ALEGIS, TUREK, and CARDON's acts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 constitute racketeering activity as defined by 18 U.S.C. § 1961(1)(B).

53. Plaintiffs (and their rightful agents) justifiably relied on UHS, ALEGIS, TUREK, and CARDON'S fraudulent representations and omissions made pursuant to the above-described scheme in that, among other things, Plaintiffs paid amounts demanded to release the lien, to allow their personal injury claims to settle.

54. Through their coercive collection activities, using the U.S. Postal Service and interstate wires, UHS wrongfully appropriated funds rightfully belonging to Plaintiffs through the use of fraud, extortion, coercion, and instilling a fear of economic injury.

55. UHS's collection activities threatened serious economic harm to Plaintiffs. Given that the lien was but a portion of Plaintiffs' outstanding bills, UHS's hijacking of the settlement process threatened and caused substantial financial consequences for Plaintiffs. For example, at least one of Garza's outstanding bills was not timely paid, and in April 2013, Garza had bills referred to a collection agency, which was reported on Garza's credit report.

56. From the time period beginning May 19, 2009 up to and including October 9, 2013, UHS, through ALEGIS, TUREK, and CARDON engaged in the following acts forming the factual basis of Plaintiffs' claims for relief herein:

a.  Fraudulently claiming that the amount of the debt due was the amount for emergency room services and that said amount was the reasonable and regular rate for such services as required to maintain a hospital lien against Plaintiffs' third-party personal injury claims, when in fact the reasonable and regular rate for such services was significantly lower (*See* Exhibit F, Expert Report of Marc Chapman (Detailing how Rodolfo Garza was charged of $31,129.00, when the reasonable and regular rate of such services was the sum of $5,716.03));

b.  Fraudulently concealing the hospital's policy of what an admission to the hospital is through the use of privileges;

c.  Fraudulently claiming entitlement to a lien against Plaintiffs' third-party personal injury claim, where Plaintiffs were never admitted to the hospital as required by the hospital lien statute;

d.  Fraudulently misrepresenting UHS's right to prevent settlement of Plaintiffs' third-party personal injury claim based on the hospital lien, where UHS had no right to file the hospital lien as Plaintiffs were not admitted to the hospital within 72 hours after the accident causing their injuries, and claiming the lien was for the "reasonable and regular" rate when it was not;

e.  Deceptive acts and practices by fraudulently misrepresenting that a debt in the amount claimed was in fact due, and filing the hospital lien filed against Plaintiffs and their third-party personal injury claim, preventing Plaintiffs from settling said third-party claim, to extort sums from Plaintiffs that the Hospital was not legally entitled to collect through the use of the lien;

f.  Filing a fraudulent hospital lien, and using the mail and wires, intending to generate money for continuing the scheme to extort from Plaintiffs' third-party personal injury claim.

g.  Fraudulently extorting unreasonable sums from Plaintiffs' personal injury recovery through the use of hospital liens and engaging in coercive and fraudulent misrepresentations and demands as listed above through the use of the U.S. Mail and Wires.  (*See* Exhibit F, Expert Report of Marc Chapman)

***Continuing pattern or practice***

57. Upon information and belief, UHS operates and manages its business arrangement with TUREK, ALEGIS, and CARDON to fraudulently file hospital liens against patients of the UHS-affiliated hospitals who had been involved in accidents but who were seen only in the emergency room and who were never actually admitted into the hospital. UHS, through TUREK, ALEGIS, and CARDON, accomplished this scheme though the use of the mail and interstate wires via facsimile transmission.[18] At least 49 other patients have been identified whose personal injury settlements were reduced and/or eliminated by UHS's fraudulent practices.[19]

58. Plaintiffs sustained financial injury to their property as a result the organized, systematic acts of racketeering and use of extortion of converting false hospital liens into US currency. *See* Appendix A, Timeline of Contact Using U.S. Mail and/or Interstate Wires.

## VI. THE CLASS OF CLAIMS OF THOSE SIMILARLY SITUATED AND PROPOSED TO BE REPRESENTED BY PLAINTIFF

59. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and all others similarly situated, as representative of the following class:

> All persons who received emergency room hospital services from a UHS owned, leased and/or managed hospital located within the State of Texas who were involved in an accident, but were not admitted to the hospital within 72 hours of the accident for which the patient sought emergency medical services and against whom UHS filed a hospital lien.

---

[18] *U.S. vs. Samuels,* 546 Fed. Appx. 343, 344 (5th Cir. 2013).

[19] *See* Exhibit E, Moore Law Firm Price-Gouging Clients.

***<u>FRCP 23(a) - Plaintiffs' Representation of the Proposed Class</u>***

60. Plaintiffs re-allege and re-plead all of the material allegations set forth in paragraphs 1 through 59, and incorporates the same by reference as if fully set forth herein.

61. As pleaded herein, no named Plaintiff was admitted into the hospital. For example, as illustrated above, Plaintiff Rodolfo Garza visited the emergency room of UHS' McAllen Medical Center ("MMC") <u>for less than 3 ½ hours</u>. Because he was involved in a motor vehicle accident, MMC initiated a full trauma protocol prior to Mr. Garza arriving at the emergency room despite the fact that Mr. Garza was reported by paramedics to be ambulatory (walking), to have no loss of consciousness, to have refused stabilization of the spine and have demonstrated no signs of serious injury. UHS then filed a fraudulent hospital lien against Mr. Garza's personal injury claim with the intent to cause financial injury to Mr. Garza by using the hospital lien to extort more than a reasonable and regular rate for the hospital services provided to Mr. Garza, even though Mr. Garza was never admitted to the hospital.

62. As previously demonstrated herein, UHS indiscriminately files hospital liens against accident victims and their potential third party personal injury claims in violation of Chapter 55 of the Texas Property Code with the intent to cause financial injury to those victims of accidents who are only seen in the emergency room department of its hospitals and who are not admitted into the hospital as an inpatient within 72 hours of the accident. These actions are prohibited by Chapter 12 of the Texas Civil Practices & Remedies Code, § 12.002, et seq. *See, infra* Count Two.

63. This identical fact pattern of fraudulent activity is played out hundreds of times each day, each month and each year by UHS related hospitals throughout the State of Texas. UHS began to employ this scheme of fraud and extortion against accident victims and third-party

insurance carriers since it entered into a services agreement with TUREK/ALEGIS in 2008. The Moore Law Firm alone has more than 3,000 clients in Hidalgo County and other counties within the State of Texas. Based upon a statistical analysis of The Moore Law Firm clients compared to the more than 11,000 liens filed by UHS hospitals in Hidalgo County since 2008, more than 91 percent of all liens filed in the State are fraudulent since they are related to non-admission, emergency room visits only.

64. The Moore Law Firm has acquired a database of the major counties where hospital trauma centers are located throughout the State and has identified, based upon information and belief and upon a statistical analysis of the current clients of the firm, that more than a hundred thousand (100,000) hospital liens have been fraudulently filed against unsuspecting accident victims throughout the State of Texas by UHS and other hospitals. These individuals of the proposed class are harmed by and subject to victimization by UHS and other hospitals that seek to and have extort[ed] funds from their personal injury settlements that these hospitals are not legally entitled to collect from.

65. Plaintiffs, and others similarly situated, as set forth herein are victims of this pattern of fraud and have sustained damages as a direct and proximate cause of the filing of these fraudulent hospital liens. The damages for each class member are identical as each proposed class member is entitled to receive as compensation for their damages $10,000.00 per violation for the filing of a fraudulent hospital lien or fraudulent claim, attorney's fees, and costs of suit and exemplary damages to be determined by the Court pursuant to Tex. Civ. Prac. & Rem. Code § 12.002(b).

66. As described below, this action satisfies the prerequisites of numerosity, commonality, typicality, and adequacy of representation required by Rule 23(a)(1),(2),(3) and (4)

of the Federal Rules of Civil Procedure. Additionally, class certification of the proposed class format is superior to other methods of adjudication and meets the four factors necessary to make that determination as set forth herein.

***<u>FRCP 23(a)(1) - Numerosity:</u>***

67. The proposed class members are located throughout the State of Texas and certain other non-resident class members from other states who were involved in an accident in Texas and who had visited a hospital emergency room without being admitted to the hospital.

68. The persons in the proposed class are so numerous that joinder of all members is impracticable. Although the exact number of class members is unknown to Plaintiff at this time, it is anticipated that the class is composed of at least 20,000 members or more. This estimate of the number of potential class members is based upon the real property records maintained by the various county clerks throughout the State of Texas where the hospital lien filings are made and the existing clients of the Moore Law Firm and other law firms who represent clients who have been defrauded by UHS and other hospitals.

***<u>FRCP 23(a)(2) - Commonality:</u>***

69. There are issues of law and fact common to the class. The common issues of law and fact which control the outcome in each individual class member's TCRP Chapter 12 Fraudulent Hospital Line case are:

***Common Questions of Fact:***

a. Did UHS owned and managed hospitals located in Texas file hospital liens against accident victims who had only been seen in the emergency department of the hospital and who were not admitted into the hospital within 72 hours of the accident with the intent to cause financial injury to said accident victims by attempting to collect more than the reasonable and regular rate for the hospital services provided?

***Common Questions of Law***

b. Does the filing of a hospital lien against an accident victim where the accident victim was not admitted into the hospital within 72 hours of the accident violate Chapter 55 of the Texas Hospital Lien Statute?

c. Does the filing of a fraudulent hospital lien with the intent to cause financial injury violate Chapter 12 of the Texas Civil Practices & Remedies Code?

***<u>FRCP 23(a)(3) - Typicality:</u>***

70. Plaintiffs claims are not only typical of the proposed class members but their claim is identical to each member of the proposed class and the damage model for violation of the Texas Fraudulent Lien Statute – statutory damages of $10,000.00 per violation is likewise identical.

71. Since the 2008 signing of the collection services agreement between UHS and TUREK/ALEGIS, UHS set in motion a fraudulent business plan or model to target victims of accidents who had only been seen in the emergency department of UHS hospitals. As in the case of Plaintiff, UHS practices this fraud upon each and every emergency room visitor who reports injury due to an accident. Once UHS learns that its emergency room patient was involved in an accident, UHS immediately begins the process of providing overpriced trauma related diagnostic protocols and taking those exorbitant rates to extort funds from the victims' personal injury settlement that UHS is not legally entitled to collect by use of a fraudulent hospital lien. The issue of law and fact relating to UHS' conduct and the issues of law are identical for each Chapter 12 claim for each member of the proposed class. Therefore, the typicality requirement of Rule 23(a)(3) is satisfied. Fed. R. Civ. P. 23(a)(3).

***<u>FRCP 23(b)(3) - Predominance:</u>***

72. The common questions of fact and legal issues applicable to each individual member of the proposed class are identical. The predominate factual and legal issue is whether or not a hospital can file a hospital lien to collect for hospital services provided an accident victim who was not admitted into the hospital within 72 hours of the accident. Secondary to that factual and legal issue is whether or not the Texas Hospital Lien Statute limits the amount of reimbursement for hospital services provided to an accident victim that exceed the "reasonable and regular rate" limitations of the Texas Hospital Lien Statute. All of the proposed class members are governed by the same legal rules, the determination of which would either bring a swift conclusion to the claims of all the proposed class members or result in the award of statutory damages of $10,000.00 per violation, attorney fees, costs, and exemplary damages to be determined by the Court.

73. The prosecution of separate suits or MDLs in different counties within the State of Texas by individual members of the proposed class would create a risk of inconsistent adjudication of the legal issues with respect to individual members of the class, and would establish incompatible standards of conduct for any party opposing the class. Common questions of law or fact predominate over any questions affecting only individual class members; therefore, the requirement of Rule 23(b)(3) that the common questions of law or fact predominate over questions affecting only individual members of the class is satisfied. Fed. R. Civ. P. 23(b)(3).

***FRCP 23(b)(3) – Superiority:***

74. The proposed fraudulent hospital lien litigation class format in this case is superior to any other available method for the fair and efficient adjudication of this controversy. The class members interests in individually controlling their separate actions is outweighed by the efficiency of having this Court determine the federal question of the meaning of the term

admission as it relates to hospitals and the Texas Hospital Lien Statute under CMS guidelines and regulations, which in turn would avoid inconsistent rulings and litigation costs for each individual member which could exceed the value of the class member's separate claims; or alternatively prohibit the filing of a separate action based upon a risk reward economic feasibility analysis. The controlling legal issue that predominates each individual proposed class member's case applies to all accident victims within the State of Texas, not solely those victims damaged by UHS's actions in Hidalgo County. The current pending MDL is in its infancy, and involves 124 fraudulent hospital lien litigation individual cases. These are limited to only seven (7) UHS hospitals located in Hidalgo County, Texas. Of those seven (7), only three (3) file liens. None of the cases have been set for trial and the federal question of the meaning of the phrase "admitted into the hospital" has been under consideration by the MDL Pretrial Court for more than a year without resolution. The preliminary legal issue that could result in the resolution and/or termination of the proposed class litigation is a federal question, and this Court is therefore the most desirable forum for litigation regarding the class for want of efficiency and judicial economy. Lastly, there are no foreseeable difficulties in management of the proposed class that would outweigh or overwhelm the efficiencies that could be secured though class wide adjudication for the reason that the damage model for each member of the class is identical: statutory damages per violation and the exemplary damages recoverable are to be determined by the Court and not the jury. Therefore, the class action device is superior to any other method of adjudication presently pending or which could be asserted on an individual class member basis.

***<u>FRCP 23(a)(4) - Adequacy of Representation:</u>***

75. Plaintiffs will fairly and adequately represent the interest of the class. In support of this proposition, Plaintiffs would show that:

a. Plaintiffs are members of the proposed class;
b. Plaintiffs are interested in representing the proposed class;
c. Plaintiffs, through counsel, are willing to pay the costs of notice and litigation;
d. Plaintiffs have no interest adverse to other members of the proposed class; and
e. Plaintiffs have suffered the same harm as the proposed class.

76. Plaintiffs' counsel, J. Michael Moore, and co-counsel, Martin Phipps request appointment as class co-counsel. Mr. J. Michael Moore and Mr. Martin Phipps have participated in other complex litigation. Mr. Moore is also the appointed Liaison Counsel in the Fraudulent Hospital Lien Litigation currently pending in Hidalgo County, Texas, which is limited to seven hospitals managed by South Texas Health System, a subsidiary of UHS, for fraudulent hospital liens filed only in Hidalgo County, Texas.

## V. COUNT ONE

## RICO – 18 U.S.C. § 1962(c)

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

77. Plaintiffs re-allege and restate paragraphs 1 through 76.

78. Plaintiffs are a "person" within meaning of 18 U.S.C. § 1961(3) and §1964(c).

79. UHS, TUREK, ALEGIS, and CARDON constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c), in that they were "a group of individuals associated in fact" (hereinafter referred to as the "Fraudulent Hospital Billing Enterprise").

a. UHS, TUREK, ALEGIS, and CARDON shared the common purpose of (among other things) over treating and over charging persons, such as Plaintiffs, injured in accidents caused by third parties, then using

fraudulent hospital liens to defraud Plaintiff, and others similarly situated, of money or property;

b.     UHS, TUREK, ALEGIS, and CARDON were related in that TUREK, ALEGIS, and CARDON contracted with UHS to file and collect on hospital liens on behalf of UHS's hospitals against third party personal injury claims.

c.     The Fraudulent Hospital Billing Enterprise possessed sufficient longevity for the members to carry out their purpose(s) in that the Fraudulent Hospital Billing Enterprise existed from May 1, 2008 to the present, at a minimum.

80.     UHS is a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c), who individually conducted, participated in, engaged in, and operated and managed the affairs of the Fraudulent Hospital Billing Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of racketeering activity consisted of, but was not limited to, the acts of mail and wire fraud (described in paragraphs 68-80, *supra*).

81.     In the alternative, between May 1, 2008 (at a minimum) and the present, TUREK as a legal entity constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c). UHS is a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c), who individually conducted, participated in, engaged in, and operated and managed the affairs of TUREK through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of racketeering activity consisted of, but was not limited to, the acts of mail and wire fraud (described in paragraphs 68-80, *supra*).

82.     In the alternative, between May 1, 2008 (at a minimum) and the present, ALEGIS and its predecessor, Meridian Revenue Solutions, LLC, as legal entities constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c). UHS is a "person," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c), who individually conducted, participated in, engaged in, and operated and managed the affairs of ALEGIS, and its predecessor, Meridian Revenue Solutions, LLC, through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of racketeering activity consisted of, but was not limited to, the acts of mail and wire fraud (described in paragraphs 68-80, *supra*).

83.     Defendants or their agents have caused the transmission of fraudulent documents and demands through the mail and/or by wire via interstate facsimile and e-mail communications. Such actions:

  a.     Constituted a scheme to defraud conducted through the mails and/or over wire transmissions;

  b.     With the intent to defraud the Plaintiffs and similarly situated members of the public; and

  c.     Defendants did in fact mail and/or transmit by wire interstate materials in furtherance of this scheme.

84.     Defendants further engaged in an act or threat involving extortion which is chargeable under State law and punishable for more than one year. TEX. PENAL CODE ANN. § 31.02 (West 2015) (theft statute under Texas law includes extortion); § 31.03 (theft); *see Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003) (internal citations omitted) (providing a state crime involves extortion where it is "capable of being generically classified as extortionate," defining "generic" extortion as "obtaining something of value from another with

his consent induced by the wrongful use of force, fear, or threats"). Defendants intentionally and unlawfully deprived Plaintiff of his property through the use of deception or coercion. Tex. Penal Code Ann. § 31.01(3)(A) (West 2015). Defendants' conduct was deceptive in creating or confirming by words or conduct a false impression of law or fact that was likely to affect the judgment of Plaintiff in the transaction, and that Defendants knew was not true, and in failing to correct a false impression of law or fact that was likely to affect the judgment of Plaintiffs in the transaction, that the Defendants previously created or confirmed by words or conduct, and that the Defendants did not believe to be true. Tex. Penal Code Ann. § 31.01(1)(A) (West 2015). Defendants' conduct was coercive and extortionate because it wrongfully threatened and imposed a fear of economic injury. Prosecution for Defendants' conduct would give rise to a punishment of more than one year. Tex. Penal Code Ann. § 12.35 (West 2015).

85. At all relevant times, the enterprises alleged in paragraphs 59-67, *supra*, were engaged in, and their activities affected, interstate commerce and foreign commerce.

86. All acts of racketeering described in paragraphs 59-67, *supra*, were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. § 1962(c), in that their common purpose was to defraud Plaintiffs of money and property, their common result was to defraud Plaintiffs of money and property; UHS, personally or through its agent or agents, including ALEGIS, TUREK, and CARDON directly or indirectly, participated in all of the acts and employed the same or similar methods of commission; Plaintiffs and others similarly situated were the victims of the acts of racketeering; and/or the acts of racketeering were otherwise interrelated by distinguishing characteristics and were not isolated events.

87. All acts of racketeering described in paragraphs 68-80, *supra,* were continuous so as to form a pattern of racketeering activity in that UHS, through TUREK, ALEGIS, and

CARDON engaged in the predicate acts over a substantial period of time or in that UHS's acts of racketeering, through ALEGIS, TUREK, and CARDON constitute regular way in which it did business and threatens to continue indefinitely.

88.     As a direct and proximate result of, and by reason of, the activities of UHS and its conduct in violation of 18 U.S.C. § 1962(c), Plaintiffs were injured in their business or property, within the meaning of 18 U.S.C. § 1964(c). Among other things, Plaintiffs suffered damages to the extent they paid rates for UHS services that were excessive and not fair and reasonable, their personal injury recovery was reduced by the fraudulent demands for satisfaction of the fraudulent hospital lien. Plaintiffs are, therefore, entitled to recover threefold the damages they sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

## VI. COUNT TWO

### Fraudulent liens – TEX. CIV. PRAC. & REM. CODE § 12.002

(a)  A person may not make, present, or use a document or other record with:
    (1)  knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
    (2)  intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property;  and
    (3)  intent to cause another person to suffer:
        (A)  physical injury;
        (B)  financial injury;  or
        (C)  mental anguish or emotional distress.

89.     Plaintiffs re-allege and restate paragraphs 1 through 88.

90. UHS directly and through its agents, made, presented, or used a hospital lien, filed said lien with the Hidalgo County Clerk, with knowledge that the lien was a fraudulent lien or claim against real or personal property or an interest in real or personal property.

91. UHS intended the lien be given legal effect under Texas law, evidencing a valid lien or claim against real or personal property or an interest in real or personal property. UHS intended to cause Plaintiffs to suffer financial injury and/or mental anguish or emotional distress.

92. Plaintiffs suffered actual damages. UHS is liable to Plaintiffs for the greater of greater of: (A) $10,000; or (B) Plaintiffs' actual damages caused by the violation. UHS is further liable for court costs, reasonable attorney's fees, and exemplary damages in an amount determined by the court.

## VIII. COUNT THREE

### Unfair Debt Collection Practices

### COMMON LAW UNFAIR DEBT COLLECTION

117. Plaintiffs re-allege and restate paragraphs 1 through 92.

118. Defendants are liable to Plaintiffs, under Texas Finance Code, § 392.301 *et. seq*., by reason of Defendants' misrepresentations and violations of Texas Finance Code, Section 392.304(a). Defendants used "fraudulent, deceptive, or misleading representations" that employed "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding" and "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE ANN. § 392.304 (West 2015).

119. Defendants' actions constitute unfair debt collection under the common law of Texas. Specifically, Defendants sought to collect and did collect a debt that did not exist because

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 31 of 131

Defendants intentionally and fraudulently misrepresented the amount of debt due and Defendants' right to withhold approval of settlement of Plaintiffs' personal injury claim by filing a hospital lien asserting that the ER visit was an admission to the hospital. By their fraudulent use of the hospital lien to extort charges for hospital services that were unnecessary and exceeded the reasonable and regular rate for such services, Defendants' actions were committed knowingly, intentionally, with the sole purpose of causing financial injury to Plaintiffs through harassment, intimidation and to maliciously extort sums of money that Defendant was not legally entitled to collect.

120. Defendants' actions caused the Plaintiffs to suffer mental anguish. These damages sustained by Plaintiffs were reasonably foreseeable by Defendants.

121. Plaintiffs are also entitled to exemplary damages against Defendants. Defendants' fraudulent use of the Texas Hospital Lien Statute to collect a debt that was not legally due and exceeded the amount of any purported debt that could have been collected was intentional and malicious. Furthermore, Defendants' acts of debt collection, use of the fraudulent hospital lien and efforts subsequent to the filing of the hospital lien, were done intentionally and maliciously.

**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

122. Defendants' actions violate the Texas Fair Debt Collection Practices Act ("FDCPA"). Under the FDCPA, the debt at issue in this case is a "consumer debt," and Defendant is a "debt collector." TEX. FIN. CODE ANN. § 392.001 (West 2015). Defendant misrepresented the character, extent, and amount of the alleged debt owed by Plaintiffs, if any, for hospital services provide as previously set forth herein in Paragraphs 1 through 82.

123. Plaintiffs are also entitled to exemplary damages against Defendants. Defendants' concealment of the true nature of any alleged debt due for hospital services provided and the

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 32 of 131

amount thereof and its fraudulent use of the enforcement powers of the Hospital Lien was intentional and malicious. Furthermore, Defendants' debt collection activities of collecting more than four (4) times the amount of any debt for the actual necessary and reasonable rate for hospital services provided subsequent to the filing of the hospital lien was done intentionally, knowingly and maliciously.

124. Defendants' violations of the FDCPA also constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"). Furthermore, because Defendants knowingly and intentionally violated the DTPA, Plaintiffs are entitled to additional and treble damages.

125. Plaintiffs are entitled to statutorily mandated damages against Defendants.

126. Defendants authorized and encouraged its employees, agents and affiliates to carry out this malicious and egregious course of action.

127. Defendants are liable to Plaintiffs pursuant to the provisions of the Texas Finance Code Section 392.301 et seq., for actual damages, exemplary damages, attorney fees, and costs.

## VIII. DAMAGES

128. Plaintiffs request that they obtain against Defendants a judgment in a sum within the jurisdictional limits of the court, treble damages, exemplary damages, attorney's fees, and costs of suit.

129. Plaintiffs seek judgment for damages as set forth below damages against Defendants for each violation of Chapter 12 of the Texas Civil Practices & Remedies Code as set forth herein:

(a) Pursuant to TEX. CIV. PRAC. & REM. CODE § 12.002(b)(1)(A) and (B), Plaintiffs are entitled to recover the greater of $10,000.00 for each violation of the act committed by Defendants in filing a fraudulent hospital lien and fraudulent

court document, and each attempt by Defendants to collect on the fraudulent lien through U.S. mail, email, facsimile, or telephone calls, or the actual damages caused by Defendants conduct alleged herein;

(b) Pursuant to Tex. Civ. Prac. & Rem. Code § 12.002(b)(3), Plaintiffs are entitled to recover reasonable and necessary attorney fees;

(c) Pursuant to Tex. Civ. Prac. & Rem. Code § 12.002(b)(2), court costs, including investigative fees; and,

(d) Pursuant to Tex. Civ. Prac. & Rem. Code § 12.002(b)(4), Plaintiffs are entitled to recover exemplary damages in an amount to be determined by the Court.

130. Plaintiffs' damages are within the jurisdictional limits of this Court for which they now sue.

## IX. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

131. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## X. JURY DEMAND

132. Plaintiffs request a trial by jury for all issues of fact. A jury fee has been paid timely and properly.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs have and recover judgment of and from the Defendants for their actual, compensatory, statutory and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, attorney fees

and such other and further relief to which they may show themselves to be justly entitled. Plaintiffs further respectfully request that the Court, after notice and hearing, certify the Fraudulent Hospital Lien Litigation Class and any appropriate subclasses, that the Court appoint class counsel for the Fraudulent Hospital Lien Litigation Class, and that upon final hearing, Plaintiffs have judgment individually against Defendants in conformity with the Texas Fraudulent Lien Statute for: statutory damages, costs and exemplary damages, pre-judgment and post-judgment interests as provided by law, reasonable and necessary attorney's fees, costs of suit; and that Plaintiffs have judgment on behalf of all others similarly situated for damages in conformity with the Texas Fraudulent Lien Statute for: statutory damages, costs and exemplary damages, pre- and post-judgment interests as provided by law, reasonable and necessary attorney's fees, costs of suit, pre-judgment and post-judgment interests as provided by law, reasonable and necessary attorney's fees, costs of suit and all such other and further relief, both at law and in equity, to which Plaintiffs, and all others similarly situated, may be justly entitled.

