Case 2:16-cv-00364   Document 72   Filed in TXSD on 08/18/17   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 21, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODOLFO GARZA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 2:16-CV-364 |
| | § | |
| UNIVERSAL HEALTHCARE | § | |
| SERVICES, INC.; dba UHS | § | |
| SUBSIDARIES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

BE IT REMEMBERED that on August 21, 2017, the Court **STRUCK** Plaintiffs' Unopposed Motion for Leave to File Numerically Corrected Third Amended Complaint, Dkt. No. 69.

Plaintiffs state that their unopposed request to file a "corrected" third amended complaint is necessary to correct "a paragraph numbering error" in their third amended complaint. Dkt. No. 69 at 3. In principle, the Court has no objection to granting leave to file such a corrected complaint. Yet Plaintiffs have filed their instant motion, the proposed corrected complaint it attaches, and its attendant exhibits, under seal.

Courts recognize a common law right to inspect and copy public records and documents, including judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987); *see also United States v. Holy Land Foundation for Relief*, 624 F.3d 685, 689 (5th Cir. 2010) ("*Holy Land*") ("[A] court must use caution in exercising its discretion to place records under seal.") "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

The Court acknowledges the parties' Confidentiality and Protective Order, approved on joint motion of the parties on June 27, 2017, Dkt. No. 54. Still, Plaintiffs have not identified a basis for sealing their instant unopposed motion to file a corrected third amended complaint, nor identified for the Court whether they expect this corrected complaint itself to be filed under seal. If all that Plaintiffs request is that certain exhibits attached to their corrected complaint be filed under seal, they must make this request explicit for the Court. They must also identify exhibits to be filed under seal pursuant to the Confidentiality and Protective Order, and distinguish these from any exhibits which may instead be filed publicly.

For the foregoing reasons, the Court **STRIKES** Plaintiffs' Unopposed Motion for Leave to File Numerically Corrected Third Amended Complaint, Dkt. No. 69.

SIGNED this 18th day of August, 2017.

_____
Hilda Tagle
Senior United States District Judge