United States District Court
Southern District of Texas

**ENTERED**

November 20, 2017

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| RODOLFO  GARZA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 2:16-CV-00364 |
| | § | |
| UNIVERSAL HEALTHCARE | § | |
| SERVICES, INC.; dba UHS | § | |
| SUBSIDARIES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

BE IT REMEMBERED that on November 20, 2017, the Court **DENIED** Defendants MedData, Inc.; Cardon Healthcare Network, Inc.; and Alegis Revenue Group, LLC's (collectively, "MedData") Unopposed Request for Oral Hearing Prior to December 21, 2017. Dkt. No. 138.

## I.      Background

This is a putative class action brought by Plaintiffs Rodolfo Garza, *et al.* ("Plaintiffs") against Defendants United Healthcare Services, Inc., *et al.*, including MedData ("Defendants"), for violations of federal and Texas state law. Dkt. Nos. 73. Plaintiffs claim that Defendants engaged in fraud, racketeering, extortion, and unfair debt collection practices by filing "unlawful liens" against Texas emergency room patients. *Id.* The Court has federal question jurisdiction over Plaintiffs' federal law claims, *see* 28 U.S.C. § 1331, and supplemental and diversity jurisdiction over Plaintiffs' state law claims, *see* 28 U.S.C §§ 1332, 1367.

On September 22, 2017, MedData filed a motion to dismiss pursuant to the Texas Citizens Participation Act ("TCPA"), TEX. CIV. PRAC. & REM. CODE § 27.001 et seq. Dkt. No. 111. MedData claims that Plaintiffs sued it for "actions related to the rights to petition and free speech, as defined in the [TCPA]." *Id.* Specifically, MedData claims that it is "being sued for the very act of filing a hospital lien—an action . . . protected under the TCPA." *Id.* at 1. Pursuant to the TCPA, MedData

1 / 11

seeks fees from and sanctions against Plaintiffs. *Id.* at 18. (citing TEX. CIV. PRAC. & REM. CODE § 27.009(a)). On October 19, 2017, Plaintiffs filed a response to MedData's motion. Dkt. No. 128. On November 2, 2017, MedData filed a reply. Dkt. No. 136.

On November 13, 2017, MedData filed an Unopposed Request for Oral Hearing Prior to December 21, 2017. Dkt. No. 138. In the interest of judicial efficiency, the Court construes MedData's request as a motion and considers the motion. MedData argues that motions to dismiss brought pursuant to the TCPA must "be set for hearing no later than 60 days after service of the Motion, or, by agreement of the parties, 90 days after service of the Motion." *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 27.004(a)). MedData claims that it and Plaintiffs "have agreed pursuant to Section 27.004(a) that the hearing on the Motion may take place up to December 21, 2017." *Id.*

Before the Court is MedData's unopposed motion for a hearing. Dkt. No. 138. The Court denies the motion.

## II.    Legal Standard

### A.    *Erie*

In diversity cases, the Court must apply state substantive law, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), but federal procedural rules,[1] *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Hanna v. Plumer*, 380 U.S. 460, 468 (1965); *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008); *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995). The Court must not apply state procedural rules. *All Plaintiffs*, 645 F.3d at 333.

---

[1] If a substantive state law conflicts with a federal procedural rule, the federal rule applies and the state law does not. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011). In other words, the Court "should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas v. Foreign Policy Grp.*, LLC, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)). The Rules Enabling Act ("Act") granted the U.S. Supreme Court the "power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts . . . ." 28 U.S.C. § 2072(a). Rules prescribed pursuant to the Act "shall not abridge, enlarge or modify any substantive right." *Id.* § 2072(b).

Pursuant to *Erie* doctrine, the Court must first determine whether the state rule in question is substantive or procedural. Whether a rule is substantive or procedural depends on the purposes and policies behind the rule. *Ashland Chemical v. Barco, Inc.*, 123 F.3d 261, 264–65 (5th Cir. 1997) (citing *Hanna*, 380 U.S. at 471). However, a "rule's stated purpose is not the sole consideration in determining whether it is substantive or procedural." *Ashland Chemical*, 123 F.3d at 265. Accordingly, the Court must also consider whether the rule furthers the twin aims of *Erie*, which are "the discouragement of forum-shopping and avoidance of inequitable administration of laws." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52 (1991)). The Court must not stop its analysis here if a "clear and obvious distinction between rules of procedure and rules of substance" does not exist. *Id.* at 265. To help resolve hard cases, the U.S. Supreme Court stated:

> [T]he question is not whether [something] is deemed a matter of "procedure" in some sense. The question is . . . does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the parties in a State court?

