United States District Court
Southern District of Texas
**ENTERED**
March 12, 2018
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODOLFO GARZA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 2:16-CV-00364 |
| | § | |
| UNIVERSAL HEALTHCARE | § | |
| SERVICES, INC.; dba UHS | § | |
| SUBSIDARIES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court is in receipt of Plaintiffs' August 22, 2017, corrected Third Amended Complaint, Dkt. No. 73[1]; Defendants Universal Health Services, Inc. and UHS of Delaware, Inc.'s ("UHS") August 29, 2017, motion to dismiss, Dkt. No. 93; Plaintiffs' September 18, 2017, response to UHS's motion to dismiss, Dkt. No. 105; UHS's October 2, 2017, reply to Plaintiff's response, Dkt. No. 116; Universal Receivables Corp., Fort Duncan Medical Center, LP, Fort Duncan Medical Receivables, Laredo Regional Receivables, LLC, Northwest Texas Healthcare System, Inc., Northwest Texas Healthcare Receivables, LLC, Texoma Medical Center, Inc., Texoma Healthcare System Receivables, LLC, P.C., and UHS of Texoma, Inc.'s ("Universal Receivables, et al.") two identical September 13, 2017, motions to dismiss, Dkt. Nos. 101 & 102; Plaintiffs' September 18, 2017, response to Universal Receivables, et al.'s motions to dismiss, Dkt. No. 106; MedData, Inc., Cardon Healthcare Network, Inc., and Alegis Revenue Group, LLC's ("MedData, et al.") September 22, 2017, motion to dismiss, Dkt. No. 110; Plaintiffs' October 19, 2017, response to MedData's motion to dismiss, Dkt. No. 127; MedData, et al.'s November 2, 2017, reply to Plaintiffs' response, Dkt. No. 135; The Turek Law Firm,

---

[1] On August 11, 2017, Plaintiffs filed a Third Amended Complaint. Dkt. No. 67. On August 22, 2017, Plaintiffs file an unopposed motion for leave to file a corrected Third Amended Complaint. Dkt. No. 73 (motion & complaint) & 74 (complaint exhibits). The Court granted the motion on September 5, 2017. Dkt. No. 96.

P.C. (f/k/a Turek Devore P.C.), James Devore, Jr., and Douglas Turek's ("Turek, et al.") October 12, 2017, motion to dismiss, Dkt. No. 121; Plaintiffs' November 14, 2017, response to Turek, et al.'s motion, Dkt. No. 140; Turek, et al.'s November 16, 2017, reply to Plaintiff's response, Dkt. No. 141; MedData, et al.'s September 22, 2017, motion to dismiss pursuant to Texas Civil Practice & Remedies Code Chapter 27, Dkt. No. 111; Plaintiffs' October 19, 2017, response to MedData, et al.'s motion to dismiss, Dkt. No. 128; MedData et al.'s November 2, 2017, reply to Plaintiffs' response, Dkt. No. 136; Universal Receivables, et al.'s October 23, 2017, motion to dismiss pursuant to Texas Civil Practice & Remedies Code Chapter 27, Dkt. No. 130; Plaintiffs' November 13, 2017, response to Universal Receivables, et al.'s motion to dismiss, Dkt. No. 139; Universal Receivables, et al.'s November 27, 2017, reply to Plaintiffs' response, Dkt. No. 145; Turek et al.'s November 6, 2017, motion to dismiss pursuant to Texas Civil Practice & Remedies Code Chapter 27, Dkt. No. 137; Plaintiffs' November 27, 2017, response to Turek et al.'s motion to dismiss, Dkt. No. 144; Plaintiffs' December 4, 2017, motion to dismiss pursuant to Texas Civil Practice & Remedies Code Chapter 27, Dkt. No. 147; Turek et al.'s December 26, 2017, response to the motion to dismiss, Dkt. No. 148; Universal Receivables, et al.'s December 26, 2017, response to the motion to dismiss, Dkt. No. 149; and Plaintiffs' January 8, 2018, reply to Turek et al.'s and Universal Receivables, et al.'s responses, Dkt. No. 150. The Court is also in receipt of The Turek Law Firm, PC's March 27, 2017, motion to quash deposition by written questions and for protective order, Dkt. No. 39, and Plaintiffs' August 14, 2017, motion to compel Defendants' Rule 26(a) disclosures and responses to discovery, Dkt. No. 66.

The Court exercises its abstention discretion, **STAYS** this case pending Texas state court adjudication of the Texas Hospital Lien Statute phrase "admitted to a hospital," **DISMISSES WITHOUT PREJUDICE** the pending motions, and **DIRECTS** the Clerk of the Court to administratively close this case.

## I.    Background

On August 26, 2016, Plaintiffs commenced this action. Dkt. No. 1. On August 22, 2017, Plaintiffs filed a corrected Third Amended Complaint. Dkt. No. 73 & 74.