Respectfully Submitted,

By: *<u>/s/ Martin J. Phipps</u>*

Martin J. Phipps
Texas State Bar No. 00791444
Federal ID No. 20104
PHIPPS ANDERSON DEACON LLP
The Phipps
102 9th Street
San Antonio, Texas 78215
Telephone: (210) 340-9877
Facsimile: (210) 340-9899
Email: mphipps@phippsandersondeacon.com

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 35 of 131

Rose Vela
Texas State Bar No. 16958050
Federal ID No. 13880
VELA LAW OFFICES, PLLC
224 Calle Cenizo
Brownsville, Texas 78520
Telephone: (956) 248-7673
Facsimile: (866) 596-2346
Email: rose.vela@me.com

J. Michael Moore
Texas State Bar No. 14349550
THE MOORE LAW FIRM
4900 North 10th Street, Suite E-2
McAllen, Texas 78504
Telephone: (956) 631-0745
Facsimile: (866) 266-0971
Email: mmoore@moore-firm.com

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 14th day of December, 2016, a true and correct copy of this instrument is being served pursuant to the Texas Rules of Civil Procedure on all known parties of record in this case, as follows:

Joel W. Mohrman
Jeffrey R. Seewald
Anderson L. Cao
MCGLINCHEY STAFFORD PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025
Email: jmohrman@mcglinchey.com
jseewald@mcglinchey.com
acao@mcglinchey.com

Gerald E. Castillo
Ezequiel Moya, Jr.
GONZALEZ CASTILLO, LLP
1317 E. Quebec Avenue
McAllen, Texas 78503
Telephone: (956) 618-0115
Facsimile: (956) 618-0445
Email: gcastillo@valleyfirm.com
emoya@valleyfirm.com

**COUNSEL FOR DEFENDANTS**

*/s/ James Rick Holstein*
James Rick Holstein

# Appendix A

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 38 of 131

**Timeline of Contact Using U.S. Postal Service and/or Interstate Wires**

The below is a summary, for ease of reference, of the contact log between TUREK and Thomas J. Henry Injury Attorneys, as reflected in the attached records from TUREK.

**January 11, 2012**: UHS caused ALEGIS, through TUREK, to place phone calls attempting to contact Plaintiff, and also placed a phone call to the Mission Police Department to determine if a third party was liable for Plaintiff's injuries.

**January 26, 2012**: UHS caused ALEGIS, through TUREK, to place a phone call to the Mission Police Department seeking a copy of the police report.

**February 1, 2012**: UHS, through TUREK, caused an ALEGIS representative to draft and mail a second contact letter to Plaintiff in regards to his account.

**February 6, 2012**: An ALEGIS representative received a call from Plaintiff, who stated that he had filed a claim with the party at fault. Plaintiff informed the representative that he was uninsured and had hired the Law Offices of Thomas J. Henry, located in Corpus Christi, Texas. UHS caused ALEGIS's representative, through TUREK, to call Plaintiff's attorney's office. The ALEGIS representative left a voicemail requesting a call back in regard to their representation of Plaintiff.

**February 21, 2012**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office. The ALEGIS representative spoke to a receptionist who confirmed that the firm was handling Plaintiff's case. The representative left a message for a legal assistant requesting a call back in regards to the case.

**April 20, 2012**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office. The ALEGIS representative left a voicemail for the case manager requesting a call back in regards to the status of the case. Upon reviewing the police report, the ALEGIS representative determined that Plaintiff was insured with Texas Farm Bureau Insurance and the third party was insured with American Family Mutual. UHS caused the ALEGIS representative to call the first party insurance (Texas Farm Bureau) and learned that there was a claim open. The representative was provided with the claim number and then transferred to an adjustor; the representative left a voicemail requesting a call back in regard to the status of the claim. UHS, using TUREK, caused the ALEGIS representative to call the third party insurance (American Family Mutual) and was informed that a claim was open. Upon information and belief, American Family Mutual Insurance Company's headquarters is located in Madison, Wisconsin and does not have agents or offices in Texas.

**May 23, 2012**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office and leave a voicemail for the case manager requesting a call back in regard to the status of the case. UHS caused an ALEGIS representative to call the first party insurance (Texas Farm Bureau), but the ALEGIS representative was unable to speak with an adjustor. UHS, using TUREK, caused an ALEGIS representative to call the out-of-state third party insurance, American Family Mutual and leave a voicemail requesting a call back in regard to the status of the claim. The representative received a call back from Plaintiff's attorney's office stating that case was being

negotiated and there had been no offers from the insurance companies. UHS, through TUREK, caused an ALEGIS representative to draft a copy of the lien notice to be sent to Plaintiff's attorney's office. The letter was faxed to Plaintiff's lawyer.

**June 4, 2012**: UHS, through TUREK, caused an ALEGIS representative to fax a copy of the hospital lien to Plaintiff's attorney's office.

**July 3, 2012**: UHS, through TUREK, caused an ALEGIS representative to call the out-of-state third party insurance company, American Family Mutual, and leave a voicemail for the adjustor requesting a call back in regards to the status of the claim. UHS, through TUREK, caused an ALEGIS representative to call the first party insurance provider (Texas Farm Bureau). The ALEGIS representative was informed that a Personal Injury Protection ("PIP") insurance claim had been opened and was exhausted of all available benefits.

**August 3, 2012**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office and leave a voicemail for the case manager requesting a call back in regard to the status of the case. The ALEGIS representative received a call from Plaintiff's case manager informing the representative that the case was still pending.

**September 6, 2012**: UHS, through TUREK, caused an ALEGIS representative to call the out-of-state third party insurance company, American Family Mutual, and leave a voicemail requesting a callback in regard to the status of the claim. UHS, through TUREK, caused an ALEGIS representative to fax a copy of Plaintiff's lien to American Family Mutual.

**October 5, 2012**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office. The ALEGIS representative was informed that the case was still open.

**November 5, 2012**: UHS, through TUREK, caused an ALEGIS representative to call the out-of-state third party insurance company, American Family Mutual, and leave a voicemail requesting a call in regards to the claim.

**November 7, 2012**: An ALEGIS representative received a call back from the third party insurance adjustor at American Family Mutual, stating that Plaintiff's attorney's office had filed a lawsuit and did not want to negotiate.

**December 6, 2012**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office. The ALEGIS representative was informed that the case was still open and pending.

**January 4, 2013**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office and leave a voicemail for the case manager requesting a call back.

**February 4, 2013**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office and leave a voicemail requesting a call back in regards to the status of the case.

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 40 of 131

**March 5, 2013**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office and leave a voicemail requesting a call back in regards to the status of the case.
**April 3, 2013**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office. The ALEGIS representative was informed that the case would be going into mediation.

**May 2, 2013**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office. The ALEGIS representative was informed that the case was in litigation.

**June 4, 2013**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office. The ALEGIS representative was informed that there would be a second mediation.

**July 10, 2013**: UHS, through TUREK, caused an ALEGIS representative to call the out-of-state third party insurance company, American Family Mutual, and leave a message requesting a call back in regard to the claim.

**July 11, 2013**: An ALEGIS representative received a call from Plaintiff's attorney's office informing the representative that they needed a copy of the lien and the total amount the hospital sought to collect in exchange for release of the lien. UHS, through TUREK, caused an ALEGIS representative to fax a copy of the lien notice to Plaintiff's attorney's office.

**July 22, 2013**: UHS, through TUREK, caused an ALEGIS representative to fax a copy of the lien notice to the out-of-state third party insurance company, American Family Mutual.

**July 24, 2013**: An ALEGIS representative received a reduction request from Plaintiff's attorney's office; the representative informed the legal assistant that a reduction form needed to be filled out. UHS, through TUREK, caused an ALEGIS representative to email a reduction request form to Plaintiff's attorneys' office.[1]

**August 9, 2013**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office, but the ALEGIS representative was unable to speak with a case manager. The ALEGIS representative left a voicemail requesting a call back in regard to the status of the case.

**August 19, 2013**: An ALEGIS representative received a voicemail from Plaintiff's attorney's office in regard to the status of the reduction request. UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office and inform them that a reduction form had been faxed over. Plaintiff's attorney representative informed ALEGIS that the form had been faxed back to ALEGIS. The representative was informed that the form had not been received, and was instructed to resend the fax.

---

[1] E-mail is considered a use of the wires. *United States v. Georgiou*, 777 F.3d 125, 138 (3d Cir. 2015), cert. denied, 136 S. Ct. 401, 193 L. Ed. 2d 312 (2015). On information and belief, the e-mail correspondence traveled through an out-of-state server, making the wires interstate. *See, e.g., United States v. Sanchez,* 502 Fed. Appx. 375, 380 (5th Cir. 2012).

**August 21, 2013**: An ALEGIS representative received a call from Plaintiff's attorney's office explaining that they had misplaced the reduction form and were requesting another copy.

**August 26, 2013**: An ALEGIS representative received a fax from Plaintiff's attorney's office and forwarded it to ALEGIS supervisors.

**August 30, 2013**: An ALEGIS representative received the reduction request from Plaintiff's attorney's office, but the form did not have a settlement amount. UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office and leave a voicemail requesting a call back in regards to the settlement amount on the reduction request form.

**September 4, 2013**: An ALEGIS representative received a call from Plaintiff's attorney's office regarding the status of the reduction request; ALEGIS informed the representative that the settlement amount was needed to process the request. The representative informed ALEGIS that she would be calling back with a response from Plaintiff's attorney.

**September 5, 2013**: An ALEGIS representative received a call from Plaintiff's attorney's office stating that they were unable to disclose the settlement amount. The ALEGIS representative advised the case manager that, based on the information provided, ALEGIS would offer to reduce the lien from $31,129.00 to $21,790.30 and would send a settlement sheet to their office. UHS, through TUREK, caused an ALEGIS representative to fax the settlement sheet to Plaintiff's attorney's office.

**September 20, 2013**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office. The ALEGIS representative was informed that the payment would be sent out.

**October 9, 2013**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office. The ALEGIS representative was informed that the payment would be sent out.

**October 17, 2013**: UHS, through TUREK, caused an ALEGIS representative to call Plaintiff's attorney's office. The ALEGIS representative was informed that the check was certified, and ALEGIS should have received it that day.

**October 22, 2013**: An ALEGIS representative received a check from Plaintiff's attorney's office in the amount of $21,790.30. UHS, through TUREK, caused an ALEGIS representative to forward it to McAllen Medical Center for processing.

**October 24, 2013**: The payment of $21,790.30 was posted in full to Plaintiff's account.

**November 4, 2013**: UHS, through TUREK, caused an ALEGIS representative to request a release of lien on Plaintiff's account.

**November 13, 2013**: UHS, through TUREK, caused an ALEGIS representative to file a release of lien on Plaintiff's account.

| | | | | |
|---|---|---|---|---|
| [illegible] | [illegible] | | [illegible] | [illegible] |
| 11/4/2013 11:14 AM | TWITCHER | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS TX ROL REQUESTED |
| 10/29/2013 9:44 AM | sreyes | Status Code changed from L910 to L051. | GEN (GENERAL WORK NOTE) | TPL PAYMENT POSTED TO ACCOUNT ON 10/24/13 IN THE AMOUNT OF $21,790.30 ACCOUNT PAID IN FULL SR ALEGIS L051 |
| 10/22/2013 9:52 AM | sreyes | Status Code changed from L900 to L910. | GEN (GENERAL WORK NOTE) | RECEIVED CHECK FROM ATTY OFC IN THE AMOUNT OF 21790.30 CHECK#22696 FOR APPROVED REDUCTION MADE PAYABLE TO ALEGIS GAVE TO CSPILKER TO ENDORSE SENT TO CBO FOR POSTING SR ALEGIS 910 |
| 10/17/2013 10:47 AM | csanchez | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM #361-985-0600 SPOKE TO JENNIFER WHO STD CHECK WAS SENT OUT CERTIFIED STD SHE RECEIVED HER GREEN CARD BACK STD WE SHOULD BE GETTING IN THE MAIL TODAY CCS ALEGIS L900 |
| 10/8/2013 1:39 PM | csanchez | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM #361-985-0600 SPOKE TO JENNIFER WHO STD CHECK WILL BE SENT OUT TODAY CCS ALEGIS L900 |
| 9/30/2013 9:24 AM | csanchez | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT PENDING TO RECEIVE CHECK. CCS ALEGIS L900 |
| 9/20/2013 10:30 AM | csanchez | Status Code changed from L630 to L900. | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM #361-985-0600 SPOKE TO JENNIFER WHO STD CHECKS WILL BE SENT OUT NEXT WEEK. CCS ALEGIS L900 |
| 9/9/2013 9:58 AM | csanchez | Status Code changed from L610 to L630. | GEN (GENERAL WORK NOTE) | RECEIVED A CALL FROM JENNIFER WHO STD IS NOT ABLE TO DISCLOSE INFO . ADVISE HER BASED ON INFORMATION PROVIDED WILL OFFERTHE AMOUNT OF $21,790.30 . STD TO SEND IT TO HER IN WRITING SO SHE CAN SEND TO ATTY AND ATTY CAN ASK JUDGE IF ITS OKAY TO CUT A CHECK OUT DUE TO SETTLEMENT WAS FROM A JUDGE APPROVAL. FAXED SETTLEMENT LETTER TO ATTY OFFICE . CCS ALEGIS L630 |
| 9/5/2013 9:53 AM | csanchez | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ATTY MASTER SETTLEMENT SHEET (GENERAL) |
| 9/4/2013 3:50 PM | csanchez | | GEN (GENERAL WORK NOTE) | RECEIVED A CALL FROM JENNIFER WITH ATTY OFFICE REQ STATUS ON REDUCTION ADVISE HER THAT I NEED SETTLEMENT AMT STD IS NOT ABLE TO DISCLOSE BUT WILL RELAY MSG TO ATTY TO SEE WHAT HE WANTS TO DO . WILL CALL ME BACK CCS ALEGIS L610 |
| 8/30/2013 3:43 PM | csanchez | Status Code changed from L600 to L610. | GEN (GENERAL WORK NOTE) | RECEIVED RED REQ FROM ATTY OFFICE NO AMT OF SETTLEMENT CALLED ATTY OFFICE JENNIER SUDDUTH AT 361-816-0003 NO ANSWER LVM FOR A RTN CALL ADVISE HER I NEED THE AMT OF THE SETTLEMENT IN ORDER TO REVIEW REDUCTION . CCS ALEGIS L610 |
| 8/26/2013 7:59 AM | wharton | | GEN (GENERAL WORK NOTE) | INCOMING FAX RECEIVED AND SENT TO CSANCHEZ AND SREYES WITH ALEGIS |
| 8/21/2013 4:53 PM | csanchez | | GEN (GENERAL WORK NOTE) | RECEIVED A CALL FROM JENNIFER WITH ATTY OFFICE STD MISPLACED REDUCTION FORM NEEDS ME TO REFAX ANOTHER ONE FAXED FOR OVER CCS ALEGIS L600 |
| 8/19/2013 8:31 AM | csanchez | | GEN (GENERAL WORK NOTE) | RECEIVED A VM FROM JENNIFER WITH ATTY OFFICE STD WANTED TO GET REDUCTION STATUS. CALLED HER BACK ADVISE HER I RECEIVED HER REDUCTION REQ BUT I FAXED OVER A REDUCTION FORM THAT NEEDED TO BE FILLED OUT SHE STD SHE FAXED IT OVER. ADVISE HER DID NOT RECEIVE SHE TOLD ME SHE WOULD REFAX IT TODAY CCS ALEGIS L600 |
| 8/8/2013 2:12 PM | CMEXICANO | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM #361-985-0200 SPOKE TO KRISY, STATED I WOULD NEED TO TALK TO WITH JENNIFER AND TRANSFERED CALL. NO ANSWER, LEFT VM REQ CALL BACK WITH CASE STATUS, AND WHEN WE CAN EXPECT PMNT. CM ALEGIS L600 |
| 7/24/2013 5:13 PM | csanchez | Status Code changed from L310 to L600. | GEN (GENERAL WORK NOTE) | RECEIVED RED REQ FROM ATTY OFFICE L.A JENNIFER IN LETTER FORM EMAILED REDUCTION FORM TO HER ADVISE HER FORM NEEDS TO BE FILLED OUT CCS ALEGIS L600 |
| 7/22/2013 8:57 AM | csanchez | | GEN (GENERAL WORK NOTE) | FAXED LIEN NOTICE TO INS ADJ CCS ALEGIS L310 |
| 7/11/2013 11:30 AM | csanchez | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS TX ATTY LIEN NOTICE |
| 7/11/2013 11:29 AM | csanchez | | GEN (GENERAL WORK NOTE) | RECEIVED CALL FROM JENIFFER WITH ATTY OFFICE STATING SHE NEEDED LIEN WITH TOTAL AMOUNT. GAVE FAX#361-985-0601 ATT JENIFFER. CM ALEGIS L310 |
| 7/10/2013 12:29 PM | cguevara | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED AMERICAN FAMILY MUTUAL INSURANCE ADJUSTOR PATTI MUNDT #800.692.6326 X45395 TO OBTAIN STATUS ON CLAIM #00401645850 NO ANSWER LEFT MESSAGE REQ A RETURN CALL PRESSED 0 TO SPEAK TO SOMEONE ELSE SPOKE WITH LESLIE WHO STATED I NEED TO SPEAK TO TYRA CASPER X44103 I WAS TRANSFERED TO HER NO ANSWER LEFT MESSAGE REQ A RETURN CALL SG ALEGIS L310 |
| 6/4/2013 2:59 PM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY LAW 361.985.0600 SPOKE WITH JENNIFER STATED THEY HAVE A 2ND MEDIATION ON 7/11/2013. GS ALEGIS L310. |
| 5/2/2013 9:38 AM | gsantana | Status Code changed from L300 to L310. | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM 361.985.0600 SPOKE WITH JENNIFER STATED CASE IS IN LITIGATION. GS ALEGIS L310. |
| 4/3/2013 10:25 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0000 SPOKE WITH JENNIFER STATED THEY HAVE MEDIATION SET FOR THE END OF THIS MONTH. PER IDOCKET.COM FOUND CASE # C-2975-12-C Civil Docket; Case C-2975-12-C 529313; Civil RODOLFO GARZA vs ERWIN DORROW Filed 09/26/2012 - Disposition: 139th District Court, District Clerk, Hidalgo County, Texas<br><br>GS ALEGIS L300. |
| 3/5/2013 3:09 PM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0200 SPOKE WITH REP TRANSFERRED CALL TO VOICE MAIL BOX. LEFT VOICE MESSAGE REQUESTING A RETURN CALL WITH CASE STATUS. GS ALEGIS L300. |
| 2/4/2013 9:48 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0600 SPOKE WITH REP TRANSFERRED CALL TO ATTORNEY OFFICE. NO ANSWER LEFT VOICE MESSAGE REQUESTING A RETURN CALL WITH CASE STATUS. GS ALEGIS L300. |
| 1/4/2013 11:11 AM | csanchez | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0600 SPOKE RECEPTIONIST WHO STD MISTY WHO STD IS ON THE OTHER LINE LVM FOR A RTN CALL CCS ALEGIS L300 |
| 12/8/2012 1:27 PM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0600 SPOKE WITH JOSIE STATED CASE IS STILL PENDING AND ACTIVE. GS ALEGIS L300. |
| 11/7/2012 9:41 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT RECEIVED A RETURN CALL FROM ADJUSTOR PATTI STATED ATTORNEY FILED LAW SUIT, DID NOT WANT TO NEGOTIATE ON CLAIM # 00401645830, IS AWARE OF HOSPITAL LIEN ON FILE. STATED SHE IS NO LONGER HANDLING CLAIM, ATTORNEY JONATHAN NAGYE AT EXT. 44105 IS CLAIM HANDLER. GS ALEGIS L300. |
| 11/5/2012 9:36 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE AMERICAN FAMILY MUTUAL INSURANCE ADJUSTOR PATTI MUNDT 800.692.6326 EXT.45395 NO ANSWER PER VOICE MAIL IS CURRENTLY OUT OF THE OFFICE. LEFT VOICE MESSAGE REQUESTING A RETURN CALL WITH STATUS ON CLAIM #00401645850. NEED TO VERIFY IF RECEIVED HOSPITAL LIEN. GS ALEGIS L300. |
| 10/5/2012 10:28 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0600 SPOKE WITH JODY STATED PATIENT IS STILL TREATING. CASE IS STILL OPEN. GS ALEGIS L300. |
| 9/8/2012 10:27 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE AMERICAL FAMILY MUTUAL INSURANCE ADJUSTOR PATTI MUNDT 800.692.6326 EXT.45395 NO ANSWER LEFT VOICE MAIL REQUESTING A RE TURN CALL WITH STATUS ON CLAIM # 00401645880. DIALED 0 UNABLE TO SPEAK TO ANOTHER REPRESENTATIVE. FAXED HOSPITAL LIEN TO TP INSURANCE ADJUSTOR PATTI AT FAX # 806.364.0985. GS ALEGIS L300. |
| 8/6/2012 10:25 AM | gsantana | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS TX INS LIEN NOTICE |
| 8/3/2012 11:10 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT RECEIVED A RETURN CALL FROM JODY WITH THE THOMAS J HENRY LAW FIRM 361.985.0600 JODY STATED CASE IS STILL PENDING, STATED SHE IS STILL WORKING ON CASE. GS ALEGIS L300. |
| 8/2/2012 10:53 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM 361.985.0600 SPOKE WITH RECEPTIONIST TRANSFERRED CALL TO CASE MANAGER JODY VELASQUEZ VOICE MAIL. LEFT VOICE MESSAGE REQUESTING A RETURN CALL WITH STATUS ON CASE. GS ALEGIS L300. |
| 7/3/2012 8:10 AM | GSANTANA | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE AMERICAN FAMILY MUTUAL INSURANCE ADJUSTOR PATTI MUNDT 800.692.6326 EXT.45395 NO ANSWER LEFT VOICE MAIL REQUESTING A RETURN CALL WITH STATUS ON CLAIM #00-401-645890. CALLED FIRST PARTY INSURANCE ADJUSTOR ARNOLD 361.767.7830 SPOKE WITH ADJUSTOR STATED PATIENT HAD A PIP CLAIM OPEN. PIP HAS BEEN EXHAUSTED. GS ALEGIS L300. |
| 6/4/2012 3:23 PM | GSANTANA | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT FAXED HOSPITAL LIEN TO ATTORNEY FAX #361.985.0601. GS ALEGIS L300. |
| 5/23/2012 11:33 AM | GSANTANA | | GEN (GENERAL WORK NOTE) | INSURANCE TAB UPDATED. GS ALEGIS L300. |
| 5/23/2012 11:29 AM | GSANTANA | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS TX ATTY LIEN NOTICE |
| 5/23/2012 11:07 AM | GSANTANA | | GEN (GENERAL WORK NOTE) | TELEPHONED THOMAS J HENRY 361.9855.0600 SPOKE WITH RECEPTIONIST TRANSFERRED ME TO ROGER VILLAS NO ANSWER LEFT VOICE MAIL REQUESTING A RETURN CALL WITH STATUS ON CASE. TELEPHONED TEXAS FARM BUREAU ADJUSTOR ARNOLD RAMIREZ 361.767.7830 LINE BUSY DIALED 3X'S BUSY SIGNAL.WILL TRY AGAIN. TELEPHONED UNIT #3 INSURANCE AMERICAN FAMILY MUTUAL ADJUSTOR PATTI MUNDT 800.692.6326 EXT.45395 NO ANSWER LEFT VOICE MAIL REQUESTING A RETURN CALL WITH STATUS ON CLAIM #00-401-645890. RECEIVED A RETURN CALL FROM DANA WITH ATTORNEY OFFICE 361.985.0600 STATED CASE IS IN NEGOTIATIONS. INSURANCE HAS NOT MADE OFFERS YET. WILL FAX HOSPITAL LIEN TO FAX #361.985.0601. GS ALEGIS L300. |
| 4/20/2012 2:54 PM | GSANTANA | Status Code changed from L305 to L300. | GEN (GENERAL WORK NOTE) | TELEPHONED THOMAS J HENRY 361.985.0600 PER RECEPTIONIST CASE MANAGER IS ROGER VILLAS. IS WITH A CLIENT AT THIS TIME. TRANSFERRED ME TO VOICE MAIL. LEFT MESSAGE REQUESTING A RETURN CALL WITH STATUS ON CASE. PER POLICE REPORT UNIT #1 (PATIENT) HAS TEXAS FARM BUREAU INSURANCE 800.772.6535. TELEPHONED PATIENTS INSURANCE SPOKE TO TAMMY STATED THERE IS A CLAIM OPENED. CLAIM # 335054 ADJUSTER IS ARNOLD RAMIREZ TEL.361.767.7830 FAX #866.210.6836. TRANSFERRED TO ADJUSTER VOICE MAIL LEFT MESSAGE REQUESTING A RETURN CALL WITH STATUS ON CLAIM #335054. UNIT #1 HAS FIRST PARTY COVERAGE. UNIT #3 HAS AMERICAN FAMILY MUTUAL INSURANCE 800.692.6326. UNIT #1 HAS FIRST TELEPHONED UNIT #3 INSURANCE 800.692.6326 SPOKE TO SHANNON STATED THERE IS A CLAIM OPEN. CLAIM #00-401-645890. ADJUSTER PATTI MUNDT. TEL #800.692.6326 EXT.45395. FAX #866.364.0985. GS ALEGIS L300. |
| 3/16/2012 3:34 PM | jrodriguez | | GEN (GENERAL WORK NOTE) | ACCIDENT REPORT HAS BEEN SCANNED ONTO THE DOCUMENTS FOLDER. JAR ALEGIS |
| 2/21/2012 4:33 PM | jrodriguez | Status Code changed from L105 to L305. | GEN (GENERAL WORK NOTE) | PLACED CALL TO THE LAW OFFICE OF THOMAS J. HENRY @ 361.985.0600 SPOKE TO RECEPTIONIST ERICA WHO DID CONFIRM REP. SHE INFORMED ME THAT LEGAL ASSISTANT MARIA MORENO AND CURRENTLY SHE IS IN A MEETING WITH A CLIENT. ERICA DID CONFIRM REP. LEFT MSG FOR LEGAL ASSISTAIN TO RETURN MY CALL. JAR ALEGIS L305 |
| 2/10/2012 2:31 PM | wharton | | GEN (GENERAL WORK NOTE) | A LIEN WAS FILED IN HIDALGO COUNTY ON 1/26/2012 DOCKET # 2275486 |
| 2/6/2012 11:25 AM | csanchez | Status Code changed from L100 to L105. | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT.RECEIVED A CALL FROM PT WHO STATED HAS FILED CLAIM WITH AT FAULT PARTY DOES NOT HAVE INSURANCE INFO BUT HAS ATTY THOMAS J. HENRY OF FROM CORPUS AT 361-985-0600. STATED HIS NUMBER IS 361-227-5108.STATED LEGAL ASSISTANT MARIA MORENO. CALLED AND SPOKE TO RECEPTIONIST WHO TRANSFER ME OVER TO A VM LVM FOR ARTN CALL NEED TO VERIFY REPRESENTATION. WILL LEAVE IT AT L105 UNTIL CONTACT WITH ATTY OFFFICE IS MADE. CCS ALEGIS L105 |
| 2/1/2012 12:01 AM | sa | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS WOLDS 2ND CONTACT LTR-GENERAL |
| 1/26/2012 2:07 PM | dalejandro | | GEN (GENERAL WORK NOTE) | FOLLOW UP ON ACCT.: PER PRIOR NOTES PT NUMBER 361.227.5108 IS A WRONG NUMBER. NO NOK NUMBERS, CALLED MISSION DPS AT 956.585.3129 PER CAROL P/R READY TO BE P/U, REQUESTING P/R FROM JUAN RODRIGUEZ, ONCE P/R RECEIVED WILL REVIEW FOR POSSIBLE TPL AND/OR PIP/MEDPAY. DLA ALEGIS L100 |
| 1/20/2012 10:36 AM | wharton | | GEN (GENERAL WORK NOTE) | PATIENT LIEN NOTICE WILL BE SENT TO PT ON 1/25/2012 |
| 1/17/2012 8:59 AM | wharton | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS TX LIEN REQUESTED |
| 1/12/2012 9:06 AM | ovasquez | | GEN (GENERAL WORK NOTE) | AFTER RUNNING SKIP TRACE A NEW ADDRESS WAS FOUND ON ACCOUNT |
| 1/12/2012 12:00 AM | sa | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS WOLDS 1ST CONTACT LTR-GENERAL |
| 1/11/2012 10:56 AM | laguirre | Status Code changed from L000 to L100. | GEN (GENERAL WORK NOTE) | COORINATED BENEFITS: PATIENT HAS NO MEDICAID . WILL WORK REFFERRAL TO DETERMINE IF FIRST PARTY OR THIRD PARTY PAYES ARE ASLO AVAILABLE.<br><br>AS PER SMS ACCIDENT OCCURED ON GLOASSCOCK AND 107. PLACED CAL L TO PT. @ 361-227-5108. SPOKE TO MALE WHO STATED HE DID NOT KNOW PT. AND THAT I HAVE THE WRONG #. WILL REQUEST SKIP TRACE ON ACCOUNT. TO OBTAIN PHYSICAL ADDRESS AND CONTACT NUMBER FOR PT. WILL REQUEST LIEN ON HIGH BALANCE ACCOUNT.PLACED CALL TO MISSION PD . WAS REDIRECTED TO MISISON DPS @ 956-585-3126. SPOKE TO HILDA WHO STATED SHE DID NOT HAVE ANYTHING FOR THAT DOA YET TO TRY BACK NEXT WEEK. WILL F/U WITH DPS. LA ALEGIS L100 |
| 1/10/2012 11:23 AM | [illegible] | Status Code changed | [illegible] | [illegible] |

| | | | | Notes |
|---|---|---|---|---|
| /3/2013 8:13 AM | JTAYLOR | Status Code changed from R900 to R910. | GEN (GENERAL WORK NOTE) | TRACKING # 8010 5127 4246 SENT ALL CHECKS TO DARLENE YOUNG |
| /14/2013 7:37 AM | JTAYLOR | Status Code changed from R104 to R900. | GEN (GENERAL WORK NOTE) | TRACKING # 8010 5127 4706 |
| /5/2013 8:11 AM | JTAYLOR | Status Code changed from R102 to R104. | GEN (GENERAL WORK NOTE) | RECEIVED IBILL UPLOADED INTO SYSTEM. DIRECT QUESTIONS COMPLETED. FORWARDING TO JOHN GOSS FOR SIGNATURE AND NOTARY. JAT. ALEGIS.R104 |
| /25/2013 11:49 AM | JTAYLOR | | GEN (GENERAL WORK NOTE) | RECEIVED IBILL UPLOADED INTO SYSTEM |
| /21/2013 7:21 AM | JTAYLOR | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | RECINVLTR |
| /2013 7:21 AM | JTAYLOR | | GEN (GENERAL WORK NOTE) | SENDING INVOICE USPS.JAT.ALEGIS.R102 |
| /2013 11:23 AM | JTAYLOR | | GEN (GENERAL WORK NOTE) | RECEIVED DIRECT QUESTION REQUEST UPLOADED ITNO SYSTEM. JAT.ALEGIS.R102 |
| /2013 11:21 AM | JTAYLOR | Status Code changed from <empty> to R102. | | |