*Hanna*, 380 U.S. at 466 (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)). Thus, the Fifth Circuit found in *Ashland Chemical* that the dispositive issue in determining if a law is substantive or procedural is whether the law "is tied to the outcome of the case." *Id.*

Ultimately, the Court must determine whether the rule (1) furthers the purposes behind the rule, (2) furthers *Erie*'s twin aims, and, most importantly, (3) is tied to the outcome of the case. *Ashland Chemical*, 123 F.3d at 265. If the Court concludes that the rule furthers the purposes of the rule and aims of *Erie*, and that the rule is tied to the outcome of the case, then the Court must apply the rule. Otherwise, the Court should not apply the rule.

### B.   TCPA

The purpose of the TCPA is " 'to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.' "

*NCDR, L.L.C. v. Mauze & Bagby*, P.L.L.C., 745 F.3d 742, 748 (5th Cir. 2014) (quoting TEX. CIV. PRAC. & REM. CODE § 27.002). To achieve its purpose, the TCPA provides a means for a defendant, "early in the lawsuit to seek dismissal of certain claims . . . ." *Id.* (citations omitted). Accordingly, the Court "shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." TEX. CIV. PRAC. & REM. CODE § 27.005(b).

To survive a TCPA motion to dismiss, plaintiffs must provide "clear and specific evidence" for each element of a prima facie case. TEX. CIV. PRAC. & REM. CODE § 27.005(c). This mandate requires evidence that is "unambiguous, sure, or free from doubt," "explicit or relating to a particular named thing," and that "support[s] a rational inference that the allegation of fact is true." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). In assessing the evidence, the Court may examine the pleadings, supporting and opposing affidavits and, if granted by motion, discovery. TEX. CIV. PRAC. & REM. CODE § 27.006. Although there is no precise definition of "clear and specific evidence," the Texas Supreme Court held that such evidence lies somewhere between Texas's pleading standard and the evidentiary standard necessary to prevail at trial. *In re Lipsky*, 460 S.W.3d at 591.

The TCPA fleshes out its dismissal mechanism in a variety of ways. "It provides that the filing of a TCPA dismissal motion stops discovery in the action until the court has ruled, save for limited discovery relevant to the motion." *Cuba v. Pylant*, 814 F.3d 701, 707 (5th Cir. 2016) (citing TEX. CIV. PRAC. & REM. CODE §§ 27.003(c), 27.006(b)). The statute further provides for an accelerated timetable for resolving the TCPA defense. The Court must set a hearing on the motion within 60 (sixty) days of service or, by agreement of the parties, 90 (ninety) days of service.[2]

---

[2] Other circumstances may also allow a Court to set a hearing within 90 days or even 120 days of the motion's time of service. *See Cuba*, 814 F.3d at 707. For example, a 120 day deadline could apply if the Court permitted TCPA discovery. *Id.* at 707 n.4.

TEX. CIV. PRAC. & REM. CODE § 27.004. The court must rule on the motion within 30 (thirty) days after the hearing. *Id.* § 27.005(a).

If the Court fails to rule on the motion within 30 (thirty) days following the hearing, the motion is denied by operation of law, and the defendant may timely appeal. *Id.* § 27.008(a). Courts have "no discretion to extend the time to issue a decision–an out-of-time ruling is a legal nullity." *Cuba*, 814 F.3d at 707.

### III.    Analysis

Although Parties have not raised, let alone addressed, the *Erie* issues lurking behind MedData's motions, the Court concludes that it must first determine whether *Erie* doctrine bars the applicability of the TCPA in whole or in part. Determining whether a state law rule applies is as important as determining the Court's subject-matter jurisdiction.[3] Accordingly, the Court must first determine its authority to apply the TCPA. To do otherwise would not only put the metaphorical cart before the horse, but would also allow the Court to blindly and carelessly violate *Erie* doctrine. Here, the Court concludes that it has the authority to rule on MedData's motion to dismiss, Dkt. No. 111; however, the Court is not bound by the TCPA's ancillary procedural rules requiring a hearing and accelerated timetables for a decision, TEX. CIV. PRAC. & REM. CODE §§ 27.004, 27.005(a). The Court denies MedData's motion for a hearing.