Plaintiffs' Third Amended Complaint claims that Defendants violated the Racketeering Influenced Corrupt Organizations Act ("RICO"),[2] Texas Hospital Lien Statute,[3] Texas Fraudulent Lien Statute,[4] and the Texas Fair Debt Collection Practices Act.[5] Dkt. No. 73 at ¶ 1. Plaintiffs' allege:

> This case involves Defendants' fraudulent, ongoing conduct of placing unlawful liens against Texas emergency room patients in violation of of [sic] Texas and Federal law. More specifically, Defendants, with knowledge that their conduct violates the law, place unauthorized liens on patients who (1) have been involved in accidents involving injury; (2) present at the emergency room as a result of such accident; (3) are not "admitted" into the hospital; and (4) have a potential personal injury claim against a third party for causing the accident / injury.

*Id.* at ¶ 2.

In other words, Plaintiffs' claims hinge on the definition of "admitted" in the Texas Hospital Lien Statute, which, in relevant part, states:

> A hospital has a lien on a cause of action or claim of an individual who receives hospital services for injuries caused by an accident that is attributed to the negligence of another person. For the lien to attach, the individual must be admitted to a hospital not later than 72 hours after the accident.

Tex. Prop. Code § 55.002(a). Interpreting this subsection of the Texas Hospital Lien Statute, Plaintiffs claim that "[a] hospital lien is authorized . . . only when the individual is 'admitted' to the hospital for 'inpatient' medical treatment . . . ." Dkt. No. 73 at ¶ 82.

The Texas Hospital Lien Statute does not define "admit" or any of its forms—for example, "admitted" or "admission"—in its definition section (Tex. Prop. Code § 55.001) or elsewhere. Nor does the Statute use the term "inpatient" or "outpatient" or otherwise indicate that it applies to one class of patients to the exclusion of other classes of patients. *See* Tex. Prop. Code. §§ 55.001–55.008. Further, the Court is unaware of precedent—and Parties do not cite to any—that defines the Statute's

---

[2] 18 U.S.C. § 1961 et seq.
[3] Tex. Prop. Code. §§ 55.001–55.008.
[4] Tex. Civ. Prac. & Rem. Code §§ 12.001–12.007.
[5] Tex. Fin. Code §§ 392.001–392.404.

phrase "admitted to a hospital" or determines whether the Statute applies only to inpatients.

The proper definition of the Statute's phrase "admitted to a hospital" is currently contested in a Texas state multi-district litigation ("MDL"). *In Re Fraudulent Hospital Lien Litigation*, 15-0360, 430th Judicial District of Hidalgo County, Texas. Over 100 cases were consolidated into the MDL on August 12, 2015. *Id.* On October 12, 2015, several MDL Defendants filed a motion for summary judgment on the statutory definition of "admitted to a hospital." *Id.* The MDL court has not yet ruled on this motion or any other dispositive motion that is pending before it. *Id.*

Here, Plaintiffs allege in their corrected Third Amended Complaint that this Court is the proper forum for interpreting the statutory definition of "admitted to a hospital:"

> None of the [MDL] cases have been set for trial and the federal question of the meaning of the phrase "admitted to a hospital" has been under consideration by the MDL Pretrial Court for almost two years without resolution. The primary legal issue that could result in the resolution and/or termination of the proposed class litigation is a federal question, and this Court is therefore the most desirable forum for litigation regarding the class for want of efficiency and judicial economy.

Dkt. No. 72 at ¶ 120.

Contrary to Plaintiffs' claim, when this Court and other courts in the Fifth Circuit interpret a Texas law, the courts "follow the same rules of construction that a Texas court would apply . . . ." *Kueber v. City of San Antonio*, 197 F. Supp. 3d 917, 927 (W.D. Tex. 2016) (quoting *Wright v. Ford Motor Co.*, 508 F.3d 263, 269 (5th Cir. 2007)) (internal quotation marks omitted). Thus, the Court considers whether it should abstain from exercising jurisdiction over this case until a Texas court of last resort issues judgment on the Statute's phrase "admitted to a hospital."

## II.    Legal Standard

Generally, "federal courts have a strict duty to exercise the jurisdiction that is conferred to them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706,

716 (1996). This duty is not, however, absolute. *See generally id.* (discussing abstention doctrine).