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 44 of 131

# Exhibit A

Recorded On 2011-Dec-16 As 2266088 12/19/11 File No-500186

2266088

# HOSPITAL LIEN

**McAllen Medical Center** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **McAllen Medical Center** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **RAQUEL ALVARADO**
   **1810 MARIA**
   **WESLACO, TX 78592**

2. Date of Accident: (on or about), **12/02/2011**

3. Name and Address of Hospital:

   McAllen Medical Center
   301 W. Expressway 83
   McAllen TX 78503

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

   UNKNOWN

By: [signature]
Idomeia Gibson
Alegis Revenue Group, LLC
Agent for **McAllen Medical Center**

## ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on 12-12-11 by **Idomeia Gibson.**

DORA M. RAMIREZ
Notary Public, State of Texas
My Commission Expires
May 22, 2015

[signature]
Dora M. Ramirez
Notary Public, State of Texas

My commission expires: **May 22, 2015.**

Please return original to:
Alegis Revenue Group, LLC
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380

# HOSPITAL LIEN

**EDINBURG REGIONAL MEDICAL CENTER** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **EDINBURG REGIONAL MEDICAL CENTER** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **LAURA BOSON**
   **816 N. 6TH ST.**
   **MCALLEN, TX 78501**

2. Date of Accident: (on or about), **08/27/2012**

3. Name and Address of Hospital:

   EDINBURG REGIONAL MEDICAL CENTER
   1102 West Trenton Road
   Edinburg TX 78539

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

   UNKNOWN

Filed for Record in:
Hidalgo County
by Arturo Guajardo Jr.
County Clerk

On: Feb 20,2013 at 08:48A

As a Recording

Document Number: 2383825
Total Fees : 13.00

Receipt Number - 1336990
By:
MaryLou Cantu, Deputy

By: [signature]
Stephanie Reyes
Alegis Revenue Group, LLC
Agent for **EDINBURG REGIONAL MEDICAL CENTER**

## ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on 2-12-13 by **Stephanie Reyes.**

WENDY R. HERRON
Notary Public, State of Texas
My Commission Expires
February 13, 2016

[signature]
Wendy R. Herron
Notary Public, State of Texas

My commission expires: **February 13, 2016**

Please return original to:
Alegis Revenue Group, LLC
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380

Recorded On-2009-May-27 As-2001611

2001611

## HOSPITAL LIEN

McAllen Medical Center does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **McAllen Medical Center** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **Eduardo Cantu**
   **701 Dipper**
   **Pharr, Texas 78577**

2. Date of Accident: (on or about), 12/07/06

3. Name and Address of Hospital:

   McAllen Medical Center
   301 W. Expressway 83
   McAllen, Texas 78503

4. Name of party or parties alleged to be liable to pay damages (if known): UNKNOWN

By: [signature]

Turek DeVore, PC
Agent for McAllen Medical Center

## ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF HIDALGO**

This instrument was acknowledged before me on May 18 2009 by **Parul Das.**

[signature]
**Patricia A. McCulloch**
Notary Public, State of Texas

PATRICIA A. MCCULLOCH NOTARY PUBLIC STATE OF TEXAS EXPIRES AUGUST 09, 2011

My commission expires: August 09, 2011

Please return original to:
Turek DeVore, PC
1201 Lake Woodlands Drive, Ste 4026
The Woodlands, Texas 77380

Recorded On 2010-Jan-28 As 2070643 1/28/2010 (500168)

2070643

# HOSPITAL LIEN

In the matters of **MARIA DELCARM FERNANDEZ** notice is hereby given that a hospital known as **MCALLEN MEDICAL CENTER** located at 301 W EXPWY 83, MCALLEN, TX 78503 claims a lien, in accordance to Chapter 55 of the Texas Property Code, for the treatment, care and maintenance of:

**MARIA DELCARM FERNANDEZ**
**4009 CENIZO ST**
**MISSION, TX 78574**

in the County of **HIDALGO** Texas, in order to fix and preserve such lien states as follows:

On or about **9/16/2009**, **MARIA DELCARM FERNANDEZ** allegedly sustained personal injuries and sought treatment for said injuries within seventy-two (72) hours as a result of an accident.

Treatment, care and maintenance was provided by MCALLEN MEDICAL CENTER for a period of not longer than one hundred days, and the amount due is based upon charges that are reasonable and at a regular rate for such services.

The name and address of the person or persons, if known, alleged to be liable for the damages arising from said injury are:

**UNKNOWN**

Dated January 21, 2010
MCALLEN MEDICAL CENTER

By: Laura Holman
Laura Holman
Cardon Healthcare Network, Inc.
Agent for MCALLEN MEDICAL CENTER

**PLEASE RETURN ORIGINALS TO:**

Cardon Healthcare Network, Inc.
1400 W. Trenton
Edinburg, TX 78528

ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF MONTGOMERY

This instrument was acknowledged before me on January 21, 2010 by Laura Holman.

K. J. SMITH
MY COMMISSION EXPIRES
November 3, 2012

K J Smith
Notary Public, State of Texas
K. J. Smith
Notary's Name Typed or Printed
My Commission expires: November 3, 2012

112356878

Hidalgo County
real property official records search

Friday, November 14, 2014

Home | Free Search | Counties | Search Help | Support | Contact Us | Account Information | Logout

Place your cursor on the buttons below and a description of what each button is used for will appear.

Back to the search page

Printing Instructions

Recorded On 2012-Jan-28 As 2275484

2275484

## HOSPITAL LIEN

**McAllen Medical Center** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **McAllen Medical Center** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

**RODOLFO GARZA**
**PO BOX 526**
**BEN BOLT, TX 78342**

2. Date of Accident: (on or about), **01/05/2012**

3. Name and Address of Hospital:

McAllen Medical Center
301 W. Expressway 83
McAllen TX 78503

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

UNKNOWN

By: ____________
Idomeia Gibson
Alegis Revenue Group, LLC
Agent for **McAllen Medical Center**

**ACKNOWLEDGMENT**

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on 1-18-12 by **Idomeia Gibson.**

DORA M. RAMIREZ
Notary Public, State of Texas
My Commission Expires
May 22, 2015

Dora M. Ramirez
Notary Public, State of Texas

My commission expires: **May 22, 2015.**

Please return original to:
Alegis Revenue Group, LLC
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380

Recorded On 2012 Jan 26 As 2275584

2275584

## HOSPITAL LIEN

**McAllen Medical Center** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **McAllen Medical Center** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **RUBIE GONZALEZ**
   **3103 W US HIGHWAY 83**
   **MCALLEN, TX 78501**

2. Date of Accident: (on or about), **12/09/2011**

3. Name and Address of Hospital:

   McAllen Medical Center
   301 W. Expressway 83
   McAllen TX 78503

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

   UNKNOWN

By: ____________________
Idomeia Gibson
Alegis Revenue Group, LLC
Agent for **McAllen Medical Center**

## ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on 1-18-12 by **Idomeia Gibson**

Dora M. Ramirez
Notary Public, State of Texas

DORA M. RAMIREZ
Notary Public, State of Texas
My Commission Expires
May 22, 2015

My commission expires: **May 22, 2015.**

Please return original to:
Alegis Revenue Group, LLC
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380

2183021

# HOSPITAL LIEN

**McAllen Medical Center** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **McAllen Medical Center** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **EUDELIA GUERRERO**
   **3015 E FM 2812**
   **EDINBURG, TX 785421307**

Filed for Record in:
Hidalgo County
by Arturo Guajardo Jr.
County Clerk

On: Feb 28,2011 at 09:42A

As a Recording

Document Number: 2183021
Total Fees : 13.00

Receipt Number - 1179072
By,
Carolyn martinez, Deputy

2. Date of Accident: (on or about), **02/11/2011**

3. Name and Address of Hospital:

   McAllen Medical Center
   301 W. Expressway 83
   McAllen TX 78503

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

   UNKNOWN

By: ______________________
Idomeia Gibson
Meridian Revenue Solutions, LLC
Agent for **McAllen Medical Center**

## ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on 2-21-11 by **Idomeia Gibson.**

JOANNA L. GARZA
MY COMMISSION EXPIRES
AUGUST 27, 2011

Joanna L. Garza
Notary Public, State of Texas

My commission expires: **August 27, 2011**

Please return original to:
Meridian Revenue Solutions, LLC
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380

Recorded On-2013-May-29 As-2416492

**HOSPITAL LIEN** 2416492

**McAllen Medical Center** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **McAllen Medical Center** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **DEAN GUSTIN**
   **1341 W US HIGHWAY 83**
   **ALAMO, TX 78516**

2. Date of Accident: (on or about), **04/24/2013**

3. Name and Address of Hospital:

   McAllen Medical Center
   301 W. Expressway 83
   McAllen TX 78503

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

   UNKNOWN

By: [signature]
Stephanie Reyes
Alegis Revenue Group, LLC
**Agent for McAllen Medical Center**

**ACKNOWLEDGMENT**

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on 5-21-13 by **Stephanie Reyes.**

WENDY R. HERRON
Notary Public, State of Texas
My Commission Expires
February 13, 2016

[signature]
Wendy R. Herron
Notary Public, State of Texas

My commission expires: **February 13, 2016**

Please return original to:
Alegis Revenue Group, LLC
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380

2235232

# HOSPITAL LIEN

**McAllen Medical Center** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **McAllen Medical Center** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **JESUS LEIJA**
   **513 E BUCHANAN AVE**
   **ALTON, TX 78573**

2. Date of Accident: (on or about), **06/09/2011**

3. Name and Address of Hospital:

   McAllen Medical Center
   301 W. Expressway 83
   McAllen TX 78503

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

   UNKNOWN

Filed for Record in:
Hidalgo County
by Arturo Guajardo Jr.
County Clerk

On: Aug 23,2011 at 02:56P

As a Recording

Document Number: 2235232
Total Fees : 13.00

Receipt Number - 1219172
By,
Imelda Leal, Deputy

By: ______________________
Idomeia Gibson
Meridian Revenue Solutions, LLC
Agent for **McAllen Medical Center**

## ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on 8-15-11 by **Idomeia Gibson.**

DORA M. RAMIREZ
Notary Public, State of Texas
My Commission Expires
May 22, 2015

______________________
Dora M. Ramirez
Notary Public, State of Texas

My commission expires: **May 22, 2015.**

Please return original to:
Meridian Revenue Solutions, LLC
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380

Recorded On-2012-Jun-19 As-2318227

2318227

**HOSPITAL LIEN**

**McAllen Medical Center** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **McAllen Medical Center** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **JOSE MORA**
   **716 E GARFIELD ST**
   **SAN JUAN, TX 78589**

2. Date of Accident: (on or about), **06/01/2012**

3. Name and Address of Hospital:

   McAllen Medical Center
   301 W. Expressway 83
   McAllen TX 78503

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

   UNKNOWN

By: [signature]
Stephanie Reyes
Alegis Revenue Group, LLC
Agent for McAllen Medical Center

**ACKNOWLEDGMENT**

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on 6-12-12 by **Stephanie Reyes.**

[signature]
Wendy R. Herron
Notary Public, State of Texas

WENDY R. HERRON
Notary Public, State of Texas
My Commission Expires
February 13, 2016

My commission expires: **February 13, 2016**

Please return original to:
Alegis Revenue Group, LLC
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380

Recorded On-2011-Dec-28 As-2268078

2268078

## HOSPITAL LIEN

**McAllen Medical Center** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **McAllen Medical Center** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **LUIS SALAZAR**
   **3103 W US HIGHWAY 83**
   **MCALLEN, TX 78501**

2. Date of Accident: (on or about), **12/09/2011**

3. Name and Address of Hospital:

   McAllen Medical Center
   301 W. Expressway 83
   McAllen TX 78503

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

   UNKNOWN

By: [signature]
Stephanie Reyes
Alegis Revenue Group, LLC
Agent for **McAllen Medical Center**

## ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on 12/21/11 by Stephanie Reyes.

[signature]
Dora M. Ramirez
Notary Public, State of Texas

DORA M. RAMIREZ
Notary Public, State of Texas
My Commission Expires
May 22, 2015

My commission expires: May 22, 2015.

Please return original to:
Alegis Revenue Group, LLC
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380

Recorded On-2010-Jun-10 As-2110471

2110471

## HOSPITAL LIEN

**McAllen Medical Center** does hereby give written notice under the provisions of TEX. PROP. CODE ANN. Section 55.001 et seq., in order to perfect the lien of **McAllen Medical Center** upon any and all rights of action, suits, claims, counterclaims and demands of the following named person on account of personal injuries received.

1. Name and address of Injured Person:

   **ENCARNACION SALINAS**
   **2413 DIANA ST**
   **DONNA, TX 78537**

2. Date of Accident: (on or about), **05/27/2010**

3. Name and Address of Hospital:

   McAllen Medical Center
   301 W. Expressway 83
   McAllen TX 78503

4. Name of party or parties alleged to be liable for damages arising from the injury, including but not limited to, the following:

   UNKNOWN

By: [signature]
Idomeia Gibson
Meridian Revenue Solutions, LLC
Agent for **McAllen Medical Center**

## ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF MONTGOMERY**

This instrument was acknowledged before me on 6-10-10 by **Idomeia Gibson**.

JOANNA L. GARZA
MY COMMISSION EXPIRES
AUGUST 27, 2011

[signature]
Joanna L. Garza
Notary Public, State of Texas

My commission expires: **August 27, 2011**

Please return original to:
Meridian Revenue Solutions, LLC
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380

# Exhibit B

# Exhibit B-1

| | | | | |
|---|---|---|---|---|
| 12/2/2013 3:17 PM | AMDAVIS | | GEN (GENERAL WORK NOTE) | Lien File Date - 01/26/2012, Docket Number - 2275450, Release of Lien File Date - 11/13/2013, Release Docket Number - 2464043 |
| 11/4/2013 11:14 AM | TWITCHER | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS TX ROL REQUESTED |
| 10/28/2013 9:44 AM | sreyes | Status Code changed from L910 to L951. | GEN (GENERAL WORK NOTE) | TPL PAYMENT POSTED TO ACCOUNT ON 10/24/13 IN THE AMOUNT OF $21,790.30 ACCOUNT PAID IN FULL SR ALEGIS L951 |
| 10/22/2013 9:52 AM | sreyes | Status Code changed from L900 to L910. | GEN (GENERAL WORK NOTE) | RECEIVED CHECK FROM ATTY OFC IN THE AMOUNT OF 21790.30 CHECK#22696 FOR APPROVED REDUCTION MADE PAYABLE TO ALEGIS GAVE TO CSPILKER TO ENDORSE SENT TO CBO FOR POSTING SR ALEGIS 910 |
| 10/17/2013 10:47 AM | csanchez | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM #361-985-0600 SPOKE TO JENNIFER WHO STD CHECK WAS SENT OUT CERTIFIED STD SHE RECEIVED HER GREEN CARD BACK STD WE SHOULD BE GETTING IN THE MAIL TODAY CCS ALEGIS L900 |
| 10/9/2013 1:30 PM | csanchez | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM #361-985-0600 SPOKE TO JENNIFER WHO sSTD CHECK WILL BE SENT OUT TODAY CCS ALEGIS L900 |
| 9/30/2013 9:24 AM | csanchez | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT PENDING TO RECEIVE CHECK. CCS ALEGIS L900 |
| 9/20/2013 10:30 AM | csanchez | Status Code changed from L630 to L900. | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM #361-985-0600 SPOKE TO JENNIFER WHO STD CHECKS WILL BE SENT OUT NEXT WEEK. CCS ALEGIS L900 |
| 9/5/2013 9:58 AM | csanchez | Status Code changed from L610 to L630. | GEN (GENERAL WORK NOTE) | RECEIVED A CALL FROM JENNIFER WHO STD IS NOT ABLE TO DISCLOSE INFO . ADVISE HER BASED ON INFORMATION PROVIDED WILL OFFERTHE AMOUNT OF $21,790.30 . STD TO SEND IT TO HER IN WRITING SO SHE CAN SEND TO ATTY AND ATTY CAN ASK JUDGE IF ITS OKAY TO CUT A CHECK OUT DUE TO SETTLEMENT WAS FROM A JUDGE APPROVAL. FAXED SETTLEMENT LETTER TO ATTY OFFICE . CCS ALEGIS L630 |
| 9/5/2013 9:53 AM | csanchez | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ATTY MASTER SETTLEMENT SHEET (GENERAL) |
| 9/4/2013 3:50 PM | csanchez | | GEN (GENERAL WORK NOTE) | RECEIVED A CALL FROM JENNIFER WITH ATTY OFFICE REQ STATUS ON REDUCTION ADVISE HER THAT I NEED SETTLEMENT AMT STD IS NOT ABLE TO DISCLOSE BUT WILL RELAY MSG TO ATTY TO SEE WHAT HE WANTS TO DO . WILL CALL ME BACK CCS ALEGIS L610 |
| 8/30/2013 3:43 PM | csanchez | Status Code changed from L600 to L610. | GEN (GENERAL WORK NOTE) | RECEIVED RED REQ FROM ATTY OFFICE NO AMT OF SETTLEMENT CALLED ATTY OFFICE JENNIER SUDDUTH AT 361-816-0063 NO ANSWER LVM FOR A RTN CALL ADVISE HER I NEED THE AMT OF THE SETTLEMENT IN ORDER TO REVIEW REDUCTION . CCS ALEGIS L610 |
| 8/23/2013 7:59 AM | wharren | | GEN (GENERAL WORK NOTE) | INCOMING FAX RECEIVED AND SENT TO CSANCHEZ AND SREYES WITH ALEGIS |
| 8/21/2013 4:53 PM | csanchez | | GEN (GENERAL WORK NOTE) | RECEIVED A CALL FROM JENNIFER WITH ATTY OFFICE STD MISPLACED REDUCTION FORM NEEDS ME TO REFAX ANOTHER ONE FAXED FOR OVER CCS ALEGIS L600 |
| 8/19/2013 8:31 AM | csanchez | | GEN (GENERAL WORK NOTE) | RECEIVED A VM FROM JENNIFER WITH ATTY OFFICE STD WANTED TO GET REDUCTION STATUS.<br>CALLED HER BACK ADVISE HER I RECEIVED HER REDUCTION REQ BUT I FAXED OVER A REDUCTION FORM THAT NEEDED TO BE FILLED OUT SHE STD SHE FAXED IT OVER. ADVISE HER DID NOT RECEIVE SHE TOLD ME SHE WOULD REFAX IT TODAY CCS ALEGIS L600 |
| 8/8/2013 2:12 PM | CMEXICANO | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM #361-985-0300 SPOKE TO KRISY, STATED I WOULD NEED TO TALK TO WITH JENNIFER AND TRANSFERED CALL. NO ANSWER, LEFT VM REQ CALL BACK WITH CASE STATUS, AND WHEN WE CAN EXPECT PMNT. CM ALEGIS L600 |
| 7/24/2013 5:13 PM | csanchez | Status Code changed from L310 to L600. | GEN (GENERAL WORK NOTE) | RECEIVED RED REQ FROM ATTY OFFICE L.A JENNIFER IN LETTER FORM EMAILED REDUCTION FORM TO HER ADVISE HER FORM NEEDS TO BE FILLED OUT CCS ALEGIS L600 |
| 7/22/2013 8:57 AM | csanchez | | GEN (GENERAL WORK NOTE) | FAXED LIEN NOTICE TO INS ADJ CCS ALEGIS L310 |
| 7/11/2013 11:30 AM | csanchez | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS TX ATTY LIEN NOTICE |
| 7/11/2013 11:28 AM | csanchez | | GEN (GENERAL WORK NOTE) | RECEIVED CALL FROM JENIFFER WITH ATTY OFFICE STATING SHE NEEDED LIEN WITH TOTAL AMOUNT. GAVE FAX#361-985-0601 ATT JENIFFER. CM ALEGIS L310 |
| 7/10/2013 12:29 PM | cguevero | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED AMERICAN FAMILY MUTUAL INSURANCE ADJUSTOR PATTI MUNDT #800.692.6326 X45395 TO OBTAIN STATUS ON CLAIM #00401645890 NO ANSWER LEFT MESSAGE REQ A RETURN CALL PRESSED 0 TO SPEAK TO SOMEONE ELSE SPOKE WITH LESLIE WHO STATED I NEED TO SPEAK TO TYRA CASPER X44103 I WAS TRANSFERED TO HER NO ANSWER LEFT MESSAGE REQ A RETURN CALL GG ALEGIS L310 |
| 6/4/2013 2:59 PM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY LAW 361.985.0600 SPOKE WITH JENNIFER STATED THEY HAVE A 2ND MEDIATION ON 7/11/2013. GS ALEGIS L310. |
| 5/2/2013 9:30 AM | gsantana | Status Code changed from L300 to L310. | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM 361.985.0600 SPOKE WITH JENNIFER STATED CASE IS IN LITIGATION. GS ALEGIS L310. |
| 4/3/2013 10:25 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0600 SPOKE WITH JENNIFER STATED THEY HAVE MEDIATION SET FOR THE END OF THIS MONTH. PER IDOCKET.COM FOUND CASE # C-2975-12-C Civil Docket: Case C-2975-12-C 529813: Civil<br>RODOLFO GARZA vs ERWIN DORROW<br>Filed 09/26/2012 - Disposition:<br>139th District Court, District Clerk, Hidalgo County, Texas<br><br>GS ALEGIS L300. |
| 3/5/2013 3:09 PM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0600 SPOKE WITH REP TRANSFERRED CALL TO VOICE MAIL BOX. LEFT VOICE MESSAGE REQUESTING A RETURN CALL WITH CASE STATUS. GS ALEGIS L300. |
| 2/4/2013 9:48 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0600 SPOKE WITH REP TRANSFERRED CALL TO ATTORNEY OFFICE, NO ANSWER LEFT VOICE MESSAGE REQUESTING A RETURN CALL WITH CASE STATUS. GS ALEGIS L300. |
| 1/4/2013 11:11 AM | csanchez | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0600 SPOKE RECEPTIONIST WHO STD MISTY WHO STD IS ON THE OTHER LINE LVM FOR A RTN CALL CCS ALEGIS L300 |
| 12/6/2012 1:27 PM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0600 SPOKE WITH JOSIE STATED CASE IS STILL PENDING AND ACTIVE. GS ALEGIS L300. |
| 11/7/2012 9:41 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT RECEIVED A RETURN CALL FROM ADJUSTOR PATTI STATED ATTORNEY FILED LAW SUIT, DID NOT WANT TO NEGOTIATE ON CLAIM # 00401645890, IS AWARE OF HOSPITAL LIEN ON FILE. STATED SHE IS NO LONGER HANDLING CLAIM. ATTORNEY JONATHAN NAGYE AT EXT. 44105 IS CLAIM HANDLER. GS ALEGIS L300. |
| 11/5/2012 9:35 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE AMERICAN FAMILY MUTUAL INSURANCE ADJUSTOR PATTI MUNDT 800.692.6326 EXT.45395 NO ANSWER PER VOICE MAIL IS CURRENTLY OUT OF THE OFFICE, LEFT VOICE MESSAGE REQUESTING A RETURN CALL WITH STATUS ON CLAIM #00401645890. NEED TO VERIFY IF RECEIVED HOSPITAL LIEN. GS ALEGIS L300. |
| 10/5/2012 10:28 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE LAW OFFICE OF THOMAS J HENRY 361.985.0600 SPOKE WITH JODY STATED PATIENT IS STILL TREATING, CASE IS STILL OPEN. GS ALEGIS L300. |
| 9/6/2012 10:27 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE AMERICAL FAMILY MUTUAL INSURANCE ADJUSTOR PATTI MUNDT 800.692.6326 EXT.45395 NO ANSWER LEFT VOICE MAIL REQUESTING A RE TURN CALL WITH STATUS ON CLAIM # 00401645890. DIALED 0 UNABLE TO SPEAK TO ANOTHER REPRESENTATIVE. FAXED HOSPITAL LIEN TO TP INSURANCE ADJUSTOR PATTI AT FAX # 866.364.0985. GS ALEGIS L300. |
| 9/6/2012 10:25 AM | gsantana | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS TX INS LIEN NOTICE |
| 8/3/2012 11:10 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT RECEIVED A RETURN CALL FROM JODY WITH THE THOMAS J HENRY LAW FIRM 361.985.0600 JODY STATED CASE IS STILL PENDING, STATED SHE IS STILL WORKING ON CASE. GS ALEGIS L300. |
| 8/3/2012 10:53 AM | gsantana | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE THOMAS J HENRY LAW FIRM 361.985.0600 SPOKE WITH RECEPTIONIST TRANSFERRED CALL TO CASE MANAGER JODY VELASQUEZ VOICE MAIL. LEFT VOICE MESSAGE REQUESTING A RETURN CALL WITH STATUS ON CASE. GS ALEGIS L300. |
| 7/3/2012 8:10 AM | GSANTANA | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT CALLED THE AMERICAN FAMILY MUTUAL INSURANCE ADJUSTOR PATTI MUNDT 800.692.6326 EXT.45395 NO ANSWER LEFT VOICE MAIL REQUESTING A RETURN CALL WITH STATUS ON CLAIM #00-401-645890. CALLED FIRST PARTY INSURANCE ADJUSTOR ARNOLD 361.767.7830 SPOKE WITH ADJUSTOR STATED PATIENT HAD A PIP CLAIM OPEN. PIP HAS BEEN EXHAUSTED. GS ALEGIS L300. |
| 6/4/2012 3:23 PM | GSANTANA | | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT FAXED HOSPITAL LIEN TO ATTORNEY FAX #351.985.0601. GS ALEGIS L300. |
| 5/23/2012 11:39 AM | GSANTANA | | GEN (GENERAL WORK NOTE) | INSURANCE TAB UPDATED. GS ALEGIS L300. |
| 5/23/2012 11:29 AM | GSANTANA | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS TX ATTY LIEN NOTICE |
| 5/23/2012 11:07 AM | GSANTANA | | GEN (GENERAL WORK NOTE) | TELEPHONED THOMAS J HENRY 361.9855.0600 SPOKE WITH RECEPTIONIST TRANSFERRED ME TO ROGER VILLAS NO ANSWER LEFT VOICE MAIL REQUESTING A RETURN CALL WITH STATUS ON CASE. TELEPHONED TEXAS FARM BUREAU ADJUSTOR ARNOLD RAMIREZ 361.767.7830 LINE BUSY DIALED 3X'S BUSY SIGNAL.WILL TRY AGAIN. TELEPHONED UNIT #3 INSURANCE AMERICAN FAMILY MUTUAL ADJUSTOR PATTI MUNDT 800.692.6326 EXT.45395 NO ANSWER LEFT VOICE MAIL REQUESTING A RETURN CALL WITH STATUS ON CLAIM #00-401-645890. RECEIVED A RETURN CALL FROM DANA WITH ATTORNEY OFFICE 361.985.0600 STATED CASE IS IN NEGOTIATIONS. INSURANCE HAS NOT MADE OFFERS YET. WILL FAX HOSPITAL LIEN TO FAX #361.985.0601. GS ALEGIS L300. |
| 4/20/2012 2:54 PM | GSANTANA | Status Code changed from L305 to L300. | GEN (GENERAL WORK NOTE) | TELEPHONED THOMAS J HENRY 361.985.0600 PER RECEPTIONIST CASE MANAGER IS ROGER VILLAS. IS WITH A CLIENT AT THIS TIME. TRANSFERRED ME TO VOICE MAIL. LEFT MESSAGE REQUESTING A RETURN CALL WITH STATUS ON CASE. PER POLICE REPORT UNIT #1 (PATIENT) HAS TEXAS FARM BUREAU INSURANCE 800.772.6535. TELEPHONED PATIENTS INSURANCE SPOKE TO TAMMY STATED THERE IS A CLAIM OPENED. CLAIM # 335054 ADJUSTER IS ARNOLD RAMIREZ TEL.361.767.7830 FAX #868.210.6836. TRANSFERRED TO ADJUSTER VOICE MAIL LEFT MESSAGE REQUESTING A RETURN CALL WITH STATUS ON CLAIM #335054. UNIT #1 HAS FIRST PARTY COVERAGE. UNIT #3 HAS AMERICAN FAMILY MUTUAL INSURANCE 800.692.6326. UNIT #1 HAS FIRST TELEPHONED UNIT #3 INSURANCE 800.692.6326 SPOKE TO SHANNON STATED THERE IS A CLAIM OPEN. CLAIM #00-401-645890, ADJUSTER PATTI MUNDT, TEL #800.692.6326 EXT.45395, FAX #866.364.0985 GS ALEGIS L300. |
| 3/16/2012 3:34 PM | jrodriguez | | GEN (GENERAL WORK NOTE) | ACCIDENT REPORT HAS BEEN SCANNED ONTO THE DOCUMENTS FOLDER. JAR ALEGIS |
| 2/21/2012 4:33 PM | jrodriguez | Status Code changed from L105 to L305. | GEN (GENERAL WORK NOTE) | PLACED CALL TO THE LAW OFFICE OF THOMAS J. HENRY @ 361.985.0600 SPOKE TO RECEPTIONIST ERICA WHO DID CONFIRM REP. SHE INFORMED ME THAT LEGAL ASSISTANT MARIA MORENO AND CURRENTLY SHE IS IN A MEETING WITH A CLIENT. ERICA DID CONFIRM REP. LEFT MSG FOR LEGAL ASSISTAIN TO RETURN MY CALL. JAR ALEGIS L305 |
| 2/10/2012 2:31 PM | wharren | | GEN (GENERAL WORK NOTE) | A LIEN WAS FILED IN HIDALGO COUNTY ON 1/26/2012 DOCKET # 2275486 |
| 2/6/2012 11:25 AM | csanchez | Status Code changed from L100 to L105. | GEN (GENERAL WORK NOTE) | REVIEW ACCOUNT.RECEIVED A CALL FROM PT WHO STATED HAS FILED CLAIM WITH AT FAULT PARTY DOES NOT HAVE INSURANCE INFO BUT HAS ATTY THOMAS J. HENRY OF FROM CORPUS AT 361-985-0600. STATED HIS NUMBER IS 361-227-5108.STATED LEGAL ASSISTANT MARIA MORENO. CALLED AND SPOKE TO RECEPTIONIST WHO TRANSFER ME OVER TO A VM LVM FOR ARTN CALL NEED TO VERIFY REPRESENTATION. WILL LEAVE IT AT L105 UNTIL CONTACT WITH ATTY OFFFICE IS MADE. CCS ALEGIS L105 |
| 2/1/2012 12:01 AM | sa | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS WDLDS 2ND CONTACT LTR-GENERAL |
| 1/26/2012 2:07 PM | dalejandro | | GEN (GENERAL WORK NOTE) | FOLLOW UP ON ACCT.: PER PRIOR NOTES PT NUMBER 361.227.5108 IS A WRONG NUMBER. NO NOK NUMBERS. CALLED MISSION DPS AT 956.585.3126 PER CAROL P/R READY TO BE P/U. REQUESTING P/R FROM JUAN RODRDIGUEZ, ONCE P/ RRECEIVED WILL REVIEW FOR POSSIBLE TPL AND/OR PIP/MEDPAY. DLA ALEGIS L100 |
| 1/20/2012 10:36 AM | wharren | | GEN (GENERAL WORK NOTE) | PATIENT LIEN NOTICE WILL BE SENT TO PT ON 1/25/2012 |
| 1/17/2012 8:59 AM | wharren | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS TX LIEN REQUESTED |
| 1/12/2012 9:05 AM | ovasquez | | GEN (GENERAL WORK NOTE) | AFTER RUNNING SKIP TRACE A NEW ADDRESS WAS FOUND ON ACCOUNT |
| 1/12/2012 12:00 AM | sa | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | ALEGIS WDLDS 1ST CONTACT LTR-GENERAL |
| 1/11/2012 10:56 AM | laguirre | Status Code changed from L000 to L100. | GEN (GENERAL WORK NOTE) | COORINATED BENEFITS: PATIENT HAS NO MEDICAID . WILL WORK REFFERRAL TO DETERMINE IF FIRST PARTY OR THIRD PARTY PAYES ARE ASLO AVAILABLE.<br><br>AS PER SMS ACCIDENT OCCURED ON GLOASSCOCK AND 107. PLACED CAL LTO PT. @ 361-227-5108. SPOKE TO MALE WHO STATED HE DID NOT KNOW PT. AND THAT I HAVE THE WRONG #. WILL REQUEST SKIP TRACE ON ACCOUNT. TO OBTAIN PHYSICAL ADDRESS AND CONTACT NUMBER FOR PT. WILL REQUEST LIEN ON HIGH BALANCE ACCOUNT.PLACED CALL TO MISSION PD . WAS REDIRECTED TO MISISON DPS @ 956-585-3126. SPOKE TO HILDA WHO STATED SHE DID NOT HAVE ANYTHING FOR THAT DOA YET TO TRY BACK NEXT WEEK. WILL F.U WITH DPS. LA ALEGIS L100 |
| 1/10/2012 11:39 AM | sa | Status Code changed | | |