### A.    TCPA Motion to Dismiss

The Court concludes that the TCPA motion to dismiss is functionally substantive.

Circuits are split on whether *Erie* doctrine bars federal courts from applying states' anti-strategic-lawsuit-against-public-participation ("anti-SLAPP") statutes, which are similar to the TCPA.[4] *Compare Wynn v. Chanos*, 685 Fed. Appx. 578, 579 (9th Cir. Mar. 28, 2017) (citing *United States ex rel. Newsham v. Lockheed Missiles*

---

[3] The Court has an independent duty to determine whether it has subject-matter jurisdiction over a case. *Young v. Wells Fargo Bank, N.A.*, 3:15-CV-02289-L, 2015 WL 5999381 at *4 (N.D. Tex. Oct. 14, 2015) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1991); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

[4] SLAPP lawsuits are typically defined as "abuse of defamation and similar causes of action to chill the defendant's participation in public controversies." *Cuba*, 814 F.3d at 704 n.1.

*& Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999)), *with Abbas*, 783 F.3d at 1328. In *Henry v. Lake Charles American Press, L.L.C.*, the Fifth Circuit summarily determined in a single sentence that Louisiana's anti-SLAAP statute—Louisiana Code of Civil Procedure Article 971—governs in federal court. *See* 566 F.3d. 164, 168–69 (5th Cir. 2009) ("Louisiana law, including the nominally-procedural Article 971, governs this diversity."). Notwithstanding *Henry*, the Fifth Circuit has consistently assumed, without deciding, that the TCPA controls as state substantive law in diversity actions. *See Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("The applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) ("We have not specifically held that the TCPA applies in federal court; at most we have assumed without deciding its applicability."). Similarly, in *Cuba*, the Fifth Circuit did not decide the applicability of the TCPA in federal courts. *Cuba*, 814 F.3d at 706 ("[W]e first review the TCPA framework, which we assume—without deciding—controls as state substantive law in these diversity suits."); *cf. Cuba*, 814 F.3d at 718 (Graves, J., dissenting) ("[S]ince the panel is applying the TCPA to Cuba's claims, we should begin by invoking *Erie* to determine whether we have the authority to do so."). However, the *Cuba* court added in a footnote that, "under the materially similar Louisiana anti-SLAPP statute, . . . a federal-court defendant may bring a motion to dismiss." *Id.* at 706 n.6 (citing *Henry*, 566 F.3d at 169). In the same footnote, the *Cuba* court continued:

> The *Henry* court reasoned that even though the Louisiana anti-SLAPP statute was built around a procedural device—a special motion to dismiss—it nonetheless applied in federal court under the *Erie* doctrine because it was functionally substantive.[5] But *Henry* does not resolve an important subsidiary question that these appeals raise but that the parties fail to address: whether, under the *Erie* doctrine, the array of state procedural rules surrounding anti-SLAPP motions (*viz.* discovery stays, accelerated timetables for decision, and the like) follow the core anti-SLAPP motion to dismiss into federal court. Neither party contends that this matter should be resolved on

---

[5] The *Cuba* court adds additional color to the language in *Henry*. The Court reiterates that the only *Erie* analysis in *Henry* exists in this single sentence: "Louisiana law, including the nominally-procedural Article 971, governs this diversity." *Henry*, 566 F.3d at 168–69 (citations omitted).

*Erie* grounds by ruling that the Texas-law timing deadlines are state procedural law inapplicable in federal court. Therefore, we assume, without deciding, that the state procedural rules—including the deadline for issuing a decision before it is denied by operation of law—do in fact apply in federal court.

*Id.* (internal citations omitted). While arguably dicta, the *Cuba* court's aforementioned footnote language must be afforded "the greatest deference and persuasive force," if not precedential weight. *United States v. Becton*, 632 F.2d 1294, 1296 n.3 (5th Cir. 1980). In accordance with *Cuba* and, by reference, *Henry*, this Court **CONCLUDES** that the TCPA governs here, but only insofar as it serves as a vehicle for a motion to dismiss.[6] *Cuba*, 814 F.3d at 706 n.6; *Henry*, 566 F.3d at 169.