In *Louisiana Power & Light Co. v. City of Thibodaux*, the City of Thibodaux initiated an eminent domain proceeding in state court to take property that was owned by a Florida power company. 360 U.S. 25 (1959). The company removed the case to the U.S. District Court for the Eastern District of Louisiana, based on diversity jurisdiction. *Id.* The district court stayed the action *sua sponte* pending state courts' determination of whether the city had the legal authority under state law to exercise eminent domain in the manner that it had. *Id.* The U.S. Supreme Court reinstated the district court's stay order, concluding that an order merely staying the action "does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition." *Id.* at 29; *see also Quackenbush*, 517 U.S. at 721 ("We were careful to note in *Thibodaux* that the district court had only *stayed* the federal suit pending adjudication of the dispute in state court. Unlike the outright dismissal or remand of a federal suit, we held, an order merely staying the action 'does not constitute abnegation of judicial duty.' ") (quoting *Thibodaux* 360 U.S. at 29); *Empire Pictures Distributing Co. v. City of Fort Worth*, 273 F.2d 529 (5th Cir. 1960) ("[W]e cannot fail to note the fact that the Supreme Court . . . has approved abstention where state statutes are 'enmeshed with federal questions,' involve 'enactments fairly open to interpretation,' or leave 'reasonable room for construction' which may 'materially change the nature of the problem . . . .' ") (quoting *Harrison v. National Ass'n for the Advancement of Colored People*, 360 U.S. 167, 176–77 (1959)); *Hill v. Victoria Cty. Drainage Dist. 3*, 441 F.2d 416, 418 (5th Cir. 1971) ("Unquestionably the district judge accepted his responsibility. He stayed the proceedings only so that the parties might seek a declaratory judgment from the Louisiana courts concerning an ambivalent state statute. In effect, he offered the state courts an opportunity to promote decisional uniformity . . . .").

In *United Services Life Ins. Co. v. Delaney*, the Fifth Circuit conducted en banc review of two separate appeals. 328 F.2d 483 (5th Cir. 1964). The Fifth Circuit

considered the lower courts' interpretations of insurance contracts. *Id.* The circuit concluded that "the two appeals are to be decided by the law of Texas, by which the insurance contracts are to be construed and from which the meaning of the contracts is to be determined." *Id.* at 484. The circuit further concluded:

> The Supreme Court has "increasingly recognized the wisdom of staying actions in the federal courts pending determination by a state court of decisive issues of state law." *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 [(1959)]. It is appropriate that this Court stay its hand until the courts of the State of Texas shall have declared the law of the State of Texas which is applicable to and controlling in the disposition of these appeals. Each of the appellants can, and should, promptly initiate a proceeding in a Texas court seeking declaratory judgment for determining the meaning of the pertinent clauses of the respective insurance contracts, with a review of such judgment by a court of last resort of the State of Texas.

> An order will be entered in each of the appeals staying further proceedings in this Court until the courts of Texas shall have been afforded an opportunity to determine the issues to be submitted. This Court will retain jurisdiction for the purpose of taking further action as may be required.

*Id.* at 484–85.

## III.   Analysis

Here, Plaintiffs' claims hinge on the meaning of the Texas Hospital Lien Statute phrase "admitted to a hospital." Dkt. No. 73. Like in *Thibodaux* and *Delaney*, the state law is unclear and it is a "wise and productive discharge" of this Court's judicial duty to postpone a ruling in this case until the statutory definition of "admitted to a hospital" is properly adjudicated in state court. *See Thibodaux* 360 U.S. at 29; *Delaney*, 328 F.2d 484–85.

## IV.   Conclusion

The Court hereby:

- **STAYS** this case pending Texas state court adjudication of the Texas Hospital Lien Statute phrase "admitted to a hospital;"

- **DISMISSES WITHOUT PREJUDICE** The Turek Law Firm, PC's March 27, 2017, motion to quash deposition by written questions and for protective order, Dkt. No. 39; Plaintiffs' August 14, 2017, motion to compel Defendants' Rule 26(a) disclosures and responses to discovery, Dkt. No. 66; UHS's August 29, 2017,

motion to dismiss, Dkt. No. 93; Universal Receivables, et al.'s two identical September 13, 2017, motions to dismiss, Dkt. Nos. 101 & 102; MedData, et al.'s September 22, 2017, motion to dismiss, Dkt. No. 110; Turek, et al.'s October 12, 2017, motion to dismiss, Dkt. No. 121; MedData, et al.'s September 22, 2017, motion to dismiss pursuant to Texas Civil Practice & Remedies Code Chapter 27, Dkt. No. 111; Universal Receivables, et al.'s October 23, 2017, motion to dismiss pursuant to Texas Civil Practice & Remedies Code Chapter 27, Dkt. No. 130; Turek et al.'s November 6, 2017, motion to dismiss pursuant to Texas Civil Practice & Remedies Code Chapter 27, Dkt. No. 137; and Plaintiffs' December 4, 2017, motion to dismiss pursuant to Texas Civil Practice & Remedies Code Chapter 27, Dkt. No. 147; and

- **DIRECTS** the Clerk of the Court to administratively close this action.

Parties may move to reopen this case within thirty days of a judgment by a Texas state court of last resort on the statutory meaning of "admitted to a hospital." TEX. PROP. CODE § 55.002(a). Nothing contained in this Order shall be considered a dismissal or disposition of this matter.

SIGNED this 12th day of March, 2018.

Hilda Tagle
Senior United States District Judge