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 60 of 131

| Updated On | Updated By | Change Description | Note Type | Notes |
|---|---|---|---|---|
| 4/3/2013 8:13 AM | JTAYLOR | Status Code changed from R900 to R910. | GEN (GENERAL WORK NOTE) | TRACKING # 8010 5127 4246 SENT ALL CHECKS TO DARLENE YOUNG |
| 3/14/2013 7:37 AM | JTAYLOR | Status Code changed from R104 to R900. | GEN (GENERAL WORK NOTE) | TRACKING # 8010 5127 4706 |
| 3/5/2013 8:11 AM | JTAYLOR | Status Code changed from R102 to R104. | GEN (GENERAL WORK NOTE) | RECEIVED IBILL UPLOADED INTO SYSTEM. DIRECT QUESTIONS COMPLETED. FORWARDING TO JOHN GOSS FOR SIGNATURE AND NOTARY. JAT. ALEGIS.R104 |
| 2/25/2013 11:49 AM | JTAYLOR | | GEN (GENERAL WORK NOTE) | RECEIVED IBILL UPLOADED INTO SYSTEM |
| 2/21/2013 7:21 AM | JTAYLOR | | LETTER (AUTOMATED LETTER GENERATED ON APOGEE) | RECINVLTR |
| 2/21/2013 7:21 AM | JTAYLOR | | GEN (GENERAL WORK NOTE) | SENDING INVOICE USPS.JAT.ALEGIS.R102 |
| 2/20/2013 11:23 AM | JTAYLOR | | GEN (GENERAL WORK NOTE) | RECEIVED DIRECT QUESTION REQUEST UPLOADED ITNO SYSTEM. JAT.ALEGIS.R102 |
| 2/20/2013 11:21 AM | JTAYLOR | Status Code changed from <empty> to R102. | | |



ALEGIS

January 17, 2012

RODOLFO GARZA
305 WHITNEY & FIRST
BEN BOLT TX 783420526

Re: McAllen Medical Center
HOSPITAL LIEN NOTICE PURSUANT TO TEXAS PROPERTY CODE SECTION 55.005(d)

Patient: RODOLFO GARZA
Account No.: 115172793

Dear Mr./Ms. GARZA:

The patient referenced above received treatment at McAllen Medical Center for injuries caused by an accident that is attributed to the negligence of a third party. Because of this treatment, McAllen Medical Center claims a hospital lien on any resulting personal injury recoveries pursuant to Texas Property Code Section 55.001, *et seq.*

In accordance with Section 55.005(d) of the Texas Property Code, please allow this to serve as written notice that a hospital lien has been filed with HIDALGO Clerk's office. Further, Section 55.005(d) requires that the following disclosures be provided:

1. the hospital lien will attach to any cause of action or claim the patient referenced above may have against another person for the patient's injuries; and

2. the hospital lien does not attach to real property owned by the patient referenced above.

If you have any questions regarding the hospital lien or need any further information or documentation, do not hesitate to contact me.

Sincerely,

Wendy Aerson

Authorized Agent for McAllen Medical Center
Alegis Revenue Group, LLC

Alegis Revenue Group
1201 Lake Woodlands Drive, Suite 4024 The Woodlands, Texas 77380
Phone: (855) 637-7383 Facsimile: (281) 719-7060



Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 62 of 131

1/25/2012

LAW OFFICES OF THOMAS HENRY
521 STARR STREET
CORPUS CHRISTI TX 78401

Re: Request for Information from McAllen Medical Center

Patient: RODOLFO GARZA
Alegis Tracking #: 115172793
Date of Injury: 01/05/2012

To Whom it May Concern:

Alegis Revenue Group, LLC has recently received a request for records on the above referenced patient who received services at McAllen Medical Center. This request will be processed upon receipt of payment in the amount shown on the attached invoice. Please forward payment in full for this invoice to the address provided below.

Alegis will take no further action on this request until payment in full is received. Please feel free to contact our office at (804) 237-7264, if you have further questions.

Thank you for your time and attention to this matter.

Sincerely,

Ashley Poole
Account Representative
5309 Commonwealth Centre Pkwy, Ste 300
Midlothian, VA 23112
Phone: (804) 237-7264
Fax: (804) 525-2697

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 63 of 131

ALEGIS

1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380
(281) 719-7000
(855) 637-7383
(281) 719-7048 *fax*

**Date:** Thursday, September 06, 2012 10:28A

**From:** GENESIS SANTANA

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
|---|---|---|
| | | 8663640985 |

**Number of pages including cover sheet:** 2

**Description :** LIEN NOTICE FOR CLAIM # 00-401645890

---

ATTN: PATTI MUNDT

THANK YOU.

If you have any problems receiving this transmission, please call (281) 296-0398.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

CONFIRMATION INFORMATION
Sent at: 09/06/2012 10:29AM
Number of pages: 2
Resolution: FINE
Fax Number: 8663640985
Destination name:
Sender Name: WOODLANDS.TPL
Description: LIEN NOTICE FOR CLAIM # 00-401645890
STATUS: SENT



September 6, 2012

AMERICAN FAMILY MUTUAL INSURANCE
PATTI MUNDT
Claim #: 00-401-645890
Via Facsimile (866) 364-0985

Re: McAllen Medical Center

| | |
|---|---|
| Patient: | RODOLFO GARZA |
| Account #: | 115172793 |
| Account Balance: | $31,129.00 |

Dear PATTI MUNDT:

The above patient received hospital services at McAllen Medical Center for injuries caused by an accident that is attributed to the negligence of other third parties. McAllen Medical Center claims a hospital lien on this action or claim pursuant to Tex. Prop. Code §55.001 *et seq.*

**The amount listed above may or may not be the total balance due. Please contact our office to request the final lien amount.**

If you have any questions regarding the hospital lien or need any further information or documentation, do not hesitate to contact me.

Sincerely,

Genesis Santana

Authorized Agent for McAllen Medical Center
Alegis Revenue Group, LLC



Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 65 of 131

2/21/2013

REPUBLIC SERVICES SAN ANTONIO
6391 DEZAVALA RD
STE 300
SAN ANTONIO TX 78249

Re: Request for Information from McAllen Medical Center

Patient: RODOLFO GARZA
Alegis Tracking #: 115172793-1
Date of Injury:

To Whom it May Concern:

Alegis Revenue Group, LLC has recently received a request for records on the above referenced patient who received services at McAllen Medical Center. This request will be processed upon receipt of payment in the amount shown on the attached invoice. Please forward payment in full for this invoice to the address provided below.

Alegis will take no further action on this request until payment in full is received. Please feel free to contact our office at (804) 237-7264, if you have further questions.

Thank you for your time and attention to this matter.

Sincerely,

Ashley Poole
Account Representative
5309 Commonwealth Centre Pkwy, Ste 300
Midlothian, VA 23112
Phone: (804) 237-7264
Fax: (804) 525-2697

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 66 of 131

**ALEGIS**
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380
(281) 719-7000
(855) 637-7383
(281) 719-7048 *fax*

**Date:** Monday, July 22, 2013 08:57AM

**From:** CYNDY SANCHEZ

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
|---|---|---|
| | | 361-985-0601 |

**Number of pages including cover sheet:** 2

**Description :** LIEN NOTICE

---

ATTN: JENNIFER
ATTACHED IS THE LIEN NOTICE
THANKS!

**If you have any problems receiving this transmission, please call (281) 296-0398.**

---

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

CONFIRMATION INFORMATION
Sent at: 07/22/2013 09:07AM
Number of pages: 2
Resolution: FINE
Fax Number: 361-985-0601
Destination name:
Sender Name: WOODLANDS.TPL
Description: LIEN NOTICE
STATUS: SENT



ALEGIS

July 22, 2013

THOMAS J HENRY
Attn: JENNIFER
Via Facsimile (361) 985-0601

Re: McAllen Medical Center

| | |
|---|---|
| Patient: | RODOLFO GARZA |
| Account No.: | 115172793 |
| Account Balance: | $31,129.00 |

Dear THOMAS J HENRY:

The above patient received hospital services at McAllen Medical Center for injuries caused by an accident that is attributed to the negligence of other third parties. McAllen Medical Center claims a hospital lien on this action or claim pursuant to Tex. Prop. Code §55.001 *et seq.*

**The amount listed above may or may not be the total balance due. Please contact our office to request the final lien amount.**

If you have any questions regarding the hospital lien or need any further information or documentation, do not hesitate to contact me.

Sincerely,

Cyndy Sanchez

Cyndy Sanchez
Authorized Agent for McAllen Medical Center
Alegis Revenue Group, LLC
Toll Free Line: (855) 637-7383

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 68 of 131

ALEGIS

1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380
(281) 719-7000
(855) 637-7383
(281) 719-7048 *fax*

**Date:** Wednesday, August 21, 2013 04:53PM

**From:** CYNDY SANCHEZ

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
|---|---|---|
| | | 361-985-0601 |

**Number of pages including cover sheet:** 2

**Description :** REDUCTION SHEET

ATTN: JENNIFER

**If you have any problems receiving this transmission, please call (281) 296-0398.**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

CONFIRMATION INFORMATION
Sent at: 08/21/2013 04:55PM
Number of pages: 2
Resolution: FINE
Fax Number: 361-985-0601
Destination name:
Sender Name: WOODLANDS.TPL
Description: REDUCTION SHEET
STATUS: SENT



ALEGIS

**1201 Lake Woodlands Drive, Suite 4024**
**The Woodlands, Texas 77380**
**(281) 719-7000**
**(855) 637-7383**
**(281) 719-7048 *fax***

**Date:**Thursday, September 05, 2013 09:55A

**From:**cyndy sanchez

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
|---|---|---|
| | | 361-985-0601 |

**Number of pages including cover sheet:** 2

**Description :**settlement letter

---

attn jennifer

**If you have any problems receiving this transmission, please call (281) 296-0398.**

---

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.



ALEGIS

September 5, 2013

THOMAS J HENRY
Attn: JENNIFER
Via Facsimile (361) 985-0601

Re: McAllen Medical Center

| | |
|---|---|
| Patient: | RODOLFO GARZA |
| Account No.: | 115172793 |
| Account Balance: | $31,129.00 |

Dear THOMAS J HENRY:

Our agency represents McAllen Medical Center in the above-referenced matter.

It is my understanding you are requesting a reduction of McAllen Medical Center's bill. Based on the information provided, McAllen Medical Center is willing to accept $21,790.30 as settlement in full for the hospital lien. As well as prompt payment within ten (10) business days from the date of this letter. Please make payment in the amount of $21,790.30 **payable to** McAllen Medical Center, and forward to the address below.

ALEGIS REVENUE GROUP
1201 LAKE WOODLANDS DRIVE STE 4024
THE WOODLANDS TX 77380

Sincerely,

Cyndy Sanchez

Cyndy Sanchez
Authorized Agent for McAllen Medical Center
Alegis Revenue Group, LLC
Toll Free Line: (855) 637-7383

# Exhibit B-2

# Notes Acct#15999732

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 2/7/2013 3:58:56 PM | RECEIVED CALL FROM IDA PENA WITH ERMC....SHE INFORMED ME THAT PT CAME IN REQUESTING TO MAKE PAYMENT ARRANGEMENTS WITH HOSPITAL. SHE INFORMED HER THAT THE ATTY WAS GETTING READY TO PROVIDE HER A CHECK FOR $1500.00...BUT THAT WOULDN'T COVER ALL THE MEDICAL BILLS SHE HAD.<br><br>AS PER SMS NOTES; PT IS BEING REPRESENTED BY THE RODRIGUEZ LAW FIRM @ 361.857.2291...PLACED CALL TO LAW OFFICE AND SPOKE TO DALIA WHO INFORMED ME THAT THE ATTY WAS IN A MEETING AT THIS TIME AND WOULD NEED TO CALL ME BACK...<br><br>AS PER THE PT..THE AT FAULT PARTY DID NOT HAVE ANY INSURANCE...THEY SETTLED ONLY WITH HER OWN VEHICLE INSURANCE.<br><br>PLACED CALL TO EDINBURG PD @ 956.383.7411 SPOKE TO NORA IN RECORDS WHO INFORMED ME THAT SHE SEE'S AN ACCIDENT ON 8.27.12 WITH THE PT'S NAME AND DOB. HOWEVER, THIS ACCIDENT WAS HANDLED BY MCALLEN PD CASE NO. 12-80780..ACC. LOC. 1100 N. 6TH ST. MCALLEN, TEXAS...WILL REQUEST ACC. REPORT AND LIEN ON ACCT. JAR.ALEGIS.L105 | jrodriguez | GEN | NO |
| 2/11/2013 8:14:13 AM | ALEGIS TX LIEN REQUESTED | wherron | LETTER | NO |
| 2/13/2013 2:21:22 PM | FOLLOW UP ON ACCOUNT , PLACED CALL TO ATTORNEY RODRIGUEZ LAW FIRM @ 361-857-2291 AS PER FEMALE ATTORNEY NOT AVAILABLE AND WOULD HAVE TO CALL ME BACK , POLICE REPORT REQUEST BUT YET RECEIVED , WILL CONTINUE TO FOLLOW UP ON ACCOUNT ... JR ALEGISL105 | jarodriguez | GEN | NO |
| 2/19/2013 2:57:50 PM | PLACED CALL TO THE RODRIGUEZ LAW FIRM @ 361.857.2291 SPOKE TO PAULA WHO INFORMED ME THAT THE CASE WAS CLOSED...THEY SETTLED WITH PT...NO TPL TO PURSUE...ONLY PIP. ACCT WILL BE RETURNED DUE TO NO TPL TO PURSUE..LIEN DOES NOT ATTACH TO A PIP CLAIM. JAR.ALEGIS.L700 | jrodriguez | GEN | NO |
| 2/21/2013 12:16:44 PM | PATIENT LIEN NOTICE WILL BE SENT TO PT AND ATTY ON 2/22/2013 | wherron | GEN | YES |
| 2/25/2013 9:43:24 AM | RECEIVED CALL FROM ATTY OFFICE STATING THAT SHE HAS RECEIVED OUR LIEN NOTICE BUT THEY NO LONGER REP THIS PT DUE TO THERE IS NO TPL TO PURSUE. REVIEWED NOTES AND SEE THAT ACCT HAS BEEN RETURNED. WILL SEND EMAIL TO JUAN RODRIGUEZ TO REVIEW ACCT AND VERIFY IF A RELEASE NEEDS TO BE PROCESSED. WRH ALEGIS L700 | wherron | GEN | YES |

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 2/27/2013 9:17:12 AM | RECEIVED A CALL FROM PT WHO STD RECEIVED LIEN NOTICE AND WANTED TO KNOW WHY SHE HAS A LIEN SINCE THERE IS NO TP OUT THERE. STD OTHER PARTY HAD NO INS. AND HER PIP KICKED IN FOR THE AMOUNT OF $1500.00 STD ATTY ADVISE HER TO NEGOTIATE AMOUNTS WITH THE AMOUNT OF THE PIP CHECK. PER PT ATTY DROPPED HER DUE TO NO INS TO PERUSE. . STATED SHE WANTS TO PAY ALL THE PROVIDERS WITH HER CHECK SHE MENTIONED SHE HAD 2 VISITS TO ERMC DUE TO HER VISIT. FOUND ACCT LINKED TOGETHER. ADVISE HER SHE CAN MAKE PAYMENT PLANS OR WE CAN PROVIDE A REDUCTION FOR HER STD WANTS A REDUCTION SO SHE CAN PAY OFF BOTH ACCOUNTS OFF. PROVIDED ME WITH INFO ON ALL PROVIDERS SCANNED INTO ACCT. PER PT WANTS TO PAY AT LEAST $1100.00 STD ONCE SHE GETS CHECK SHE WILL GO AND PAY AT LEAST ERCM AND ER DC THE REST WILL BE OUT OF POCKET. STD WILL CALL ME BACK IN A WEEK OR SO TO GET STATUS ON REDUCTION HER PHONE#956-821-4296 REQUESTED ACCT TO BE RECALLED AND FWD INFO TO SREYES FOR REDUCTION REVIEW. CCS ALEGIS L610 | csanchez | GEN | NO |
| 2/27/2013 9:28:30 AM | RECEIVED A RTN CALL FROM PT WHO STD WANTED TO PROVIDE 1ST PARTY INFO. FARMERS. CALLED FARMERS FOUND CLAIM#1022115835 TEAM 2 ARLINGTON AT 888-653-1437 WAS TRANSFER NO ANSWER LVM FOR A "LER" PER ONLINE CLAIM IS OPEN. CCS ALEGIS L610 | csanchez | GEN | NO |
| 2/28/2013 7:26:34 AM | EMAILED REQUEST ON SPREADSHEET TO MICHELLE JARMOND TO PLEASE HAVE ACCT RECALLED TO 361 FC:L Z61 PRIMARY. JAT.ALEGIS.L610 | JTAYLOR | GEN | NO |
| 3/4/2013 2:23:58 PM | RECEIVED REDUCTION REQ BASED ON INFORMATION PROVIDED PROPOSED SETTLEMENT AMOUNT EXCEEDS CLIENT APPROVAL WILL SUBMIT FOR REVIEW SR ALEGIS L620 | sreyes | GEN | NO |
| 3/6/2013 9:56:11 AM | SCANNED POLICE REPORT ONTO ACCOUNT .. JR ALEGISL620 | jarodriguez | GEN | NO |
| 3/6/2013 11:32:30 AM | Lien File Date - 02/20/2013, Docket Number - 2383825 | aallison | GEN | NO |
| 3/6/2013 11:33:45 AM | FAXED LIEN TO INS | aallison | GEN | NO |
| 3/6/2013 2:33:46 PM | ATTY MASTER SETTLEMENT SHEET (GENERAL) | csanchez | LETTER | NO |
| 3/7/2013 11:36:16 AM | RECEIVED APPROVAL FROM MELISA CAUSEY APPROVES $1,093.21 AS SETTLEMENT IN FULL FAXED SETTLEMENT LETTER TO PT SR ALEGIS L630 | sreyes | GEN | NO |
| 3/7/2013 2:09:41 PM | ALEGIS TX ROL REQUESTED | wherron | LETTER | NO |
| 3/8/2013 8:35:54 AM | REVIEW ACCT. CALLED PT SPOKE TO HER ADVISE HER OF AMOUNT APPROVED STD WILL PAY THE HOSPITAL FOR THAT APPROVAL ASKED IF SHE CAN GO TO THE HOSPITAL ADVISE HER YES PROVIDED HER WITH JRODRIGUEZ PHONE NUMBER SO HE CAN ASSIST HER WHEN SHE GETS THERE STD WILL BE GOING ON MONDAY. CCS ALEGIS L630 | csanchez | GEN | NO |
| 3/11/2013 8:47:27 AM | RECEIVED A CALL FROM PT WHO STD IS ON HER WAY TO THE HOSPITAL TO PAY BILL. ADVISE HER WILL LET JRODRIGUEZ KNOW THAT SHE IS ON HER WAY. CCS ALEGIS L630 | csanchez | GEN | NO |