## B.    Procedural Rules Surrounding TCPA Motion to Dismiss

Remaining is the issue of whether the procedural rules surrounding the TCPA motion to dismiss—specifically, those rules requiring a hearing and accelerated timetables for decision—are functionally substantive and therefore applicable. *See Cuba*, 814 F.3d at 706 n.6. The Court concludes that that these rules are functionally procedural and inapplicable.

Prior to the Fifth Circuit's decision in *Cuba*, lower courts applied the entirety of the TCPA in federal cases. *See, e.g.*, *Haynes v. Crenshaw*, 166 F.Supp.3d 773 (E.D. Tex. 2016). Pre-*Cuba* courts relied on *Henry* to conclude that even the procedural rules surrounding the TCPA motion to dismiss are functionally substantive. *See, e.g.*, *Williams v. Cordillera Communications, Inc.*, 2014 WL 2611746, at *2 (S.D. Tex. June 11, 2014) (citing *Henry* and *Brown v. Wimberly*, 477 Fed. Appx. 214, 216 (5th Cir. 2012), which cites to *Henry* and also applies the Louisiana anti-SLAPP statute).

---

[6] The Fifth Circuit is not bound by *Cuba*, *Becton*, 632 F.2d at 1296 n.3, and may ultimately conclude differently than this Court, *see Cuba*, 814 F.3d at 718–21 (Graves, J., dissenting) (concluding that the TCPA, in its entirety, is inapplicable in federal court because it is procedural in nature or, alternatively, directly conflicts with the Federal Rules of Civil Procedure in violation of *Erie*); *see also Center for Humanities, Inc.*, 518 U.S. at 427 n.7 ("It is settled that if the [Federal] Rule [of Civil Procedure] in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the Federal Rule applies regardless of contrary state law.").

Some post-*Cuba* lower courts have found that the TCPA applies to the core motion to dismiss but have not ruled on the applicability of the procedural rules surrounding the motion to dismiss. *See, e.g.*, *Allen v. Heath*, 2016 WL 7971294, at *3 n.2 (E.D. Tex. May 6, 2016), *report and recommendation adopted*, 2016 WL 3033561 (E.D. Tex. May 27, 2016) ("Plaintiff does not challenge any of the procedural mechanisms and the Court does not decide their applicability in federal court today."). However, in *Banik v. Tamez*, the U.S. District Court for the Southern District of Texas granted the defendant's TCPA motion to dismiss, but did not follow the accelerated TCPA motion-hearing deadlines. *See* 2017 WL 1228498, at *3–*4 (S.D. Tex. April 4, 2017). The plaintiff in *Banik* moved for reconsideration on several grounds, including that the *Banik* court improperly "split the baby and treat[ed] the TCPA as part procedural and part substantive . . . ." *Id.* at *3 (internal quotation marks omitted).[7] Citing to *Cuba*, the *Banik* court denied the plaintiff's motion for reconsideration, concluding that "since there is no binding precedent requiring application of state anti-SLAPP procedural rules, there is no basis for granting reconsideration here either." *Id.* at *4.

Following *Cuba*, this Court cannot cite to *Henry* for the proposition that the TCPA is applicable in its entirety. *Cuba* limits the *Henry* court's holding to the TCPA motion to dismiss only; thus, *Henry* does not govern the motion's ancillary procedural rules. *Cuba*, 814 F.3d at 706 n.6. The Court is not aware of a Fifth Circuit decision subsequent to *Cuba* that determines whether the TCPA's ancillary procedural rules—specifically, the rules requiring a hearing and accelerated timetables for a decision—are applicable in federal court. *See Block*, 867 F.3d at 589 ("The applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."). Thus, the Court must conduct an *Erie* analysis to determine whether the rules are substantive or procedural. In particular, the Court must determine whether the rules (1) further the purpose of the TCPA, (2) further

---

[7] In its Order denying defendant's motion for a TCPA hearing, the *Banik* court simply found that the TCPA motion to dismiss "is ripe for consideration and no hearing is required." *Bank v. Tamez*, 7:16-cv-00462, Dkt. No. 24 (Nov. 1, 2016).

*Erie*'s twin aims, and, most importantly, (3) are "tied to the outcome of the case." *Ashland Chemical*, 123 F.3d at 265.