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 3/11/2013 9:25:39 AM | RECEIVED A CALL FROM JRODRIGUEZ WHO HAD MS. BOSON ON THE LINE PER PT STD WILL NOT PAY UNTIL HER LIEN IS RELEASE. WE ADVISE HER IT WILL BE A PROCESS. PER PT WAS UNDER THE IMPRESSION THAT SHE WILL GET SOMETHING IN WRITING STATING HER LIEN HAS BEEN RELEASED. ADVISE HER THAT WE DO NOT HAVE ANYTHING THAT WE CAN PROVIDE HER PT WAS UPSET STD SHE WILL PAY HER BILL ONCE HER ACCOUNT IS PAID OFF. PER PT NO LIEN SHOULD HAVE BEEN FILED SINCE THIS WAS HER INS AND NOT A TP INS. STATED ONCE WE HAVE LIEN RELEASE SHE WILL GO TO HOSPITAL AND PAY HER BILL. WILL WAIT FOR LIEN TO COME BACK FROM THE COUNTY CCS ALEGIS L630 | csanchez | GEN | NO |
| 3/26/2013 8:23:35 AM | REVIEW ACCOUNT PENDING TO RECEIVE LIEN RELEASE FOR PATIENT TO PAY ACCOUNT. SENT EMAIL TO WHERRON TO VERIFY IF LIEN HAS COME BACK FROM COUNTY CCS ALEGIS L630 | csanchez | GEN | NO |
| 4/11/2013 4:10:38 PM | RECEIVED LIEN RELEASE.<br>CALLED PT, PER PT STATED WILL BE PAYING BILL ON MONDAY .<br>SENT LIEN RELEASE TO JRODRIGUEZ. CCS ALEGIS L900 | csanchez | GEN | NO |
| 4/19/2013 11:30:54 AM | REVIEW ACCOUNT. PAYMENT POSTED ON ACCOUNT. CCS ALEGIS L910 | csanchez | GEN | NO |
| 4/25/2013 9:14:22 AM | TPL PAYMENT POSTED TO ACCOUNT ON 4/15/13 IN THE AMOUNT OF 859.21 ACCOUNT PAID IN FULL REQ FOR LIEN TO BE RELEASED SR ALEGIS L951 | sreyes | GEN | NO |
| 4/25/2013 10:36:32 AM | Lien File Date - 02/20/2013, Docket Number - 2383825, Release of Lien File Date - 03/19/2013, Release Docket Number - 2393386 | aallison | GEN | NO |
| 7/20/2016 2:05:21 AM | SIF REPORTED BY VENDOR | ALEGIS\Administrator | GEN | NO |

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 75 of 131

# Notes

Account#11602 5487

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 9/19/2012 1:58:24 PM | REVIEWED ACCOUNT ON SMS. PT. ACCOUNT HAS BEEN FINAL BILLED ON 9-10-12 IN THE AMOUNT OF 234.00 ACCOUNT IS NOT LINKED. WILL RETURN DUE TO LOW BALANCE. LA ALEIGS L813 | laguirre | GEN | NO |
| 2/27/2013 9:17:12 AM | RECEIVED A CALL FROM PT WHO STD RECEIVED LIEN NOTICE AND WANTED TO KNOW WHY SHE HAS A LIEN SINCE THERE IS NO TP OUT THERE. STD OTHER PARTY HAD NO INS. AND HER PIP KICKED IN FOR THE AMOUNT OF $1500.00 STD ATTY ADVISE HER TO NEGOTIATE AMOUNTS WITH THE AMOUNT OF THE PIP CHECK. PER PT ATTY DROPPED HER DUE TO NO INS TO PERUSE. . STATED SHE WANTS TO PAY ALL THE PROVIDERS WITH HER CHECK SHE MENTIONED SHE HAD 2 VISITS TO ERMC DUE TO HER VISIT. FOUND ACCT LINKED TOGETHER. ADVISE HER SHE CAN MAKE PAYMENT PLANS OR WE CAN PROVIDE A REDUCTION FOR HER STD WANTS A REDUCTION SO SHE CAN PAY OFF BOTH ACCOUNTS OFF.<br>PROVIDED ME WITH INFO ON ALL PROVIDERS SCANNED INTO ACCT. PER PT WANTS TO PAY AT LEAST $1100.00 STD ONCE SHE GETS CHECK SHE WILL GO AND PAY AT LEAST ERCM AND ER DC THE REST WILL BE OUT OF POCKET.<br>STD WILL CALL ME BACK IN A WEEK OR SO TO GET STATUS ON REDUCTION HER PHONE#956-821-4296 REQUESTED ACCT TO BE RECALLED AND FWD INFO TO SREYES FOR REDUCTION REVIEW. CCS ALEGIS L610 | csanchez | GEN | NO |
| 2/27/2013 9:28:30 AM | RECEIVED A RTN CALL FROM PT WHO STD WANTED TO PROVIDE 1ST PARTY INFO. FARMERS. CALLED FARMERS FOUND CLAIM#1022115835 TEAM 2 ARLINGTON AT 888-653-1437 WAS TRANSFER NO ANSWER LVM FOR A "LER" PER ONLINE CLAIM IS OPEN. CCS ALEGIS L610 | csanchez | GEN | NO |
| 2/28/2013 7:24:25 AM | EMAILED REQUEST ON SSPREADSHEET TO MICHELLE JARMOND TOPLEASE HAVE ACCT RECALLED 361 FC:L Z61 PRIMARY ADJ. REVERSED. JAT.ALEGIS.L610 | JTAYLOR | GEN | NO |
| 3/4/2013 2:23:58 PM | RECEIVED REDUCTION REQ BASED ON INFORMATION PROVIDED PROPOSED SETTLEMENT AMOUNT EXCEEDS CLIENT APPROVAL WILL SUBMIT FOR REVIEW SR ALEGIS L620 | sreyes | GEN | NO |
| 3/7/2013 11:36:16 AM | RECEIVED APPROVAL FROM MELISA CAUSEY APPROVES $1,093.21 AS SETTLEMENT IN FULL FAXED SETTLEMENT LETTER TO PT SR ALEGIS L630 | sreyes | GEN | NO |
| 3/8/2013 8:35:54 AM | REVIEW ACCT. CALLED PT SPOKE TO HER ADVISE HER OF AMOUNT APPROVED STD WILL PAY THE HOSPITAL FOR THAT APPROVAL ASKED IF SHE CAN GO TO THE HOSPITAL ADVISE HER YES PROVIDED HER WITH JRODRIGUEZ PHONE NUMBER SO HE CAN ASSIST HER WHEN SHE GETS THERE STD WILL BE GOING ON MONDAY. CCS ALEGIS L630 | csanchez | GEN | NO |
| 3/11/2013 8:47:27 AM | RECEIVED A CALL FROM PT WHO STD IS ON HER WAY TO THE HOSPITAL TO PAY BILL. ADVISE HER WILL LET JRODRIGUEZ KNOW THAT SHE IS ON HER WAY. CCS ALEGIS L630 | csanchez | GEN | NO |

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 3/11/2013 9:25:39 AM | RECEIVED A CALL FROM JRODRIGUEZ WHO HAD MS. BOSON ON THE LINE PER PT STD WILL NOT PAY UNTIL HER LIEN IS RELEASE. WE ADVISE HER IT WILL BE A PROCESS. PER PT WAS UNDER THE IMPRESSION THAT SHE WILL GET SOMETHING IN WRITING STATING HER LIEN HAS BEEN RELEASED. ADVISE HER THAT WE DO NOT HAVE ANYTHING THAT WE CAN PROVIDE HER PT WAS UPSET STD SHE WILL PAY HER BILL ONCE HER ACCOUNT IS PAID OFF. PER PT NO LIEN SHOULD HAVE BEEN FILED SINCE THIS WAS HER INS AND NOT A TP INS. STATED ONCE WE HAVE LIEN RELEASE SHE WILL GO TO HOSPITAL AND PAY HER BILL. WILL WAIT FOR LIEN TO COME BACK FROM THE COUNTY CCS ALEGIS L630 | csanchez | GEN | NO |
| 3/26/2013 8:22:38 AM | REVIEW ACCOUNT PENDING TO RECEIVE LIEN RELEASE FOR PATIENT TO PAY ACCOUNT. SENT EMAIL TO WHERRON TO VERIFY IF LIEN HAS COME BACK FROM COUNTY CCS ALEGIS L630 | csanchez | GEN | NO |
| 4/11/2013 4:10:38 PM | RECEIVED LIEN RELEASE.<br>CALLED PT, PER PT STATED WILL BE PAYING BILL ON MONDAY .<br>SENT LIEN RELEASE TO JRODRIGUEZ. CCS ALEGIS L900 | csanchez | GEN | NO |
| 4/19/2013 11:30:54 AM | REVIEW ACCOUNT. PAYMENT POSTED ON ACCOUNT. CCS ALEGIS L910 | csanchez | GEN | NO |
| 4/25/2013 9:13:29 AM | TPL PAYMENT POSTED TO ACCOUNT ON 4/15/13 IN THE AMOUNT OF 234.00 ACCOUNT PAID IN FULL REQ FOR LIEN TO BE RELEASED SR ALEGIS L950 | sreyes | GEN | NO |



Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 77 of 131

ALEGIS

## REDUCTION SHEET

RE: Patient Name LAURA BOSON

Account Numbers 116025487 AND 11599732

Return To: Cyndy Sanchez Fax Number: 281-719-7048

Total Settlement $ ________ Med Pay Settlement $ 1,500.00

**INCLUDE: Uninsured, Underinsured Motorist, First Party/Third Party**

| | ORIGINAL AMOUNT | DISCOUNT | PERCENTAGE |
|---|---|---|---|
| Attorney Fees | 0 | | |
| Less Costs | 0 | | |
| Sub Total of Settlement | 0 | | |
| Medical Expenses *(Continue on separate paper if needed)* | | Client South Texas Health System | |
| Lien Amount | $2,980.00 | | |
| Provider DR. ERIK | $800.00 | | |
| Provider MRI | $3,000.00 | | $400.00 |
| Provider ER DOCTOR | $1,600.00 | | |
| Provider PHARMACY | $417.00 | | |
| Total Medical Expenses | | | |
| Sub Total | | | |
| Net Settlement (Amount Payable to Patient/Client) | | | |

Reason for Requested Discount ________

- A copy of the accident/insurance report is **REQUIRED** to be sent along with this request.
- If another carrier has already paid the other provider bills, then their subrogation amounts **MUST** be listed.

*I declare, under penalty of perjury, that the foregoing is true and correct.*

Completed By ________ Date ________

Signature ________ Telephone ________

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 78 of 131

**ALEGIS**
**1201 Lake Woodlands Drive, Suite 4024**
**The Woodlands, Texas 77380**
**(281) 719-7000**
**(855) 637-7383**
**(281) 719-7048 *fax***

**Date:** Wednesday, March 06, 2013 11:33AM

**From:** WOODLANDS.TPL

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
|---|---|---|
| ARLINGTON MED/PIP | | 8772171389 |

**Number of pages including cover sheet:** 2

**Description :** LAURA BOSON 1022115835

LIEN

**If you have any problems receiving this transmission, please call (281) 296-0398.**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

CONFIRMATION INFORMATION
Sent at: 03/06/2013 11:34AM
Number of pages: 2
Resolution: FINE
Fax Number: 8772171389
Destination name: ARLINGTON MED/PIP
Sender Name: WOODLANDS.TPL
Description: LAURA BOSON 1022115835
STATUS: SENT

# Exhibit B-3

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 80 of 131

# Notes

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 7/10/2012 9:28:34 AM | REVIEWED ACCOUNT ON SMS. AS PER SMS NOTES ACCOUNT WAS BEING WORKED BY CARDON. LIEN ON FILE DOC# 2070644. ACCOUNT WILL BE RETURNED AS PER CLIENS REQUEST. LA ALEGIS L800 | laguirre | GEN | NO |

# Exhibit B-4

# Notes

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 2/15/2011 3:17:47 PM | AS PER SMS NOTES: PT STATED MVA OCCURRED ON 2ND ST AND EXPWY 021111 2107. AS PER DI MED RECS: PT WAS DRIVER, ACCIDENT ON 2ND ST... PT WAS POSSIBLY REAR ENDED... NO ADDITIONAL INFO. CALLED PT EUDELIA @956-386-0433 TO VERIFY INFO.. AS PER PT STATES THAT SHE IS IN PROCESS OF OBTAINING ATTY. HAS NOT SIGNED CONTRACT YET, BUT ONCE GETS ALL INFO WILL RETURN MY CALL.. ASKED IF ANYBODY ELSE WENT TO ER. STATES HUSBAND WAS WITH HER BUT ONLY SHE WENT TO HOSPITAL. STATES WILL RETURN MY CALL ONCE SHE GETS ALL INFO. WILL REQ LIEN ON ACCT. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |
| 2/21/2011 10:16:54 AM | TX LIEN WDLDS AND STEXAS REQUESTED | evasquez | LETTER | NO |
| 2/22/2011 9:09:45 AM | RECEIVED CALL FROM PT EUDELIA REQ COPY OF BILL SENT TO HER... ADV SHE CAN STOP BY OFFICE. STATES JUST SIGNED RELEASE AUTHO. TO ATTY TO OBTAIN ACCESS TO HER INFO... REQ NAME OF ATTY... STATES HERMAN & HERMAN.. CALLED ATTY ON FILE @(214) 368-7246 TO VERIFY REP. SPOKE TO CINDY & STATES NOBODY BY THAT NAME. WILL WAIT FOR PT TO STOP BY CBO TO OBTAIN ADDITIONAL INFO ON REP ATTY. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |
| 3/3/2011 9:36:02 AM | CALLED PT'S POSSIBLE ATTY HERMAN & HERMAN @214-368-7246 TO VERIFY IF PT FOUND TO BE REP. SPOKE TO RECEPTIONIST CINDY & STATES NOBODY BY THAT NAME BEING REP THERE.. UNABLE TO FIND ANY OTHER ATTY BY THAT NAME... CALLED PT EUDELIA @956-386-0433... NO ANSWER. PHONE JUST KEPT ON RINGING. UNABLE TO LEAVE MSG. WILL REQ FIELD VISIT TO OBTAIN ATTY INFO IF AVAILABLE. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |
| 3/9/2011 4:57:44 PM | A LIEN WAS FILED WITH HIDALGO COUNTY ON 2-28-2011 DOCKET# 2183021 | evasquez | GEN | NO |
| 3/16/2011 2:53:48 PM | CALLED PT'S EUDELIA @956-386-0433 TO VERIFY INFO ON ATTY. AGAIN WENT JUST KEPT RINGING & RINGING. UNABLE TO LEAVE MSG. STILL PENDING ON FIELD VISIT. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |
| 3/22/2011 4:35:34 PM | CALLED PT'S EUDELIA @956-386-0433 TO VERIFY INFO ON ATTY. AGAIN WENT JUST KEPT RINGING & RINGING. UNABLE TO LEAVE MSG. AS PER UNABLE TO CONTACT PT & UNABLE TO OBTAIN ATTY INFO WILL BE RETURNING ACCT. MIA. MERIDIAN. L730 | TUREKDEVORE\maria.andrade | GEN | NO |
| 3/22/2011 4:41:11 PM | RECEIVED CALLBACK FROM PT... STATES HAS ATTY HERRMAN & HERRMAN IN CORPUS CHRISTI REP. HER. SHE PROVIDED 2 DIFF. # 361-883-2057, AND 361-883-1089... SEARCHED & FOUND MAIN # 361-882-4357 TO VERIFY REP. AS PER RECEPTIONIST SHE TOOK MY INFO DOWN FOR A CALLBACK. HAS RGV #956-630-9797... WILL WAIT FOR A CALLBACK. PT REQ. BILL MAILED TO HER. WILL SEND OUT REQ. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |
| 3/28/2011 4:36:57 PM | CALLED PT'S ATTY HERRMAN & HERRMAN @(361) 882-4357 TO VERIFY STATUS OF CASE.. RECEPTIONIST TOOK MY INFO DOWN & STATES WILL HAVE SOMEONE CALL ME. WILL FOLLOW UP. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 4/8/2011 2:27:42 PM | CALLED PT'S ATTY HERRMAN & HERRMAN @361-883-2057 TO VERIFY STATUS OF CASE.. RECEPTIONIST TOOK MY INFO DOWN & STATES WILL HAVE SOMEONE CALL ME. WILL FOLLOW UP. STILL PENDING A CALLBACK. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |
| 4/15/2011 9:51:02 AM | CALLED PT'S ATTY HERRMAN & HERRMAN @361-883-2057 TO VERIFY STATUS OF CASE.. RECEPTIONIST TOOK MY INFO DOWN & STATES WILL HAVE SOMEONE CALL ME.ADV I HAVE BEEN WAITING FOR A CALLBACK FOR ALMOST A MONTH. STATES ALL SHE CAN DO IS TAKE MY INFO DOWN. WILL FOLLOW UP. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |
| 4/15/2011 10:11:41 AM | RECEIVED CALLBACK FROM LEGAL ASST LUPE & HE CONFIRMED PT IS BEING REP. & HE IS HANDLING CASE. THEIR FAX# 361-883-7957. WILL UPDATE INFO. MIA. MERIDIAN. L305 | TUREKDEVORE\maria.andrade | GEN | NO |
| 5/16/2011 3:49:28 PM | CALLED PT'S ATTY HERRMAN & HERRMAN @361-883-2057 TO VERIFY STATUS OF CASE.. AS PER LEGAL ASST LUPE HE STATES STILL PENDING. WILL FOLLOW UP. MIA. MERIDIAN. L305 | TUREKDEVORE\maria.andrade | GEN | NO |
| 6/14/2011 2:07:17 PM | CALLED PT'S ATTY HERRMAN & HERRMAN @361-883-2057 TO VERIFY STATUS OF CASE.. AS PER RECEPTIONIST LEGAL ASST ON THE LINE. TOOK MY INFO FOR A CALLBACK. MIA. MERIDIAN. L305 | TUREKDEVORE\maria.andrade | GEN | NO |
| 7/13/2011 9:53:47 AM | TX LIEN NOTICE ATTY | csanchez | LETTER | NO |
| 7/13/2011 9:53:52 AM | REVIEW ACCOUNT. CALLED HERMAN & HERMAN AT (361) 882-4357. SPOKE TO BONNIE STD LEGAL ASSISTANT WILL HAVE TO CALL ME BACK. WILL FAX OVER A LIEN NOTICE TO ATTY OFFICE FAX#(361)883-7957. CONTINUE TO MONITOR. CCS MERIDIAN L305 | csanchez | GEN | NO |
| 8/12/2011 3:56:16 PM | PLACED CALL TO THE HERRMAN AND HERRMAN LAW OFFIC E@ 361.883.2057 SPOKE TO BONNIE WHO INFORMED ME THAT SHE WOULD NEED TO CALL ME BACK ON THIS CASE..I INFORMED HER THAT I WOULD NEED AN UPDATE TODAY TO FIND OUT WHAT THE STATUS OF THIS CASE WOULD BE..SHE INFORMED ME THAT THE ATTY IS NOT IN HOWEVER SHE WILL RELATE THE MSG TO HIM...WILL RETURN MY CALL.JAR.MERIDIAN.L305 | jrodriguez | GEN | NO |
| 8/29/2011 9:31:50 AM | REVIEW ACCOUNT. RECEIVED A CALL FROM LUPE WITH HERMAN & HERMAN LAW OFFICE STATED HE IS NEEDING A REDUCTION. WILL FAX OVER A REDUCTION SHEET TO HIS FAX# 956-882-7957. CONTINUE TO MONITOR. CCS MERIDIAN L305 | csanchez | GEN | NO |
| 9/1/2011 1:50:26 AM | TPL CONTACT LETTER #1 | sa | LETTER | NO |
| 9/6/2011 11:18:06 AM | REVIEW ACCOUNT. RECEIVED A CALL FROM LUPE WITH HERMAN AND HERMAN STATED HE WANTED TO KNOW HOW REDUCTIONS WORK. I INFORMED HIM THAT HE NEEDS TO COMPLETE SHEET AND SEND IT TO STEPH R. STATED TO FAX IT OVER. AT 361-883-7957. WILL FAX OVER REDUCTION SHEET. CONTINUE TO MONITOR. CCS ALEGIS L600 | csanchez | GEN | NO |
| 9/7/2011 10:52:01 AM | REVIEW ACCOUNT. RECEIVED A CALL FROM LUPE STATED HE HAS NOT RECEIVED REDUCTION FORM WILL SENT IT TO HIS EMAIL AT LUPE@HERRMANANDHERRMAN.COM. CONTINUE TO MONITOR. CCS ALEGIS L600 | csanchez | GEN | NO |

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 9/14/2011 10:49:17 AM | REVIEW ACCOUNT. RECEIVED A CALL FROM PT STATED SHE WAS WANTING A REDUCTION ON HER ACCOUNT.AND IF NOT THAT SHE WANTED TO MAKE A 2 MONTH PAYMENT PLAN. I INFORMED HER THAT HER ATTY ASKED FOR A REDUCTION, SHE STATED SHE KNOWS BUT SHE WILL BE LEFT WITH ONLY $3,000.00 ONCE CASE SETTLES. STATED HER PHYSICAL THERAPHY BILL WAS VERY HIGH. I STATED WE TAKE CARE OF ER BILL ONLY. AND IF SHE WAS LOOKING FOR A REDUCTION FROM OTHER PROVIDERS SHE WOULD HAVE TO CONTACT THE HOSPITAL DIRECTLY AS FOR IF SHE WANTED TO MAKE PAYMENT PLANS SHE WOULD HAVE TO CONACT HOSPITAL. PROVIDED HER WITH HOSPITAL NUMBER. CONTINUE TO MONITOR.CCS ALEGIS L600 | csanchez | GEN | NO |
| 9/14/2011 1:16:37 PM | REVIEW ACCT CALLED PTS ATTY HERRMAN & HERRMAN(361) 882-4357 REQUEST TO SPEAK TO LUPE SHES NOT AVAILABLE IS ON OTHER LINE LEFT MESSAGE WITH RECEPTIONIST TO CALL ME BACK, NEED TO DISCUSS REDUCTION SR ALEGIS L600 | sreyes | GEN | NO |
| 9/14/2011 1:53:48 PM | RECEIVED CALL FROM LUPE FROM ATTY OFC ADVISED HIM THAT PT CALLED HOSPITAL REQUESTING A 2 MONTH PAYMENT PLAN, STATED HE WAS NOT AWARE OF MATTER STATED HE KNEW THAT PT WAS CALLING TO PROVIDERS TO REQUEST A REDUCTION. ADVISED HIM PAYMENT PLAN WILL NOT BE AUTHORIZED LIEN IS FILED, STATED RECEIVED REDUCTION FORM BUT WILL NOT BE FILLING IT OUT IS DUE TO PT PRIVACY WANTING AN AUTOMATIC 30% REDUCTION, ADVISED CANNOT PROVIDE ANYTHING UNLESS FORMS ARE FILLED OUT THIS IS PROCEDURE THATS PLACED, STATED WILL SPEAK TO HIS BOSS AND CALL ME BACK SR ALEGIS L600 | sreyes | GEN | NO |
| 9/28/2011 4:59:06 PM | ALEGIS TX ATTY LIEN NOTICE | csanchez | LETTER | NO |
| 9/28/2011 4:59:11 PM | REVIEW ACCOUNT. RECEIVED A MISSED CALL FROM SOMEBODY WITH THE HERMAN AND HERMAN STD THEY WERE CALLING TO GET INFORMATION TO WERE TO SEND CHECK AT. CALLED BACK SPOKE TO LUPE STD HE WANTS US TO SEND HIM SOMETHING IN WRITTING REGARDING LIEN AMOUNT. WILL FAX OVER LIEN NOTICE TO ATTY OFFICE AT FAX#361-883-7957. CCS ALEGIS L600 | csanchez | GEN | NO |
| 10/4/2011 1:17:35 PM | FAXED LIEN NOTICE TO ATTY OFC SHOWING BALANCE ON ACCOUNT, RECEIVED REDUCTION REQUEST FROM ATTY SHOWING LIEN AMOUNT OF 15220.80 NO REDUCTION WILL BE GIVEN ON ACCOUNT PT RECEIVED 30K SETTLEMENT SR ALEGIS L630 | sreyes | GEN | NO |
| 11/1/2011 4:50:55 PM | TPL PAYMENT POSTED TO ACCOUNT ON 10/6/11 IN THE AMOUNT OF 3540.00 ACCOUNT PAID IN FULL REQ FOR LIEN TO BE RELEASED SR ALEGIS L950 | sreyes | GEN | NO |
| 11/7/2011 10:00:51 AM | ALEGIS TX ROL REQUESTED | wherron | LETTER | NO |
| 11/23/2011 1:29:22 PM | A LIEN RELEASE WAS FILED IN HIDALGO COUNTY ON 11/15/2011 DOCKET #2257504 | wherron | GEN | NO |

# Notes

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 3/5/2013 10:55:06 AM | ACCOUNT RECEIVED FROM UHS - ACCOUNT PENDING FOR DETAILED REVIEW TO DETERMINE NEXT COURSE OF ACTION. ALEGIS.D010 | amontes | GEN | NO |
| 4/9/2013 9:41:13 AM | 4/09/2013//ACCOUNT REP REQUESTED THE MEDICAL RECORD. SENT THE DOCUMENTATION AND PLACED A COPY IN THE DOCUMENT FOLDER IN APOGEE. LB.ALEGIS D010 | lbruno | GEN | NO |
| 4/9/2013 9:52:48 AM | 04/09/2013_ALEGIS NEW COMMA ACCT._ALEGIS REVIEWED ACCOUNT AND FOUND THAT ACCOUNT IS A MOTOR VEHICLE ACCIDENT THAT IS STILL BEING WORKED BY THIRD PARTY LIABILITY. ALEGIS WILL CLOSE ACCOUNT ONCE THIRD PARTY LIABILITY HAS COMPLETED THEIR SETTLEMENT OF THE CASE. DBOLIN.ALEGISD110 | dbolin | GEN | NO |
| 5/30/2013 2:55:18 PM | 05-30-2013_ALEGIS FOLLOW UP ON ACCOUNT _ALEGIS THIRD PARTY LIABILITY SETTLED CASE. FULL PAYMENT RECEIVED 04.15.2013. ACCOUNT CLOSED THEREFORE ALEGIS APPEALS AND DENIALS IS CLOSING ACCOUNT AS ACCOUNT BALANCE IS ZERO.DBOLIN.ALEGIS.D801 | dbolin | GEN | NO |



Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 86 of 131

July 13, 2011

HERRMAN & HERRMAN
Attn: LUPE
Via Facsimile (361) 883-7957

Re: McAllen Medical Center

Patient: EUDELIA GUERRERO
Account No.: 114065998
Account Balance: $3,540.00

Dear HERRMAN & HERRMAN:

The above patient received hospital services at McAllen Medical Center for injuries caused by an accident that is attributed to the negligence of other third parties. McAllen Medical Center claims a hospital lien on this action or claim pursuant to Tex. Prop. Code §55.001 *et seq.*

**The amount listed above may or may not be the total balance due. Please contact our office to request the final lien amount.**

If you have any questions regarding the hospital lien or need any further information or documentation, do not hesitate to contact me.