### 1.      *Purpose of the TCPA*

The purpose of the TCPA is " 'to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.' " *NCDR, L.L.C. v. Mauze & Bagby*, P.L.L.C., 745 F.3d 742, 748 (5th Cir. 2014) (quoting TEX. CIV. PRAC. & REM. CODE § 27.002). While the rules requiring a hearing and accelerated timetables for a decision may further the purpose behind the TCPA by forcing courts to expeditiously dismiss lawsuits that violate parties' rights, these rules are not manifestations of the TCPA's heart. Instead, the TCPA motion to dismiss, not the procedural rules surrounding it, is the ultimate vehicle by which the TCPA's purpose is enforced. In fact, the *Cuba* court's language suggests that this Court should interpret the TCPA's rules requiring a hearing and accelerated timetables for a decision as functionally procedural: "But *Henry* does not resolve an important subsidiary question . . . whether, under the *Erie* doctrine, the array of state procedural rules surrounding anti-SLAPP motions (*viz.* discovery stays, accelerated timetables for decision, and the like) follow the core anti-SLAPP motion to dismiss into federal court." *Cuba*, 814 F.3d at 706 n.6. The *Cuba* court distinguishes between "the *core* anti-SLAPP motion to dismiss" and procedural rules "*surrounding* [the] motions." *Id.* (emphasis added).

For the foregoing reasons, this Court concludes that the TCPA's rules requiring a hearing and accelerated timetables for a decision do not further the TCPA's purpose. Further, even if the Court found these rules furthered the TCPA's purpose, such a conclusion would not be dispositive. *Ashland Chemical*, 123 F.3d at 265 ("Admittedly, important procedural goals underlie the Local Rule, but a rule's stated purpose is not the sole consideration in determining whether it is substantive or procedural.").

### 2. Erie*'s Twin Aims*

The twin aims of the *Erie* rule are "discouragement of forum-shopping and avoidance of inequitable administration of laws." *Ashland Chemical*, 123 F.3d at 265 (quoting *Chambers*, 501 U.S. at 52) (internal quotation marks omitted).

If the Court were to apply TCPA's rules requiring a hearing and accelerated timetables for a decision, the Court would neither discourage forum-shopping nor avoid the inequitable administration of laws. The Court has determined the motion to dismiss is at the core of the TCPA. A plaintiff could face the possibility of fees and sanctions whether in state court or federal court. Therefore, the Court concludes that an application of the procedural rules in question would not further the twin aims of *Erie*.

### 3. *The Outcome of the Case*

The Court considers whether the TCPA's procedural rules are tied to the outcome of the case. *Ashland Chemical*, 123 F.3d at 265. The Court concludes that an application of the TCPA's rule requiring a hearing would not affect the case's outcome. Nor would an application of TCPA's rule requiring accelerated timetables for a decision affect the outcome. Instead, the outcome is inextricably tied to the core motion to dismiss and its relevant standards as outlined within the TCPA. Because an application of the procedural rules in question would not affect the motion to dismiss's disposition, the Court **CONCLUDES** that the rules are functionally procedural and therefore inapplicable in federal court.

Ultimately, the Court will decide the motion to dismiss unbound by the TCPA's rules requiring a hearing and accelerated timetables for a decision. TEX. CIV. PRAC. & REM. CODE §§ 27.004, 27.005(a). The Court has discretion pursuant to its local rules to grant or deny a request for hearing. S.D. TEX. L.R. 7.5A, 7.8. The Court may deny a request for hearing if it determines that it can rule on the motion for which the hearing is requested on the pleadings and briefs. *See, e.g.*, *Peters v. Bentwater Yacht and Country Club, Ltd.*, 4:12-CV-3596, 2013 WL 2422657 (S.D. Tex. June 3, 2013) (denying a request for hearing on a motion for summary judgment after determining that the motion is resolvable on the pleadings and

briefs). The Court **FINDS** the both MedData and Plaintiffs have adequately briefed their positions on the TCPA motion to dismiss. *See* Dkt. Nos. 111, 128, 136. Thus, the Court **DENIES** MedData's motion for hearing. Dkt. No. 138.

### IV.    Conclusion

In sum, the Court **DENIES** MedData's motion for hearing. Dkt. No. 138.

IT IS SO ORDERED.


SIGNED this 20th day of November, 2017.

_____

Hilda Tagle
Senior United States District Judge