Sincerely,

Cyndy Sanchez

Cyndy Sanchez
Authorized Agent for McAllen Medical Center
Meridian Revenue Solutions, LLC
Toll Free Line: (877) 631-6250



MERIDIAN
REVENUE SOLUTIONS, LLC

**1201 Lake Woodlands Drive, Suite 4024**
**The Woodlands, Texas 77380**
**(281) 296-0398**
**(281) 719-7048 *fax***

**Date:** Monday, August 29, 2011 09:39AM

**From:** CYNDY SANCHEZ

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
|---|---|---|
| | | 9568837957 |

**Number of pages including cover sheet:** 2

**Description :** ACCOUNT# 114065998

---

ATTN: LUPE
SHEET NEEDS TO BE FILLED OUT AND FAX TO STEPHANIE REYES
THANKS

**If you have any problems receiving this transmission, please call (281) 296-0398.**

---

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.



Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 88 of 131

MERIDIAN
REVENUE SOLUTIONS, LLC

# REDUCTION SHEET

| RE: | Patient Name | EUDELIA GUERRERO |
|---|---|---|
| | Account Numbers | 114065998 |

Return To: Stephanie Reyes Fax Number: 281-296-0733

Total Settlement $ ________ Med Pay Settlement $ ________

**INCLUDE: Uninsured, Underinsured Motorist, First Party/Third Party**

| | ORIGINAL AMOUNT | DISCOUNT | PERCENTAGE |
|---|---|---|---|
| Attorney Fees | | | |
| Less Costs | | | |
| Sub Total of Settlement | | | |
| Medical Expenses *(Continue on separate paper if needed)* | | Client South Texas Health System | |
| Lien Amount | $3,540.00 | | |
| Provider ________ | | | |
| Provider ________ | | | |
| Provider ________ | | | |
| Provider ________ | | | |
| Total Medical Expenses | | | |
| Sub Total | | | |
| Net Settlement (Amount Payable to Patient/Client) | | | |

Reason for Requested Discount ________

- A copy of the accident/insurance report is **REQUIRED** to be sent along with this request.
- If another carrier has already paid the other provider bills, then their subrogation amounts **MUST** be listed.

*I declare, under penalty of perjury, that the foregoing is true and correct.*

Completed By ________ Date ________

Signature ________ Telephone ________



MERIDIAN
REVENUE SOLUTIONS, LLC

**1201 Lake Woodlands Drive, Suite 4024**
**The Woodlands, Texas 77380**
**(281) 296-0398**
**(281) 719-7048 *fax***

**Date:** Tuesday, September 06, 2011 11:22A

**From:** cyndy sanchez

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
| --- | --- | --- |
| | | 3618837957 |

**Number of pages including cover sheet:** 2

**Description :** account# 114065998

attn: lupe
attach is our reduction sheet, it needs to be filled out and sent back to stephanie reyes at fax# 281-296-0733

**If you have any problems receiving this transmission, please call (281) 296-0398.**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.



MERIDIAN
REVENUE SOLUTIONS, LLC

# REDUCTION SHEET

| RE: | Patient Name | EUDELIA GUERRERO |
|---|---|---|
| | Account Numbers | 114065998 |

Return To: Stephanie Reyes     Fax Number: 281-296-0733

Total Settlement $ ________     Med Pay Settlement $ ________

**INCLUDE: Uninsured, Underinsured Motorist, First Party/Third Party**

| | ORIGINAL AMOUNT | DISCOUNT | PERCENTAGE |
|---|---|---|---|
| Attorney Fees | | | |
| Less Costs | | | |
| Sub Total of Settlement | | | |
| Medical Expenses *(Continue on separate paper if needed)* | | Client South Texas Health System | |
| Lien Amount | $3,540.00 | | |
| Provider ________ | | | |
| Provider ________ | | | |
| Provider ________ | | | |
| Provider ________ | | | |
| Total Medical Expenses | | | |
| Sub Total | | | |
| Net Settlement (Amount Payable to Patient/Client) | | | |

Reason for Requested Discount ________

- A copy of the accident/insurance report is **REQUIRED** to be sent along with this request.
- If another carrier has already paid the other provider bills, then their subrogation amounts **MUST** be listed.

*I declare, under penalty of perjury, that the foregoing is true and correct.*

Completed By ________     Date ________

Signature ________     Telephone ________



ALEGIS

September 28, 2011

HERRMAN & HERRMAN
Attn: LUPE
Via Facsimile (361) 883-7957

Re: McAllen Medical Center

| | |
|---|---|
| Patient: | EUDELIA GUERRERO |
| Account No.: | 114065998 |
| Account Balance: | $3,540.00 |

Dear HERRMAN & HERRMAN:

The above patient received hospital services at McAllen Medical Center for injuries caused by an accident that is attributed to the negligence of other third parties. McAllen Medical Center claims a hospital lien on this action or claim pursuant to Tex. Prop. Code §55.001 *et seq.*

**The amount listed above may or may not be the total balance due. Please contact our office to request the final lien amount.**

If you have any questions regarding the hospital lien or need any further information or documentation, do not hesitate to contact me.

Sincerely,

Cyndy Sanchez

Cyndy Sanchez
Authorized Agent for McAllen Medical Center
Alegis Revenue Group, LLC
Toll Free Line: (877) 631-6250



ALEGIS

**1201 Lake Woodlands Drive, Suite 4024**
**The Woodlands, Texas 77380**
**(281) 296-0398**
**(281) 719-7048 *fax***

**Date:** 9/28/2011

**From:** CYNDY SANCHEZ

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
|---|---|---|
| lupe | Herman & herman | 361-883-7957 |

**Number of pages including cover sheet:** 2

**Description :** ACCOUNT# 114065998

---

**ATTN: lupe**
**Attach is our lien notice thanks**

**If you have any problems receiving this transmission, please call (281) 296-0398.**

---

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

HERRMAN & HERRMAN
*Attorneys at Law*
*A Professional Limited Liability Company*

*Corpus Christi • McAllen*

*The Herrman Building*
*1201 Third Street*
*Corpus Christi, Texas 78404*
*Phone 361-882-HELP (4357)*
*Fax 361-883-7957*

*Gregory H. Herrman*
*Scott T. Staha*
*Kyznyck D. Byerly*

*Of Counsel:*
*David E. Herrman*

**FACSIMILE TRANSMITTAL PAGE**

**NAME:** Ms. Stefanie Reyes

**ORGANIZATION:** ALEGIS

**FACSIMILE:** (281) 296-0733

**TELEPHONE:**

**FROM:** Lupe Gonzalez, Jr.

**DATE & TIME:** September 28, 2011

**SUBJECT:** Eudelia Guerrero

**COMMENTS:**

**PAGES (including cover page):4**

**NOTICE OF CONFIDENTIALITY:**

The information contained in and transmitted with this facsimile transmission is **SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, THE ATTORNEY WORK PRODUCT PRIVILEGE, OR IS CONFIDENTIAL.** It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, or use of or reliance upon the information contained in and transmitted with this facsimile transmission by or to anyone other than the recipient designated above by the sender is unauthorized and strictly prohibited. If you have received this facsimile transmission in error, please notify our office by telephone at 361-882-4357 or by electronic transmission at **lupe@herrmanandherrman.com**, immediately. Any electronic transmission and attachment(s) erroneously transmitted to you should be immediately destroyed.



# ALEGIS

## REDUCTION SHEET

RE: Patient Name EUDELIA GUERRERO

Account Numbers 114065998

Return To: Stephanie Reyes Fax Number: 281-296-0733

Total Settlement $ 30,000.00 Med Pay Settlement $ -0-

**INCLUDE: Uninsured, Underinsured Motorist, First Party/Third Party**

| | ORIGINAL AMOUNT | DISCOUNT | PERCENTAGE |
|---|---|---|---|
| Attorney Fees | 10,000 | | |
| Less Costs | 145.35 | | |
| Sub Total of Settlement | 19854.65 | | |
| Medical Expenses *(Continue on separate paper if needed)* | | Client South Texas Health System | |
| Lien Amount | 15,220.80 | | |
| Provider | | | |
| Provider | | | |
| Provider | | | |
| Provider | | | |
| Total Medical Expenses | 15,220.80 | | |
| Sub Total | | | |
| Net Settlement (Amount Payable to Patient/Client) | | | $4,633.85 |

Reason for Requested Discount HOSPITAL BILL IS EXCESSIVE

- A copy of the accident/insurance report is **REQUIRED** to be sent along with this request.
- If another carrier has already paid the other provider bills, then their subrogation amounts **MUST** be listed.

*I declare, under penalty of perjury, that the foregoing is true and correct.*

Completed By [signature] Date 9-27-11

Signature Telephone 361 882-4357



Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 95 of 131

1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380
(281) 296-0398
(281) 719-7048 *fax*

**Date:** 10/04/2011

**From:** STEPHANIE REYES

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
|---|---|---|
| LUPE | HERRMAN & HERRMAN | (361) 883-7957 |

**Number of pages including cover sheet:** 2

**Description :** LIEN NOTICE

---

**If you have any problems receiving this transmission, please call (281) 296-0398.**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.



ALEGIS

October 4, 2011

HERRMAN & HERRMAN
Attn: LUPE GONZALEZ
Via Facsimile (361) 883-7957

Re: McAllen Medical Center

Patient: EUDELIA GUERRERO
Account No.: 114065998
Account Balance: $3,540.00

Dear Lupe:

The above patient received hospital services at McAllen Medical Center for injuries caused by an accident that is attributed to the negligence of other third parties. McAllen Medical Center claims a hospital lien on this action or claim pursuant to Tex. Prop. Code §55.001 *et seq.*

**The amount listed above may or may not be the total balance due. Please contact our office to request the final lien amount.**

If you have any questions regarding the hospital lien or need any further information or documentation, do not hesitate to contact me.

Sincerely,

Stephanie Reyes
Authorized Agent for McAllen Medical Center
Alegis Revenue Group, LLC
Toll Free Line: (855) 637-7383



Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 97 of 131

## REDUCTION SHEET

RE: Patient Name EUDELIA GUERRERO

Account Numbers 114065998

Return To: Stephanie Reyes Fax Number: 281-296-0733

Total Settlement $ ____________ Med Pay Settlement $ ____________

**INCLUDE: Uninsured, Underinsured Motorist, First Party/Third Party**

| | ORIGINAL AMOUNT | DISCOUNT | PERCENTAGE |
|---|---|---|---|
| Attorney Fees | $3,540.00 | | |
| Less Costs | | | |
| Sub Total of Settlement | | | |
| Medical Expenses *(Continue on separate paper if needed)* | | Client South Texas Health System | |
| Lien Amount | | | |
| Provider ____________ | | | |
| Provider ____________ | | | |
| Provider ____________ | | | |
| Provider ____________ | | | |
| Total Medical Expenses | | | |
| Sub Total | | | |
| Net Settlement (Amount Payable to Patient/Client) | | | |

Reason for Requested Discount ____________

- A copy of the accident/insurance report is **REQUIRED** to be sent along with this request.
- If another carrier has already paid the other provider bills, then their subrogation amounts **MUST** be listed.

*I declare, under penalty of perjury, that the foregoing is true and correct.*

Completed By ____________ Date ____________

Signature ____________ Telephone ____________



# REDUCTION SHEET

| RE: | Patient Name | EUDELIA GUERRERO |
|---|---|---|
| | Account Numbers | 114065998 |

Return To: Stephanie Reyes    Fax Number: 281-296-0733

Total Settlement $ ______________    Med Pay Settlement $ ______________

**INCLUDE: Uninsured, Underinsured Motorist, First Party/Third Party**

| | ORIGINAL AMOUNT | DISCOUNT | PERCENTAGE |
|---|---|---|---|
| Attorney Fees | | | |
| Less Costs | | | |
| Sub Total of Settlement | | | |
| Medical Expenses *(Continue on separate paper if needed)* | | Client South Texas Health System | |
| Lien Amount | $3,540.00 | | |
| Provider ______________ | | | |
| Provider ______________ | | | |
| Provider ______________ | | | |
| Provider ______________ | | | |
| Total Medical Expenses | | | |
| Sub Total | | | |
| Net Settlement (Amount Payable to Patient/Client) | | | |

Reason for Requested Discount ______________________________

- A copy of the accident/insurance report is **REQUIRED** to be sent along with this request.
- If another carrier has already paid the other provider bills, then their subrogation amounts **MUST** be listed.

*I declare, under penalty of perjury, that the foregoing is true and correct.*

Completed By ______________________    Date ______________

Signature ______________________    Telephone ______________

# Exhibit B-5

# Notes

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 6/15/2011 1:15:59 PM | AS PER SMS NOTES: PT AUTO ACCIDENT 1017 14 MILES OFF EXPRESSWAY 281 NO CASE NUMBER OBTAINED.. AS PER DI MED RECS: SINGLE CAR ACCIDENT. PT JESUS WAS DRIVER. FELL ASLEEP CAUSING ROLLOVER.. PT WAS EXTRICATED. ACCIDENT ON 15 MILES W OF 281 ON 1017* CALLED PT @956 - 328-1213 TO VERIFY IF HAS COVERAGE VIA HIS AUTO INS FOR PIP OR MED. NO ANSWER. WENT TO VM. LFT MSG FOR PT OR SPOUSE TO RETURN CALL. WILL FOLLOW UP. MIA. MERIDIAN. L100 | TUREKDEVORE\maria.andrade | GEN | NO |
| 6/16/2011 12:00:45 AM | STEXAS TPL CONTACT LTR #1 (0-5) | sa | LETTER | NO |
| 6/22/2011 12:02:06 AM | STEXAS TPL CONTACT LTR #1 (5+) | sa | LETTER | NO |
| 6/30/2011 9:48:10 AM | CALLED PT JESUS #@956-328-1213 TO OBTAIN IF ANY MED COVERAGE VIA AUTO INS. STATES WASN'T HIS CAR. NOT SURE WHO VEHICLE IS INS WITH OR IF CLAIM HAS BEEN SETUP. PT STATES HASTING LAW FIRM BUT DOESN'T HAVE THEIR #. STATES TO CALL INVESTIGATOR. ADV WE NEED ATTY INFO OR INS INFO. AS PER INFO WE HAVE SINGLE CAR ACCIDENT WHERE PT FELL ASLEEP AT THE WHEEL. ADV TO CALL ME BACK WITH INS OR ATTY INFO. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |
| 7/7/2011 10:16:15 AM | CALLED PT JESUS @956 - 328-1213 TO VERIFY IF ANY COVERAGE VIA AUTO INS. NO ANSWER .WENT TO VM. LFT MSG FOR PT OR SPOUSE TO RETURN CALL. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |
| 7/13/2011 11:13:23 AM | CALLED PT JESUS @956 - 328-1213 TO VERIFY IF ANY COVERAGE VIA AUTO INS. PT STATES HE HAS BEEN TRYING TO GET A HOLD OF HIS ATTY BUT HAS BEEN HAVING A HARD TIME GETTING THROUGH. REQ INFO &# ON ATTY. STATES HE WILL CALL ME BACK. IF NO RESPONSE BY NX T FOLLOW UP WILL RETURN ACCT. MIA. MERIDIAN. L105 | TUREKDEVORE\maria.andrade | GEN | NO |
| 7/19/2011 8:57:35 AM | WE HAVE MADE SEVERAL ATTEMPTS TO GET INFO FROM PT BUT YET IS UNCOOPERATIVE. KEEPS ON STATING HAS ATTY, BUT WONT PROVIDE INFO & THIS WAS A SINGLE CAR ACCIDENT. AS PER PT NOT COOPERATING WILL BE RETURNING ACCT. MIA. MERIDIAN. L731 | TUREKDEVORE\maria.andrade | GEN | NO |
| 8/10/2011 2:10:45 PM | PT STOPPED BY CASHIERS TO P/U COPY OF IBILL TO PROVIDE TO ATTY. RELEASED IBILL TO PT. ATTY STEVE H. HASTINGS W/ THE HASTINGS LAW FIRM 101 N. SHORELINE BLVD, STE 216 CHORPUS CHRISTI, TX 78401 TEL# 361.692.2000 FAX# 361.692.2001. STS THIS WAS A 2 CAR COLLISION & OTHER DRIVER @ FAULT. REQUESTING LIEN FILED ON ACCT & WILL FOLLOW UP W/ ATTY ON CASE STATUS. EO.MERIDIAN.L305 | TUREKDEVORE\edna.ochoa | GEN | NO |
| 8/15/2011 10:39:54 AM | TX LIEN WDLDS AND STEXAS REQUESTED | evasquez | LETTER | NO |
| 8/26/2011 3:09:54 PM | A LIEN WAS FILED WITH HIDALGO COUNTY ON 8-23-2011 DOCKET# 2235232 | evasquez | GEN | NO |
| 9/1/2011 2:10:58 AM | TPL CONTACT LETTER #1 | sa | LETTER | NO |
| 9/27/2011 8:45:16 AM | PLACED CALL TO HASTINGS LAW FIRM @ 361-692-2000. SPOKE TO VERONICA. SHE STATED CASE WAS STILL PENDING AT THIS TIME. WILL CONTINUE TO MONITOR. LA MERIDIAN L305 | laguirre | GEN | NO |

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 10/26/2011 3:43:14 PM | PLACED CALL TO THE LAW OFFICE OF HASTINGS@ 361-692-2000. BRENDA WHO STATED CASE WAS STILL PENDING. WILL CONTINUE TO MONITOR. LA ALEGIS L305 | laguirre | GEN | NO |
| 11/28/2011 11:05:22 AM | REVIEW ACCOUNT. CALLED THE HASTINGS LAW FIRM AT 361-692-2000 SPOKE TO VERONICA WHO STATED CASE IS STILL PENDING. ASKED HER IF THEY WERE PERSUING UM CLAIM. STATED SHE DOES NOT KNOW YET THEY ARE STILL INVESTIGATING. CCS ALEGIS L305 | csanchez | GEN | NO |
| 12/30/2011 3:22:18 PM | REVIEWED ACCOUNT NEED CASE STS LM AT ATTY REQ A CB C FOR STS CA.ALEGIS.L303 | callwein | GEN | NO |
| 1/9/2012 3:53:48 PM | PLACED CALL TO HASTINGS LAW FIRM @ 361.692.2000 SPKE TO BRENDA WHO INFORMED ME THAT CASE IS STILL PENDING AT THIS TIME..WILL RETURN MY CALL. JAR.ALEGIS.L303 | jrodriguez | GEN | NO |
| 1/17/2012 9:55:38 AM | REVIEW ACCOUNT. ACCOUNT HAS BEEN WORKED WILL CHANGE STATUS CODE. CCS ALEGIS L305 | csanchez | GEN | NO |
| 2/21/2012 2:28:41 PM | REVIEW ACCOUNT. RECEIVED A VM FROM VERONICA WITH ATTY OFFICE REQUESTING A RTN CALL. CALLED HER AT 361-692-2000 SPOKE TO HER STATED SHE IS NEEDING A REDUCTION I LET HER KNOW I WILL BE FAXING HER A REDUCTION SHEET. CCS ALEGIS L600 | csanchez | GEN | NO |
| 3/6/2012 1:26:27 PM | RECEIVED VM FROM VERONICA FROM ATTY OFC REQ CALL BACK CALLED BACK TO (361) 692-2000 NO ANSWER LFT MESSAGE TO CALL BACK SR ALEGIS L600 | sreyes | GEN | NO |
| 3/9/2012 11:57:46 AM | RECEIVED VM FROM VERONICA FROM ATTY OFC REQ REDUCTION FAXED REDUCTION FORM TO ATTY OFC SR ALEGIS L600 | sreyes | GEN | NO |
| 3/16/2012 2:40:09 PM | RECEIVED REDUCTION REQ FROM ATTY OFC REQ 50% REDUCTION. PT RECEIVED 30K SETTLEMENT FROM UM POLICY BASED ON INFORMATION PROVIDED PROPOSED SETTLEMENT AMOUNT EXCEEDS CLIENT APPROVAL WILL SUBMIT FOR REVIEW SR ALEGIS L620 | sreyes | GEN | NO |
| 4/2/2012 9:25:24 AM | RECEIVED APPROVAL FROM MARK WESTMAN APPROVES $15,589.77 AS SETTLEMENT IN FULL FAXED SETTLEMENT LETTER TO ATTY SR ALEGIS L630 | sreyes | GEN | NO |
| 4/2/2012 9:26:24 AM | ATTY MASTER SETTLEMENT SHEET (GENERAL) | sreyes | LETTER | NO |
| 4/20/2012 2:11:38 PM | REVIEW ACCT CALLED HASTINGS LAW FIRM, THE(361) 692-2000 SPOKE TO VERONICA STATED IS WAITING ON SETTLEMENT CHECKS ONCE RECEIVES WILL SEND PAYMENT SR ALEGIS L900 | sreyes | GEN | NO |
| 4/30/2012 2:43:48 PM | REVIEW ACCT CALLED HASTINGS LAW FIRM, THE(361) 692-2000 SPOKE TO VERONICA STATED RECEIVED CHECKS TODAY STATED SHOULD ISSUE OUT WED PT NEEDS TO COME IN AND SIGN SR ALEGIS L900 | sreyes | GEN | NO |
| 5/8/2012 3:36:44 PM | RECEIVED CHECK FROM ALLSTATE IN THE AMOUNT OF 15,589.77 CHECK#181103786 FOR APPROVED REDUCTION MADE PAYABLE TO PT AND HOSPITAL CHECK ENDORSED BY PT SENT TO CBO FOR POSTING SR ALEGIS L910 | sreyes | GEN | NO |

| Created On | Notes | Created By | Note Type | Not Worked |
|---|---|---|---|---|
| 5/10/2012 8:50:27 AM | TPL PAYMENT POSTED TO ACCOUNT ON 5/9/12 IN THE AMOUNT OF 15589.77 ACCOUNT PAID IN FULL REQ FOR LIEN TO BE RELEASED SR ALEGIS L951 | sreyes | GEN | NO |
| 5/14/2012 12:30:04 PM | ALEGIS TX ROL REQUESTED | wherron | LETTER | NO |
| 6/13/2012 12:33:09 PM | A LIEN RELEASE WAS FILED IN HIDALGO COUNTY ON 5/22/12 DOCKET NUMBER 2310143 | AALLISON | GEN | NO |
| 7/20/2016 2:05:13 AM | SIF REPORTED BY VENDOR | ALEGIS\Administrator | GEN | NO |

# THE HASTINGS LAW FIRM

STEVE T. HASTINGS
Attorney

P. O. Box 2587
Corpus Christi, Texas 78403-2587
361-692-2000 • Fax: 361-692-2001

HENRY M. BLACKMON
Attorney

February 23, 2012

**VIA FAX: 281-719-7060**
Alegis
ATTN: Stephanie Reyes
1201 Woodlands Drive, Suite 4024
Woodlands, Texas 77380

***Re: Jesus Leija***
***Your account number 114472541***

Dear Stephanie:

In response to our request for a reduction for the referenced account and client, I understand that you need some information regarding the third party settlement.

Please be advised that the two liability carriers have tendered their policy limits of $30,000 each. There is no other coverage available. The current settlement allocation is as follows:

Attorney Fees – $19,998 reduced to $10,000
Expenses – $1762
McAllen MRI – $6250 reduced to $3,125
Valley EMS – $1865 reduced to $1492
Palm ER Phy – $850
Heart Clinic – $35
OIS Rehab – $4714 reduced to $3773
Focus Med Center – $1500 reduced to $1200
Barry Cook, MD – $980
McAllen Med Center $31362

We are asking for a 50% reduction of the interest that McAllen Med Center is claiming in the settlement. Since Mr. Leija has not been able to return to work since the accident in June, he needs to be compensated for lost wages and compensated for his non-economic damages. Unfortunately, there is no other method of compensation for his damages resulting from the accident

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 104 of 131

and the $60,000 are the only funds we have to work with to resolve all claims.

Please let me know immediately if this request is acceptable. We expect to have the funding within the next week or so and will make payment upon receipt of the settlement funds.

Sincerely,

Henry M. Blackmon



ALEGIS

# REDUCTION SHEET

| RE: | Patient Name | JESUS LEIJA |
| --- | --- | --- |
| | Account Numbers | 114472541 |

Return To: Stephanie Reyes Fax Number: 281-296-0733

Total Settlement $ ______ Med Pay Settlement $ ______

**INCLUDE: Uninsured, Underinsured Motorist, First Party/Third Party**

| | ORIGINAL AMOUNT | DISCOUNT | PERCENTAGE |
| --- | --- | --- | --- |
| Attorney Fees | | | |
| Less Costs | | | |
| Sub Total of Settlement | | | |
| Medical Expenses *(Continue on separate paper if needed)* | | Client South Texas Health System | |
| Lien Amount | | | |
| Provider ______ | | | |
| Provider ______ | | | |
| Provider ______ | | | |
| Provider ______ | | | |
| Total Medical Expenses | | | |
| Sub Total | | | |
| Net Settlement (Amount Payable to Patient/Client) | | | |

Reason for Requested Discount ______

- A copy of the accident/insurance report is **REQUIRED** to be sent along with this request.
- If another carrier has already paid the other provider bills, then their subrogation amounts **MUST** be listed.

*I declare, under penalty of perjury, that the foregoing is true and correct.*

Completed By ______ Date ______

Signature ______ Telephone ______



ALEGIS

April 2, 2012

THE HASTINGS LAW FIRM
Attn: HENRY BLACKMON
Via Facsimile (361) 692-2001

Re: McAllen Medical Center

| | |
|---|---|
| Patient: | JESUS LEIJA |
| Account No.: | 114472541 |
| Account Balance: | $31,362.00 |

Dear Mr. Blackmon:

Our agency represents McAllen Medical Center in the above-referenced matter.

It is my understanding you are requesting a reduction of McAllen Medical Center's bill. Based on the information provided, McAllen Medical Center is willing to accept $15,589.77 as settlement in full for the hospital lien. This is based on your representation that the total available proceeds is $30,000.00 (including all first and third party payers, PIP, Medpay or any potential future proceeds) as well as prompt payment within ten (10) business days from the date of this letter. Please make payment in the amount of $15,589.77 **payable to** McAllen Medical Center, and forward to the address below.

ALEGIS REVENUE GROUP
1201 LAKE WOODLANDS DRIVE STE 4024
THE WOODLANDS TX 77380

Sincerely,

Stephanie Reyes

Stephanie Reyes
Authorized Agent for McAllen Medical Center
Alegis Revenue Group, LLC
Toll Free Line: (855) 637-7383

ALEGIS
1201 Lake Woodlands Drive, Suite 4024
The Woodlands, Texas 77380
(281) 719-7000
(855) 637-7383
(281) 719-7060 *fax*

**Date:** Monday, April 02, 2012 09:29AM

**From:** STEPHANIE REYES

| RECIPIENT | FIRM NAME | TELECOPY NUMBER |
|---|---|---|
| | | 3616922001 |

**Number of pages including cover sheet:** 2

**Description :** SETTLEMENT LETTER

---

ATTENTION: HENRY BLACKMON

**If you have any problems receiving this transmission, please call (281) 296-0398.**

---

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY-PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

CONFIRMATION INFORMATION
Sent at: 04/02/2012 09:31AM
Number of pages: 2
Resolution: FINE
Fax Number: 3616922001
Destination name:
Sender Name: WOODLANDS.TPL
Description: SETTLEMENT LETTER
STATUS: SENT

# Exhibit C

BOSON, LAURA ESTHER-Enc #115999732-OPT-XER-8/29/2012 ED Nursing Record - 8/29/2012 - 2 pg

Date: 8/29/12

©2001-2006 T-System, Inc. Circle or check affirmatives, backslash (\) negatives.

12 South Texas Health System

**EMERGENCY NURSING RECORD**

**General Medicine Complaints**

ARRIVAL TIME 1337 TRIAGE TIME 1340
LEVEL: V (IV) III II I

NAME: Laura Boson
D.O.B: [redacted] AGE: 47 M/(F)
HISTORIAN: (patient) paramedics family
ARRIVAL MODE: car EMS police ambulatory WC stretcher
ARRIVED FROM: home MD office NH other
PCP: none Dr Cavalry
^IMMUNIZATIONS: current / referral
flu pneumovax

TREATMENT PTA see EMS report IV $O_2$
last blood glucose

VITALS Height 5'0" Weight 124 (lbs)/kg
BP 114/64 P 72 RR 18 temp 98.3 TM (O) R Ax
$SaO_2$ 96% (RA) / $O_2$

PAIN LEVEL current: 7/10 max /10 acceptable /10
scale used N/A quality location

CHIEF COMPLAINT Headache ē MVC neck pain 3 days ago
started 3 hrs / (days) ago

high blood pressure / shortness of breath / cough dry productive / chest pain / nausea / vomiting x / abdominal pain / chemical exposure
high / low blood sugar / fever / chills / problems urinating / back pain / diarrhea / (headache)

ALLERGIES NKDA Iodine
drug - PCN / ASA / sulfa / latex / codeine / (iodine)
food -

MEDS see med list
Fall Risk Assessment: Score high risk moderate risk (low risk)

PAST MEDICAL HX (negative) MVC Hypothyroidism
heart disease / HTN / diabetes: insulin asthma
past surgeries none C-sect x1

SOCIAL HX
smoker ppd drugs (alcohol) socially
^TB exposure / symptoms
^has been physically hurt or threatened by someone close

LNMP G P Ab pregnant / postmenop / hyst

RN Signature [signature]

TIME TO ROOM: 1340 ROOM: 4

**INITIAL ASSESSMENT** TIME: 1340

GENERAL APPEARANCE
✓ no acute distress
✓ alert
mild / moderate / severe distress
anxious / decreased LOC

^FUNCTIONAL / NUTRITIONAL ASSESSMENT
✓ independent ADL
appears well nourished / hydrated
assisted / total care
obese / malnourished
recent weight loss / gain

RESPIRATORY
✓ no resp distress
✓ nml breath snds
mild / moderate / severe distress
wheezing / crackles / stridor
decreased breath sounds

CVS
✓ regular rate
✓ pulses strong & equal
✓ skin warm & dry
✓ skin intact
tachycardia / bradycardia
pulse deficit
cool / diaphoretic
pale / cyanotic
skin breakdown

NEURO
✓ oriented x 3
✓ PERRL
disoriented to person / place / time
confused
pupils unequal R L
weakness / sensory loss

EENT
✓ nml eye inspection
✓ nml ENT inspection
scleral icterus / pale / red conjunctivae
nasal drainage
epistaxis

ABDOMEN
✓ nml inspection
✓ soft, non-tender
✓ bowel sounds nml
tenderness / guarding / rebound
rigid / distended
bowel sounds hyper hypo absent

EXTREMITIES
✓ non-tender
✓ moves all extremities
✓ no pedal edema
calf tenderness
limited ROM / contractures
pedal edema

ADDITIONAL FINDINGS Pain to neck / Headache ē

INITIAL ACTIONS

| TIME | | | INIT |
|---|---|---|---|
| 1340 | ID band applied | ID band verified | [initials] |
| | disrobed / gowned | blanket provided | |
| 1340 | bed low position | side rails up x (x2) | |
| 1340 | call light in reach | (head of bed elevated) | [initials] |

Nurse Signature [signature]

^ protocol available

115999732
BOSON, LAURA ESTHER
DOB: [redacted] 47 Y SX: F XER
MRN: 125398 ADM/REG DT: 08/29/2012
South Texas Health System

ER0011 - ED Nursing Notes

## ACTIONS

| TIME | | INIT |
|---|---|---|
| 1340 | cardiac monitor | |
| | pulse oximeter | |
| | $O_2$ ____ L via | |
| | Accu-Chek____ | |
| | ready for Dr eval. ____notified doctor / seen by Dr | |
| | restraints see documentation | |

## IV STARTS ☐ Education provided

| TIME | # | site | gauge | attempts | complications | INIT |
|---|---|---|---|---|---|---|
| | | | | | | |

## IV / MEDICATION INFUSION RECORD ☐ Education provided

| Start Time | Solution / Med | IVPB | Rate ml / hr | Stop Time | Amount Infused | INIT |
|---|---|---|---|---|---|---|
| | | | | | | |
| | Response: no change improved no reaction | | | | | |
| | | | | | | |
| | Response: no change improved no reaction | | | | | |
| | | | | | | |
| | Response: no change improved no reaction | | | | | |

## MEDICATIONS ☑ Education provided

| TIME | Medication | Dose | Route | Site | INIT |
|---|---|---|---|---|---|
| 1400 | Toradol | 60 mg | IM | Rom | |
| 1435 | Response: no change improved (no reaction) | | | | |
| | | | | | |
| | Response: no change improved no reaction | | | | |
| | | | | | |
| | Response: no change improved no reaction | | | | |
| | | | | | |
| | Response: no change improved no reaction | | | | |
| | | | | | |
| | Response: no change improved no reaction | | | | |

## PROCEDURES ☐ Education provided

| TIME | | INIT |
|---|---|---|
| | 12-lead EKG performed | |
| | notified | |
| | Foley fr. mL return | |
| | | |
| | NG fr. mL return | |
| | placement confirmed to suction low / intermittent | |
| | | |
| | lab drawn / sent by ED tech / nurse / lab | |
| | results back | |
| | awaiting physician review | |
| | to Xray w/ monitor / nurse / $O_2$ / tech | |
| | return to room | |
| | to CT w/ monitor / nurse / $O_2$ / tech | |
| | return to room | |
| | | |

## VITAL SIGNS

| TIME | BP | P | RR | T | $SaO_2$ | GCS | Pain | Pupils | INIT |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | /10 | | |
| | | | | | | | /10 | | |
| | | | | | | | /10 | | |
| | | | | | | | /10 | | |

## ADDITIONAL NOTES

1430 - No sign of [illegible] Mother [illegible] feeling better. Discharge instructions given [illegible] verbal understanding —[illegible]

1435 - went home in [illegible] condition —[illegible]

**INTAKE**____ **OUTPUT**____

__IV / saline lock discontinued: Total Amt Infused____
Time____ Initials____

**PROPERTY TO:**

✓ patient __family __security __safe __see patient belongings list

## DISPOSITION

✓ discharged home police nursing home ME funeral home

✓ verbal / written instructions ☐Rx instructions (1) Back/neck pain (2) MVC (3) acute cervical strain

✓ verbalized understanding

✓ ^learning barriers addressed

__accompanied by / driver____

__admitted / transferred to

__report to____ time____

__admit / transfer documentation completed

__notified family / police / ME

__left AMA / LWBS signed AMA sheet refused ____

__physician notified of:____

**Discharge Vitals**
BP 114/7[illegible] HR 76 RR 18 Temp 98 $SaO_2$ 99
__pain level at discharge ____/10

## CONDITION

__unchanged __improved ✓ stable __other____

Depart Time 1435 Mode (walk) crutches W/C stretcher ambulance

*Discharge Nurse Signature* [signature]

☐ Continuation Sheet

| SIGNATURE | INITIAL |
|---|---|
| [signature] | [initials] |
| | |
| | |

^ protocol available

ER0011

10-59125
General Medicine Complaints - 12

115999732
BOSON, LAURA ESTHER
DOB: [redacted] 47 Y SX: F XER
MRN: 125398 ADM/REG DT: 08/29/2012
South Texas Health System

DOB: SX:
MRN:

# Exhibit D

* Auth (Verified) *

## Trauma Flow Sheet

☐ MMC ☐ MHH ☐ ERMC ☐ ECH Patient Name: Garza, Rodolfo
☐ Level 1 ☐ Level 2 ☐ Level 3 ☐ Level 4 ☐ Level 5

**TRANSPORT**

**PRE-HOSPITAL TRANSPORT** ☐ POV ☐ Police ☐ Ambulance Co. Air / Ground ETA ____ Unit# 8
☐ $O_2$ ____ ☐ Oral Airway ☐ ETT # ____ ☐ Ambu ☐ Other ☒ C-Collar ☐ Backboard ☐ Splint ____ ☐ Pressure DRSG
☐ CPR – Manual / Thumper ☐ Meds ☐ IV's Initiated ☐ Solution ____ Total Intake ____ ml Estimated Blood Loss ____ ml
Complete Runsheet Obtained ☐ Yes ☐ No

**REFERRING FACILITY:** ____ Time Admitted ____ Time Transferred ____
Copy of record from referring facility received: ☐ Yes ☐ No

**MECHANISM OF INJURY**

Age: 52 Gender: M F Race: H Arrival Date: 1-5-12 Time: 2000 Triage Time: 2015 Time to Tx: 2052
Time of Injury: 1930 Actual / Est. O Intentional O Unintentional EDMD Name: McGhee RM# 17
*Activation of Trauma Team:* ☒ Alert ☐ *Code Time:* 1930 *EDMD@* 1930 *Supervisor@* ____ *Lab@* 1931
*X-Ray@* 1930 *EKG@* ____ *Respiratory@* 1930 *Trauma Surgeon: Dr.* ____ *Arrived @* ____ *Hrs*

**MOTOR VEHICLE TRAUMA** ☒ MVA ☐ Auto/Pedestrian ☐ Motorcycle ☐ Bicycle ☐ Other ____
☒ Driver ☐ Passenger: ☒ Front O Rear ☐ Ejected Type of Vehicle ____ ☐ Major ☐ Minor ☐ Fatalities at Scene ____
Speed of Crash ____ MPH Type of Collision: ☐ Head-On ☒ Side Impact (T-Bone) ☐ Rear-Ended ☒ Roll-over ☐ Other ____
Safety Devices: ☒ Seatbelt ☐ Unrestrained ☐ Child Safety Seat ☐ Airbag ☐ Helmet ☐ Other ____

**FALL / JUMP TRAUMA** Approximate Height ____ Ft.
Landed on Surface (type) ____ ☐ Police Notified
Comments:

**ASSAULT**
☐ Weapon Used: ____ ☐ Police Notified
Comments:

**PENETRATING** ☐ GSW ☐ Impalement ☐ Other ____
Distance from Assailant ____ feet # of Wounds ____
Weapon / Description ____ ☐ Police Notified

**BURN** ☐ Thermal ☐ Chemical ☐ Electrical ☐ Frostbite
☐ Potential Inhalation ☐ Enclosed Space Length of Exposure ____
Description

**LOCATION OF INJURY:** McSwain 607 Stanwood **LOC on scene** ☐ X ____ min. and/or ☐ Remains unresponsive

**OTHER: (Describe)** Pt c/o back/neck pain. Ambulatory @ scene. Police SMK M.Hinojosa [handwriting partially illegible]

**PRIMARY SURVEY** (while maintaining spine stabilization)

**AIRWAY** ☒ Patent ☐ Partially Obstructed
☐ Obstructed ☐ Absent ☐ Secretions
☐ Foreign Body ☐ Other

**INTERVENTIONS** ☐ ETT# ____ Oral / Nasal ☐ Nasal Trumpet
☐ Oral Airway ☐ Cricothyroidotomy ☐ Tracheostomy ☐ Breath Sounds ✓'d
Time ____ by ____ MD O Yes O No

**BREATHING** ☒ Spontaneous ☐ Labored ☐ Agonal
Trachea: ☐ Midline ☐ Deviated - O Right O Left
Chest Wall: ☐ WNL ☐ Abn
Breath Sounds: Right ☐ WNL ☐ Diminished ☐ Absent
Left ☐ WNL ☐ Diminished ☐ Absent
☐ Sucking Chest Wound
☐ Flail – Right / Left

Comments ____
Time:
____ ☐ Breathing Assisted with Bag-Valve Device
____ Chest Tube placement: **See page 2**
____ ☐ Needle Thoracostomy O Right O Left
____ ☐ Occlusive Dressing to ____
____ ☐ $O_2$ at ____ LPM/%

**CIRCULATION** Cap refill ____ SECS.
Color: ☐ WNL ☐ Pale ☐ Cyanotic ☐ Flushed
Skin: ☐ WNL ☒ Cool ☐ Hot ☐ Clammy ☐ Diaphoretic
Pulses: ☒ Present ☐ Absent ☐ Diminished ☐ Thready
Hemorrhage: ☐ None
☐ Estimated Blood Loss ____ ml

Time:
☒ Pressure Dressing to: ____
☐ IV's Established (See Intake Record)
☐ Thoracotomy ☐ CPR Initiated (See Code Sheet)
☐ Level 1 Fluid Warmer Utilized ____
☐ Other Interventions: ____

**DISABILITY** Neuro: ☒ Alert ☐ Responds to Verbal ☐ Responds to Pain Only
Pupils: Right – size 3 ☒ Reactive ☐ Sluggish ☐ Unreactive Left – size 3 ☒ Reactive ☐ Sluggish ☐ Unreactive

**Nurse Triage Notes / Interventions:**
SIPMVC

Fall Risk Assessment: Score ____
☐ High Risk
☐ Moderate Risk
☒ Low Risk

**Initial Vital Signs:** ☐ Manual ☐ Auto B/P 188/110
Pulse 81 Resp 20 $O_2$Sat% 98%
GCS: Eye 4 Verbal 5 Motor 6 Total = 15
RTS: Resp 4 Systolic 4 Convert GCS 4 Total = 12
Temp 97.9 ☐ Oral ☐ Axillary ☐ Rectal ☐ Tympanic
Pain Level: (circle one) 0 1 2 3 4 5 (6) 7 8 9 10
Scale used: 1-10

Nurse Signature: [signature] Print Name: [signature]

SOUTH TEXAS HEALTH SYSTEM

**TRAUMA FLOW SHEET**
**Page 1 of 4**

**10-13234 (3/07)** Standard Register

ER0011

Patient Identification
115172793
GARZA, RODOLFO
DOB: [redacted] 52 Y SX: M EMR
MRN: 641200 ADM/REG DT: 01/05/2012
South Texas Health System

* Auth (Verified) *

**Nursing Diagnosis:** Alteration in homeostasis related to acute trauma **Goal:** Homeostasis

Education provided on: ☐ Nursing Diagnosis ☐ Vital Signs ☐ Medications ☐ Input Record ☐ Output Record

## PROCEDURES

| Time | Procedure | Outcome | Time | Procedure | Outcome | Time | Invasive Lines | Site |
|---|---|---|---|---|---|---|---|---|
| | Chest Tube # 1 | | | Foley # | | [illegible] | IV 18 | [illegible] |
| | Chest Tube # 2 | | | NG / OG Tube | | | IV | |
| | DPL | | | Splint Traction | | | Central Line | |
| | ETT# | | | | | | Arterial Line | |

TIME OUT: H & P ☐ Yes ☐ No Consent Signed: ☐ Yes ☐ No ☐ n/a Site Marked: ☐ R ☐ L
Time Out Called: ☐ Yes ☐ No Time: ______ Nurses Signature: ______

| Time blood drawn: | Time resulted: | Time pt. to X-Ray: | Time X-Rays resulted: | Time pt. to CT: | Time CT resulted: |
|---|---|---|---|---|---|

C-Spine cleared at: C-Collar removed by: @ Hrs.
**Patient reported pain to neck and c-collar replaced at:
Taken off backboard at:
Neuro-vascular status ✓'d pre/post removal of board ☐
Side rails up: ☐ 1 ☐ 2 Bed in low position ☐ Y ☐ N

A = Abrasion
B = Burn
D = Deformity
E = Edema
F = Fracture
G = GSW
H = Hematoma
L = Laceration
P = Pain
S = Stab
W = Wound

FRONT — RIGHT / LEFT; BACK — LEFT / RIGHT

| Service | Name | Time Called | Time Arrived |
|---|---|---|---|
| Anesthesia | | | |
| Neurosurgery | | | |
| Orthopedic | | | |
| OR Team | | | |
| Police | | | |
| Transfer Coord | | | |
| Trauma Surgery | | | |
| Other | | | |
| Other | | | |

Pupil Scale: R = Reactive, F = Fixed, S = Sluggish, C = Cataract — 1 2 3 4 5 6 7 8

## VITAL SIGNS

| Time | GCS | Pupil Size | B/P | P | R | T | O2Sat/ %/LPM | Pain 0/10 |
|---|---|---|---|---|---|---|---|---|
| 2200 | 15 | 3 / 3 | 128/72 | [illegible] | 16 | 98.5 | 98 / RA | 4 |
| 2300 | 15 | 3 / 3 | 115/72 | 82 | 14 | 98.1 | 98 / RA | 2 |
| | | | | | | | | 10 |
| | | | | | | | | 10 |
| | | | | | | | | 10 |
| | | | | | | | | 10 |
| | | | | | | | | 10 |

## MEDICATIONS

| Time | Medication | Dose | Route | Site | Response | ADR | Initials |
|---|---|---|---|---|---|---|---|
| 2250 | Morphine | 5mg | IV | | | Yes / No | [illegible] |
| | Zofran | 4mg | IV | | | Yes / No | [illegible] |
| | | | | | | Yes / No | |
| | | | | | | Yes / No | |
| | | | | | | Yes / No | |
| | | | | | | Yes / No | |
| | | | | | | Yes / No | |

**NURSING ASSESSMENT** *Assessment reviewed every 1 hr & changes noted in NN* — Time / Initial

## INTAKE RECORD

| Time | IV# | Site | Size | Soln | Vol | IV Amt Given | PO Intake |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | Total Intake | | |
| | | | | | Grand Total ⇒ | | |

## OUTPUT RECORD

| Time | Urine | Chest Right | Chest Left | NGT/OGT | Other |
|---|---|---|---|---|---|
| | | | | | |
| Totals | | | | | |
| Grand Total ⇒ | | | | | |

SOUTH TEXAS HEALTH SYSTEM™

ER0011

**TRAUMA FLOW SHEET**
**Page 2 of 4**

10-13234 (3/07) Standard Register

Patient Identification

115172793
GARZA, RODOLFO
DOB: [redacted] 52 Y SX: M EMR
MRN: 641200 ADM/REG DT: 01/05/2012
South Texas Health System

* Auth (Verified) *

| TIME | NURSES NOTES | TIME | NURSES NOTES |
|---|---|---|---|
| 2010 | Pt was restrained driver in | | |
| | MVC. States he was struck | | |
| | on side and rolled over | | |
| | vehicle. Denies LOC. c/o | | |
| | pain to (R) side of chest | | |
| | abdomen and (R) arm. | | |
| | Also c/o neck pain. Ambulatory | | |
| | at scene, refused SMR | | |
| | precautions per EMS. —MB | | |
| 2100 | To CT via stretcher —MB | | |
| 2125 | Return from CT. —MB | | |

☐ CHECK HERE IF NOTES CONTINUE ON SEPARATE SHEET.

**ADMISSION INFORMATION**

Admitted to: ☐ OR ☐ ICU Bed # ______ ☐ Pedi Room # ______ ☐ Med / Surg / Tele (Circle One) Room # ______
Report Called to ______ RN / LVN @ ______ Hrs. Time patient left ED: ______ Hrs.
Transported via: ☐ Stretcher ☐ Wheelchair ☐ Carried

**TRANSFER OUT INFORMATION**

Accepting facility: ______ Contact Time ______ Time patient left ED: ______ Hrs.
Report Called to ______ ☐ RN ☐ MD ☐ Other ______
Transport Service: ______ ☐ Air ☐ Ground Complete copy of Record sent, including EMS Runsheet: ☐ Yes ☐ No

**DISPOSITION ASSESSMENT / CONDITION / PAIN LEVEL**

☐ See Transfer Report Form.
Total Intake: ______ Total Output: ______
Vital Signs: B/P 128/76 P 82 R 16 $O_2$Sat% 98
Temp 98.4 ☐ Oral ☐ Axillary ☐ Rectal ☐ Tympanic
GCS ______ Pain Level (circle one): 0 1 2 3 4 5 6 7 8 9 10
Scale used: ______
Pediatric Pain Scale:
0 2 4 6 8 10

Final Assessment/Notes: CAOx3. States feels much better. No acute distress. IV removed c catheter tip intact —MB

Patient belongings: ☑ Went with patient
☐ Given to: ______
Time: ______ Hrs.
Printed Instructions given to: ☑ Patient
☐ Other: ______
Time patient dismissed: 2335 Hrs.

Nurse Signature: [signature] RN Nurse Signature: ______ RN
Print Name: MARK A BARNES Initials: MAB Print Name: ______ Initials: ______

SOUTH TEXAS HEALTH SYSTEM™

**TRAUMA FLOW SHEET**
**Page 3 of 4**

**10-13234 (3/07)** Standard Register

ER0011

Patient Identification
115172793
GARZA, RODOLFO
DOB: [redacted] 52 Y SX: M EMR
MRN: 641200 ADM/REG DT: 01/05/2012
South Texas Health System

Patient Name: GARZA, RODOLFO
Date of Birth [REDACTED]

MRN: STH00641200
FIN: STH0000115172793

**\* Auth (Verified) \***

**ENVIRONMENTAL CONTROL** ☐ Bear Hugger ☐ Level I Infuser ☐ Warm Blankets ☐ Warming Light ☐ Removal of Clothing

**SECONDARY SURVEY**

**Head:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion
☐ Amnesia (Event Retrograde) Describe:

**Eyes:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion
☐ Raccoon Sign/Battle Sign ☐ Glasses/Contacts
Visual Acuity: OD ___/___ OS ___/___ OU ___/___ ☐ N/A
Other/Describe:

**Ears:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion
☐ Otorrhea Other/Describe:

**Nose:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion
☐ Rhinorrhea Other/Describe:

**Mouth/Throat:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion
☐ Teeth Missing ☐ Unstable: Mandible/ Maxilla/ Zygoma
Other/Describe:

**Neck:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion ☐ Pain ☐ Limited Motion
☐ C-Collar in Place ☐ Crepitus -Location: ____ ☐ Alignment Precautions Maintained ☐ JVD ___ +R___ +L
Other/Describe:

**Chest:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion ☐ Seatbelt Marks
☐ Rib/Sternal Tenderness ☐ Flail: Left/ Right/ Bilateral Breath Sounds present: ☐ RLL ☐ RUL ☐ LLL ☐ LUL
☐ Crepitus - Location: ____ Other/Describe:

**Cardiac:**
☐ NSR ☐ Other Rhythm _____ ☐ Pacemaker ☐ Abnormal Heart Sounds: ____
Other/Describe:

**Abdomen:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion
☐ Seatbelt Marks ☐ Distention ☐ Tender: ☐ LUQ ☐ RUQ ☐ LLQ ☐ RLQ ☐ Rigid ☐ Scars at:
☐ Bowel Sounds: ☐ Present ☐ Absent Other/Describe:

**Pelvis/GU/GYN:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion ☐ Tenderness
☐ Blood at ____ Pelvis: ☐ Stable ☐ Unstable
Rectal Exam Performed: ☐ No ☐ Yes by ____ MD ☐ Normal Result: ____
Genitalia: ☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion
Uterus: LMP ____ ☐ Pregnant ____ weeks EDC ____ FHT ____ Comments: ____

**Extremities:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion ☐ Tenderness
Other/Describe:

**Posterior Surface:**
☐ Normal ☐ Hematoma/ Swelling/ Deformity/ Laceration/ Abrasion/ Contusion ☐ Pain ☐ Limited Motion
☐ Crepitus Alignment Precautions: ____
Other/Describe:

**Psychosocial:**
☐ Normal ☐ Comfort Measures ☐ Facilitate family/significant other presence as allowable
Other/Describe:

| | | PULSES | Radial | Carotid | Femoral | Popliteal | Posterior Tibial | Dorsalis Pedis |
|---|---|---|---|---|---|---|---|---|
| **Motor Function:** ☐ WNL **Deficit:** ☐ RUE ☐ LUE ☐ RLE ☐ LLE | **Sensory Function:** ☐ WNL **Deficit:** ☐ RUE ☐ LUE ☐ RLE ☐ LLE | **R+** | | | | | | |
| | | **L+** | | | | | | |

Immunizations Current? ☑ Yes ☐ No ☐ Unknown
Smoker: ☐ Yes ☐ No ☐ Denies
IV Drug Use: ☐ Yes ☐ No ☐ Denies
ETOH: ☑ Yes Intake ____ ☐ No ☐ Denies
**Have you been physically hurt or threatened by someone?**
☐ Yes ☐ No
**TETANUS:** Current: ☐ Yes ☐ No Primary MD: _Vega_
**ALLERGIES:** NKA
Past Medical History _DM_
Past Surgical History _CV_
Immunocompromised: ☐ Therapy ☐ Asplenic
Time of Last Meal/Fluids /
Current Home Medications: ☐ See attached medication list.
Wt. _170_ Kg / Lbs Ht. _5'7"_ cm / Inches

Nurse Signature: _____ RN
Print Name: _____ Initials: ___
Nurse Signature: _____ RN
Print Name: _____ Initials: ___

**GLASGOW COMA SCORE (GCS)**

| EYE OPENING | | |
|---|---|---|
| INFANT/TODDLER | | CHILD/ADULT |
| Spontaneous | 4 | Spontaneous 4 |
| To Voice | 3 | To Voice 3 |
| To Pain | 2 | To Pain 2 |
| None | 1 | None 1 |

| VERBAL RESPONSE | | |
|---|---|---|
| INFANT/TODDLER | | CHILD/ADULT |
| Smiles/interacts | 5 | Oriented 5 |
| Consolable | 4 | Confused 4 |
| Cries to Pain | 3 | Inappropriate Words 3 |
| Moans to Pain | 2 | Incomprehensible Words 2 |
| None | 1 | None 1 |

| MOTOR RESPONSE | | |
|---|---|---|
| INFANT/TODDLER | | CHILD/ADULT |
| Norm Spontaneous Move | 6 | Obeys Commands 6 |
| Localizes Pain | 5 | Localizes Pain 5 |
| Withdraws to Pain | 4 | Withdraws to Pain 4 |
| Abnormal Flexion | 3 | Abnormal Flexion 3 |
| Abnormal Extension | 2 | Abnormal Extension 2 |
| None | 1 | None 1 |

15

**REVISED TRAUMA SCORE (RTS)**

| A. RESP | | B. SYSTOLIC | | C. CONVERT GCS | |
|---|---|---|---|---|---|
| 10 - 24 | 4 | Greater than 90 | 4 | 13 - 15 | 4 |
| 25 - 35 | 3 | 70 - 89 | 3 | 9 - 12 | 3 |
| Greater than 35 | 2 | 50 - 69 | 2 | 6 - 8 | 2 |
| Less than 10 | 1 | Less than 50 | 1 | 4 - 5 | 1 |
| 0 | 0 | 0 | 0 | 3 - 0 | 0 |

12

SOUTH TEXAS HEALTH SYSTEM

**TRAUMA FLOW SHEET**
Page 4 of 4

10-13234 (3/07) Standard Register

ER0011

Patient Identification

**115172793**
GARZA, RODOLFO
DOB: ____ 52 Y SX: M EMR
MRN: 641200 ADM/REG DT: 01/05/2012
South Texas Health System

Facility: MMC Center

Page 25 of 59

* Auth (Verified) *

McAllen Medical Center

VIRTUAL RADIOLOGIC

# Preliminary Radiology Report

866-941-5695

**Name:** GARZA, RODOLFO **Age:** 52Years M **Date:** 01/05/2012

**Requesting Physician:** Mahbubani, Sunil **MRN:** 641200 **DOB:** [redacted]

| Procedure | Accession | Number of Images |
|---|---|---|
| CT CHEST | M02679872 | 132 |
| CT BRAIN/HEAD | M02679875 | 102 |
| CT SPINE CERVICAL | M02679873 | 186 |

**Provided Clinical History:** TRAUMA/MVA

Musculoskeletal: No acute osseous abnormalities. Degenerative changes. No acute fractures.

IMPRESSION:

No CT evidence of acute traumatic injury.

Thank you for allowing us to participate in the care of your patient.

Dictated and Authenticated by: Novick, Michael, MD
01/05/2012 11:06 PM Central Time

RA0010 - Radiology Report

115172793
GARZA, RODOLFO
DOB: [redacted] 52 Y SX: M EMR
MRN: 641200 ADM/REG DT: 01/05/2012
South Texas Health System

**QUALITY ASSURANCE**
If a discrepancy is found between the preliminary and final interpretations of this study, please notify us via the Quality Assurance Client Portal located at **https://access.vrad.com**

Or fax this report, the final report and a brief description of the discrepancy.
When faxing, please indicate if patient care was altered: Yes No

vRad daytime Quality Assurance contact numbers: Fax 952.935.2551 | Phone 866.868.7991

**CONFIDENTIALITY STATEMENT**
*This transmission is confidential and is intended to be a privileged communication. It is intended only for the use of the addressee. Access to this message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken, or omitted to be taken in reliance on it is prohibited and may be unlawful. If you received this communication in error, please notify us by telephone, so that return of this document to us can be arranged.*

* Auth (Verified) *

McAllen Medical Center

VIRTUAL RADIOLOGIC

# Preliminary Radiology Report

866-941-5695

**Name:** GARZA, RODOLFO **Age:** 52Years M **Date:** 01/05/2012

**Requesting Physician:** Mahbubani, Sunil **MRN:** 641200 **DOB:** [redacted]

| Procedure | Accession | Number of Images |
|---|---|---|
| CT CHEST | M02679872 | 132 |
| CT BRAIN/HEAD | M02679875 | 102 |
| CT SPINE CERVICAL | M02679873 | 186 |

115172793
GARZA, RODOLFO
DOB: [redacted] 52 Y SX: M EMR
MRN: 641200 ADM/REG DT: 01/05/2012
South Texas Health System

**Provided Clinical History:** TRAUMA/MVA

Lungs: Pericentimeter irregular density in the left upper lobe (series 2, image 16), nonspecific in appearance. Areas of linear stranding at both lung bases, consistent with atelectasis and/or scarring. No focal infiltrates or pleural effusions. No pneumothoraces.
Heart: Normal in size. No pericardial effusion.
Mediastinum: No pathologically enlarged lymph nodes. No mediastinal hematoma.
Great vessels: No aortic dissection or aneurysm.

Liver: Unremarkable.
Biliary tree: No intra- or extrahepatic ductal dilation.
Gallbladder: No radiodense gallstones.
Pancreas: Unremarkable.
Spleen: Unremarkable.
Adrenal glands: Unremarkable.
Kidneys: Probable left renal parapelvic cysts. No renal calculi. No hydronephrosis.
Retroperitoneum: Unremarkable.
GI tract: Limited without oral contrast. No intestinal obstruction or free intraperitoneal air. Appendix not identified with certainty but no right lower quadrant inflammatory changes to suggest acute appendicitis.

Pelvis: Unremarkable. No free pelvic fluid.

**QUALITY ASSURANCE**
If a discrepancy is found between the preliminary and final interpretations of this study, please notify us via the Quality Assurance Client Portal located at **https://access.vrad.com**

Or fax this report, the final report and a brief description of the discrepancy.
When faxing, please indicate if patient care was altered: Yes No

vRad daytime Quality Assurance contact numbers: Fax 952.935.2551 | Phone 866.888.7991

**CONFIDENTIALITY STATEMENT**
*This transmission is confidential and is intended to be a privileged communication. It is intended only for the use of the addressee. Access to this message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken, or omitted to be taken in reliance on it is prohibited and may be unlawful. If you received this communication in error, please notify us by telephone, so that return of this document to us can be arranged.*

* Auth (Verified) *

**McAllen Medical Center**

# Preliminary Radiology Report

866-941-5695

**Name:** GARZA, RODOLFO **Age:** 52Years M **Date:** 01/05/2012

**Requesting Physician:** Mahbubani, Sunil **MRN:** 641200 **DOB:** [redacted]

| Procedure | Accession | Number of Images |
|---|---|---|
| CT CHEST | M02679872 | 132 |
| CT BRAIN/HEAD | M02679875 | 102 |
| CT SPINE CERVICAL | M02679873 | 186 |

**Provided Clinical History:** TRAUMA/MVA

Small density posterior to the C7 spinous process, possibly a mildly displaced fracture. No evidence of acute unstable fracture, dislocation or subluxation.
Prevertebral soft tissues normal. No paraspinal hematomas.

IMPRESSION:

No CT evidence of acute intracranial or acute unstable cervical spine traumatic injury.

Small density posterior to the C7 spinous process, possibly a mildly displaced fracture.

CT CHEST, ABDOMEN AND PELVIS WITH CONTRAST: 1/5/2012, 10:15 PM

COMPARISON: None.

INDICATION: Trauma/mva

FINDINGS:

115172793
GARZA, RODOLFO
DOB: [redacted] 52 Y SX: M EMR
MRN: 641200 ADM/REG DT: 01/05/2012
South Texas Health System

**QUALITY ASSURANCE**
If a discrepancy is found between the preliminary and final interpretations of this study, please notify us via the Quality Assurance Client Portal located at **https://access.vrad.com**

Or fax this report, the final report and a brief description of the discrepancy.
When faxing, please indicate if patient care was altered: Yes No

vRad daytime Quality Assurance contact numbers: Fax 952.935.2551 | Phone 866.868.7991

**CONFIDENTIALITY STATEMENT**
*This transmission is confidential and is intended to be a privileged communication. It is intended only for the use of the addressee. Access to this message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken, or omitted to be taken in reliance on it is prohibited and may be unlawful. If you received this communication in error, please notify us by telephone, so that return of this document to us can be arranged.*

* Auth (Verified) *

Fax Server 1/5/2012 11:07:18 PM PAGE 1/004 Fax Server

McAllen Medical Center

VIRTUAL RADIOLOGIC™

# Preliminary Radiology Report

866-941-5695

**Name:** GARZA, RODOLFO **Age:** 52Years M **Date:** 01/05/2012

**Requesting Physician:** Mahbubani, Sunil **MRN:** 641200 **DOB:** [redacted]

| Procedure | Accession | Number of Images |
|---|---|---|
| CT CHEST | M02679872 | 132 |
| CT BRAIN/HEAD | M02679875 | 102 |
| CT SPINE CERVICAL | M02679873 | 186 |

**Provided Clinical History:** TRAUMA/MVA

CT HEAD AND CERVICAL SPINE WITHOUT CONTRAST: 1/5/2012, 10:15 PM

INDICATION: Trauma/mva

115172793
GARZA, RODOLFO
DOB: [redacted] 52 Y SX: M EMR
MRN: 641200 ADM/REG DT: 01/05/2012
South Texas Health System

COMPARISON: None.

FINDINGS:

No evidence of acute intracranial hemorrhage or acute transcortical infarction. Grey-white differentiation preserved.
No significant mass effect or midline shift.
Ventricles are normal in size and symmetrical. Basal cisterns patent.
Calvarium normal.
Minimal left maxillary sinus mucosal thickening. Aplastic. Left frontal sinus. Remaining visualized parasnasal sinuses and bilateral mastoid air cells clear.

Normal cervical lordosis. Alignment anatomic.
Intervertebral disk spaces preserved.
Vertebral body heights maintained.

**QUALITY ASSURANCE**
If a discrepancy is found between the preliminary and final interpretations of this study, please notify us via the Quality Assurance Client Portal located at **https://access.vrad.com**

Or fax this report, the final report and a brief description of the discrepancy.
When faxing, please indicate if patient care was altered: Yes No

vRad daytime Quality Assurance contact numbers: Fax 952.935.2551 | Phone 866.868.7991

**CONFIDENTIALITY STATEMENT**
*This transmission is confidential and is intended to be a privileged communication. It is intended only for the use of the addressee. Access to this message by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution or any action taken, or omitted to be taken in reliance on it is prohibited and may be unlawful. If you received this communication in error, please notify us by telephone, so that return of this document to us can be arranged.*

# Exhibit E

Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 121 of 131

**Moore Law Firm Price-Gouging Clients**

| Client Name | Dates of RICO Activities | Types of Contact |
|---|---|---|
| 1. Norma Salinas | Nov. 2007 – July 2008 | Telephone, U.S. Mail |
| 2. Daniel Hernandez | April 2008 –Jan. 2011 | U.S. Mail |
| 3. Julia Estrada | Oct. 2011 –Dec. 2011 | U.S. Mail |
| 4. Belen Buentello | Nov. 2011 –Feb. 2013 | U.S. Mail |
| 5. Minerva Garcia | Dec. 2011 – Jan. 2012 | U.S. Mail |
| 6. Ignacio Cruz | March 2012 –June 2012 | U.S. Mail |
| 7. Maria Escobedo | March 2012 –April 2013 | U.S. Mail |
| 8. Aurelio Garcia | April 2012 – Sept. 2012 | Telephone, U.S. Mail |
| 9. Jose Mora | June 2012 – July 2014 | Telephone, U.S. Mail |
| 10. Christopher Soliz | June 2012 –Aug. 2013 | Telephone, U.S. Mail |
| 11. Lisa Garza | July 2012 – Nov. 2014 | Telephone, U.S. Mail |
| 12. Blanca Delgado | Aug. 2012 – Dec. 2012 | Fax, Telephone, U.S. Mail |
| 13. Lupe Martinez | Aug. 2012 –June 2013 | Fax, Telephone, U.S. Mail |
| 14. Maria Balboa | Sept. 2012 – Nov. 2012 | U.S. Mail |
| 15. Alma Vasquez | Sept. 2012 – Nov. 2013 | U.S. Mail |
| 16. James Jackson | Oct. 2012 – Dec. 2014 | Telephone, U.S. Mail |
| 17. Rosa Alaniz | Dec. 2012 – March 2015 | Fax, U.S. Mail |
| 18. Jose Barrera | Dec. 2012 – Nov. 2013 | U.S. Mail |
| 19. James Avila | Jan. 2013 – Feb. 2013 | Telephone, U.S. Mail |
| 20. Sylvia Aguilar | Feb. 2013 –March 2014 | E-Mail, Telephone, U.S. Mail |
| 21. Consuelo Gaytan | March 2013 | U.S. Mail |
| 22. Aureliano Gonzalez | April 2013 –June 2014 | U.S. Mail |
| 23. Martha Garza | April 2013 –July 2014 | Telephone, U.S. Mail |
| 24. Martha Hernandez | April 2013 – July 2013 | U.S. Mail |
| 25. Amalia Cruz | May 2013 – May 2015 | Telephone, U.S. Mail |
| 26. Maria Escobedo | May 2013 –June 2013 | U.S. Mail |
| 27. Dean Gustin | May 2013 –April 2014 | U.S. Mail |
| 28. Monica Perez | May 2013 –May 2014 | Telephone, U.S. Mail |
| 29. Luis Aguilar | June 2013 –July 2013 | U.S. Mail |
| 30. Marivel Martinez | June 2013 –Nov. 2013 | U.S. Mail |
| 31. Luis Robles | June 2013 –Nov. 2013 | Telephone, U.S. Mail |
| 32. Luis Espino | July 2013 –Aug. 2013 | U.S. Mail |
| 33. Robert Ramirez | July 2013 | U.S. Mail |
| 34. Angel Espinoza | Sept. 2013 – Oct. 2013 | U.S. Mail |
| 35. Shawn Jones | Sept. 2013 –Oct. 2013 | U.S. Mail |
| 36. Jose Maldonado | Sept. 2013 – Oct. 2013 | U.S. Mail |
| 37. Bertha Lilia Castelan | Oct. 2013 –Dec. 2014 | Telephone, U.S. Mail |
| 38. Sandra Jean | Oct. 2013 –June 2014 | Fax, Telephone, U.S. Mail |
| 39. Enia Aguilar | Nov. 2013 –Feb. 2014 | U.S. Mail |
| 40. Maria Munoz | Nov. 2013 –Feb. 2015 | Telephone, U.S. Mail |

| Client Name | Dates of RICO Activities | Types of Contact |
|---|---|---|
| 41. Alejandro Alaniz | Jan. 2014 –April 2014 | U.S. Mail |
| 42. Yassmani Bolanos | Jan. 2014 –Sept. 2014 | U.S. Mail |
| 43. Gustavo Arriaga | Feb. 2014 –June 2014 | Fax, Telephone, U.S. Mail |
| 44. Eutemia Casas | March 2014 – July 2015 | U.S. Mail |
| 45. Cristin De La Cruz | March 2014 –June 2014 | Fax, Telephone, U.S. Mail |
| 46. Leticia Loyde | March 2014 –April 2014 | U.S. Mail |
| 47. Dina Inch | May 2014 –July 2014 | Telephone, U.S. Mail |
| 48. Guadalupe Martinez | May 2014 | U.S. Mail |
| 49. Allen Banda | Dec. 2014 –Jan. 2015 | U.S. Mail |

# Exhibit F



Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 124 of 131

CHAPMAN CONSULTING
Experts in Healthcare Claims Resolution

November 20, 2015

RE: Hospital: South Texas Health System
Patient Name: GARZA, RODOLFO
DOS: 01/05/2012
Total Charges: $ 31,129.00

Chapman Consulting is a medical bill review company that assists clients in establishing an appropriate and accurate reimbursement amount for medical claims. Since 2003, I have compiled more than 16 years of financial information on every hospital in the country. We use this information to analyze and review the hospital's charges that have been billed to insurers and patients.

In the research that I have done with the financial information that I have in our database, I have come to the conclusion that, over time, hospital prices have risen disproportionately to their cost. Further research has also disclosed that billed charges have risen excessively in comparison to the actual collection rate for billed charges. In fact, hospital charges are so disproportionate to the cost of care and the actual reimbursement rates that they do not come close to reflecting the true market value or the reasonable and regular rate for medical services, goods, and supplies.

I conducted a review of the billed charges from South Texas Health System, in Edinburg, Texas. I completed that review and found the same pattern is taking place at this hospital. I have included a graphic depiction of what has been happening with the billed charges at South Texas Health System. The first graph illustrates that this hospital has increased billed charges at a rate that far exceeds the cost of providing medical services. The second graph compares billed charges to the amounts accepted as payment for those billed charges. The comparison of the graphs demonstrates that the net collection amount has a consistent correlation to the hospital's expenses, while the billed charges demonstrate no correlation to cost or reimbursements whatsoever.

The financial information is collected from Medicare Cost Reports that are filed by hospitals with the Centers for Medicare & Medicaid Services (CMS). These reports are made available through the Freedom of Information Act. The cost report contains provider information such as facility characteristics, utilization data, cost and charges by cost center (in total and for Medicare), Medicare settlement data, and financial statement data.

Confidential and Proprietary Information of Chapman Consulting, LLC
©2015 Chapman Consulting, LLC



Our first step in the program is to calculate the provider's cost of their services and supplies that were provided per the submitted claim. I do this by identifying the services provided with the revenue code that the provider assigned on their claim form. I have mapped every revenue code to the corresponding department that the provider is reporting on their cost report. I will match the revenue code with the department on the hospital's Medicare cost report with where the provider is reporting their revenue and cost. We find this information reported on worksheet C of the Medicare Cost Report. The worksheet computes the ratio of cost to charges for inpatient services, ancillary services, and outpatient services. The worksheet reports the total overhead cost and direct cost for each department. The worksheet matches up the total billed charges to the corresponding overall cost for each cost center or department. The computed cost to charges ratio is used to calculate the cost of the claim we are reviewing. We multiply the charge for each revenue code by the corresponding calculated cost to charges ratio.

Our next benchmark is to review what the specific provider is collecting on average from gross billed charges and also what is being collecting from other third party payers. For a specific hospital, I review the gross charges and the net collection of payments on their financial statement as reported on their Medicare Cost Report. The hospital's financial statement is found on worksheet G-3 of the Medicare Cost Report. I divide the total net collected payments by the total gross billed charges; this will give us their overall collection percentage. I use the overall data and remove the charges and payments for the following payers to determine the private payer collection percentage: Medicare, Medicaid, charity and bad debt. We take the billed charges from the claim and multiply them by the calculated private payer collection percentage. The amount represents an estimate of what private payers are paying this provider and what this provider is regularly accepting as payment from private payers for medical services.

Our next two benchmarks are calculated to review and analyze the metrics of the other hospitals in the area and in the state. We use the same financial data and methodology, but we accumulate the data for all providers in the area or for all the providers in the State. We first review the hospitals that share a geographic setting. We utilize the Core Based Statistical Area (CBSA) to define a shared geographic setting. We review the acute care hospitals that are reported within the same CBSA. We accumulate their financial statement data from worksheet G-3 and their department cost and charge data from worksheet C. Their worksheet C data is aggregated to compute a departmental area cost to charges ratio. The ratio is calculated in the exact way we calculate a hospital specific ratio that was outlined above. Their worksheet G-3 data is aggregated to compute an area private payer collection percentage. The area private payer collection percentage is calculated in the same manner as I described in the above steps for the individual hospital.

Confidential and Proprietary Information of Chapman Consulting, LLC
©2015 Chapman Consulting, LLC



After I have calculated the area cost to charges ratio, we use that ratio to calculate an area markup percentage. I use the hospital specific claim cost that was calculated in the first step. I multiply the hospital specific claim cost by the calculated area markup percentage. This number represents an estimate of what the area charge would be for a specific medical service. I then multiply that estimated area charge by the calculated area private payer collection percentage. This third benchmark represents what on average the providers in the area would be accepting for reimbursement for a specific medical service.

Our fourth and final benchmark is calculated using the exact same method as described above for the third benchmark, except that all of the hospitals in the State are aggregated. This benchmark represents what on average the providers in the State would be accepting for reimbursement for a specific medical service.

The four benchmarks that are calculated in the above steps are then weighted and an average amount is calculated. The first two hospital specific benchmarks are weighted each by 35%, the area and State benchmarks are each weighted by 15%.

I not only utilize the hospital's data but I also utilize the area and State financial data to formulate the reasonable rate. The reasonable rate that I have calculated represents the amount the hospital has been accepting from private payers for medical goods and services.

I processed the above referenced claim through the program that was described above to determine what a reasonable and regular rate amount would be for the services provided at South Texas Health System. The hospital's cost for goods and services rendered for this claim was **$1,438.96**. The hospital's overall collection percentage is 16.3% of billed charges. Private payers on average are paying 28.7% of South Texas Health System's billed charges.

| | |
|---|---|
| Provider: | South Texas Health System |
| Dates of Service: | 01/05/2012 |
| Total Charges: | $ 31,129.00 |
| **Reasonable & Regular Rate:** | **$ 5,716.03** |

©2015 Chapman Consulting, LLC



Case 2:16-cv-00364 Document 25-1 Filed in TXSD on 12/14/16 Page 127 of 131

**Chapman Consulting**

**Other Comments:**

The calculation of the reasonable and regular rate was derived by using a method that was designed and developed by me. The financial data that is utilized as part of the program was gathered from Medicare Cost Reports that are filed by hospitals with the Centers for Medicare & Medicaid Services. The private payer payment to cost ratio that was used in the program is referenced in *A Data Book: Health Care Spending and the Medicare Program* prepared by the Medicare Payment Advisory Commision (MedPAC). MedPAC is an independent Congressional agency established to advise the U.S. Congress on issues affecting the Medicare program.

If you have any questions please do not hesitate to call me at 512-852-8265.

*Marc Chapman*

Thank You,
Marc Chapman
12891 Park Dr.
Austin, Texas 78732
512-852-8265 / 800-906-8085
Marc.Chapman@HospitalBillReview.com
www.HospitalBillReview.com

Confidential and Proprietary Information of Chapman Consulting, LLC
©2015 Chapman Consulting, LLC



Confidential Proprietary Information of Chapman Consulting



South Texas Health System Comparison of Increase in Billed Charges and Net Collected Charges
Gross Charges
Net Collected Charges
DOLLARS (1,000'S)
3,000,000
2,500,000
2,000,000
1,500,000
1,000,000
500,000
0
1997
1998
1999
2000
2001
2002
2003
2004
2005
2006
2007
2008
2009
2010
2011
2012
2013
2014

Confidential Proprietary Information of Chapman Consulting

# Explanation of Review

Chapman Consulting
Phone (800) 906-8085 Fax (512) 681-9411

**Patient:** **GARZA, RODOLFO**
Provider Ref: 115172793
**Payer:**
Process Date: 11/19/2015

ID: C-2660-15-G
BirthDate: 6/24/1959
Admitted: 1/5/12
Discharged: 1/5/12
Bill Type: 131

**Provider**
SOUTH TEXAS HEALTH SYSTEM
1102 W. TRENTON ROAD
EDINBURG, TX 78539
Provider Tax ID: 233069260

Claim Number: 0.00
Invoice Date:

| Ln # | Rev Code | Code | Mod | Service Description | Units | Charge | BR/Red | PPO/ Other Red. | Allowance | Reasons |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 300 | | | Laboratory | 1 | 37.00 | 30.86 | | 6.14 | R101 |
| 2 | 300 | | | Laboratory | 1 | 601.00 | 501.30 | | 99.70 | R101 |
| 3 | 300 | | | Laboratory | 1 | 495.00 | 412.88 | | 82.12 | R101 |
| 4 | 300 | | | Laboratory | 1 | 151.00 | 125.95 | | 25.05 | R101 |
| 5 | 300 | | | Laboratory | 1 | 133.00 | 110.94 | | 22.06 | R101 |
| 6 | 300 | | | Laboratory | 1 | 146.00 | 121.78 | | 24.22 | R101 |
| 7 | 301 | | | Lab/Chemistry | 1 | 318.00 | 265.25 | | 52.75 | R101 |
| 8 | 301 | | | Lab/Chemistry | 1 | 287.00 | 239.39 | | 47.61 | R101 |
| 9 | 305 | | | Lab Hematology | 1 | 246.00 | 205.19 | | 40.81 | R101 |
| 10 | 320 | | | Radiology | 1 | 351.00 | 288.49 | | 62.51 | R101 |
| 11 | 320 | | | Radiology | 1 | 651.00 | 535.06 | | 115.94 | R101 |
| 12 | 320 | | | Radiology | 1 | 432.00 | 355.06 | | 76.94 | R101 |
| 13 | 320 | | | Radiology | 1 | 587.00 | 482.45 | | 104.55 | R101 |
| 14 | 320 | | | Radiology | 1 | 562.00 | 461.91 | | 100.09 | R101 |
| 15 | 350 | | | CT Scans | 1 | 3,571.00 | 2,935.00 | | 636.00 | R101 |
| 16 | 350 | | | CT Scans | 1 | 4,030.00 | 3,312.25 | | 717.75 | R101 |
| 17 | 350 | | | CT Scans | 1 | 4,849.00 | 3,985.39 | | 863.61 | R101 |
| 18 | 350 | | | CT Scans | 1 | 10,172.00 | 8,360.36 | | 1,811.64 | R101 |
| 19 | 450 | | | Emergency Room | 1 | 398.00 | 300.62 | | 97.38 | R101 |
| 20 | 450 | | | Emergency Room | 1 | 398.00 | 300.62 | | 97.38 | R101 |
| 21 | 450 | | | Emergency Room | 1 | 2,044.00 | 1,543.87 | | 500.13 | R101 |

TOTALS: page 1 of 2
TOTAL RECOMMENDED ALLOWANCE:

Reason Code Reimbursement Description:

R101 Charges have been adjusted to a Reasonable & Regular Rate

# Explanation of Review

Chapman Consulting
Phone (800) 906-8085 Fax (512) 681-9411

**Patient:** **GARZA, RODOLFO**
Provider Ref: 115172793
**Payer:**
Process Date: 11/19/2015

ID: C-2660-15-G
BirthDate: 6/24/1959
Admitted: 1/5/12
Discharged: 1/5/12
Bill Type: 131

**Provider**
SOUTH TEXAS HEALTH SYSTEM
1102 W. TRENTON ROAD
EDINBURG, TX 78539
Provider Tax ID: 233069260

Claim Number: 0.00
Invoice Date:

| Ln # | Rev Code | Code | Mod | Service Description | Units | Charge | BR/Red | PPO/ Other Red. | Allowance | Reasons |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 636 | | | Drugs/Detail Code | 1 | 31.00 | 24.91 | | 6.09 | R101 |
| 2 | 636 | | | Drugs/Detail Code | 4 | 23.00 | 18.48 | | 4.52 | R101 |
| 3 | 636 | | | Drugs/Detail Code | 100 | 616.00 | 494.98 | | 121.02 | R101 |
| 4 | | | | | | | | | | |
| 5 | | | | | | | | | | |
| 6 | | | | | | | | | | |
| 7 | | | | | | | | | | |
| 8 | | | | | | | | | | |
| 9 | | | | | | | | | | |
| 10 | | | | | | | | | | |
| 11 | | | | | | | | | | |
| 12 | | | | | | | | | | |
| 13 | | | | | | | | | | |
| 14 | | | | | | | | | | |
| 15 | | | | | | | | | | |
| 16 | | | | | | | | | | |
| 17 | | | | | | | | | | |
| 18 | | | | | | | | | | |
| 19 | | | | | | | | | | |
| 20 | | | | | | | | | | |
| 21 | | | | | | | | | | |
| | TOTALS: | | page 2 of 2 | | | 31,129.00 | 25,412.97 | - | 5,716.03 | |
| | TOTAL RECOMMENDED ALLOWANCE: | | | | | | | | **5,716.03** | |

Reason Code Reimbursement Description:

R101 Charges have been adjusted to a Reasonable & Regular Rate